UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE OF WASHINGTON, et al.,<br><br>    Defendants. | CASE NO. CV 9213<br>Subproceeding No. 05-4<br><br>ORDER ON MOTION FOR<br>RECONSIDERATION |

This matter is before the Court on the motion of the Tulalip Tribes ("Tulalip") for reconsideration of the Court's October 27, 2005 Order granting the motion to dismiss filed by the Suquamish Tribe ("Suquamish"). The Court directed the Suquamish to respond to the motion, pursuant to Local Rule CR 7(h)(3), and the matter has been fully considered. For the reasons set forth below, the motion for reconsideration is DENIED.

Motions for reconsideration are disfavored and will be denied in the absence of "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier. . . ." Local Rule CR 7(h)(1). The Tulalip argue that the Court committed error by (1) considering matters outside the pleadings, thereby converting the motion to dismiss into a motion for summary judgment without notice to Tulalip; (2) failing to accept Tulalip's factual allegations as true; and (3) improperly applying the doctrines of laches and res judicata. None of

ORDER ON MOTION FOR
RECONSIDERATION - 1

these contentions provides a basis for reconsideration.

In ruling on the motion to dismiss, the Court considered, in addition to the actual pleadings, the motion, response and reply, and the relevant case documents. Dkt. # 17, p. 1. The Court did not consider the Declaration of Robert Purser or the facts alleged therein, except for the limited purpose of establishing prejudice from the delay in asserting this claim.  To whatever extent this was error, it does not warrant reconsideration of the entire ruling, because the delay of itself creates a rebuttable presumption of prejudice. *Boone v. Mechanical Specialties Company*, 609 F. 2d 956, 958 (9th Cir. 1979); citing *International T & T Corp. v. General T.& E. Corp.*, 518 F. 2d 913, 926 (9th Cir. 1975). Other than the bare assertion that there has been no delay, the Tulalip have offered no rebuttal to this presumption.

As to other documents outside the pleadings, the Court did consider prior rulings in this case, as well as the 1983 settlement agreement between these parties, and found these case documents highly relevant to the motion to dismiss.  The Court may take notice of matters of public record  without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F. 3d 668, 689 (9th Cir. 2001); citing *MGIC Indemnity Corporation v. Weisman*, 803 F. 2d 500, 504 (9th Cir. 1986).  The settlement agreement and prior Orders are not only a matter of public record, they are part of the record in this very case.[1]  The Court may take judicial notice of its own records, whether requested by a party or not. Fed.R.Evid. 201(c);  *Chandler v. United States*, 378 F. 2d 906, 909 (9th Cir. 1967); citing *Ira S. Bushey & Sons, Inc., v. W.E. Hedger Trans. Corporation*, 167 F. 2d 9, 12 (2d Cir. 1948).

The Tulalip argue that the Court failed to follow the Rule 12 requirement of accepting all allegations in the Request for Determination as true.  Specifically, the Tulalip point to their assertion that the  Suquamish only began to fish in the marine waters at issue here in 2003.  Had the Court accepted that allegation as true, the Tulalip argue, it could not have found this Request barred by the doctrine of

---

[1] Although this case has been divided into "subproceedings" for the purpose of management of individual disputes among the parties, the subproceedings are all part of the original case, C70-9213, brought under the Court's continuing jurisdiction in this matter.

ORDER ON MOTION FOR
RECONSIDERATION - 2

laches. However, the Court's ruling was not based on either side's allegations regarding Suquamish fishing or attempts at fishing in the disputed area. Instead, the Court looked to prior rulings on the matter, namely the determinations of the two Tribes' respective Usual and Accustomed Areas ("U & A's"), the 1983 settlement agreement, and a 1985 subproceeding regarding a Suquamish Request for Determination that they were a successor in interest to the treaty-time Duwamish Tribe.

The Tulalip asserted in their Request for Determination that in 1985, "the Suquamish filed an action to expand their usual and accustomed fishing places to the eastern side of Puget Sound." Request, ¶ 12. They then quote the Ninth Circuit Court of Appeals finding that, in treaty times, the Suquamish "did not fish **in those areas**, which were the usual and accustomed fishing places of the Duwamish." *United States v. Suquamish Tribe*, 901 F. 2d 772, 774 (9th Cir. 1990). *Id*. It is this aspect of the Request for Determination—the assertion that the Suquamish U & A does not encompass "eastern Puget Sound"—that the Court found is barred by the doctrine of laches, because the claim arose, at the latest, in 1990. Order, p. 6.

The Tulalip also argue that the doctrine of laches is generally inapplicable in these proceedings. The Ninth Circuit Court of Appeals has indeed held that the doctrine of laches does not apply to "defeat Indian treaty rights." *U.S. v. Washington*, 157 F. 3d 630, 649 (9th Cir. 1998). That rule does not apply here; Tulalip has asserted no treaty right which has been defeated by the application of laches. Instead, Tulalip has advanced a claim that the Suquamish have been fishing or attempting to fish outside the boundaries of their U & A, described by Judge Boldt as "the marine waters of Puget Sound". The claim arises from a dispute over the Court's prior language, not from a treaty right.

The Tulalip point to prior language in this case stating that "equitable defenses are not available in the determination of usual and accustomed fishing places." Order of February 15, 1990 (Dkt. # 11596). However, this Request for Determination does not, and cannot, involve a determination of the Suquamish U & A; that has already been determined. Judge Coyle's language regarding equitable defenses is therefore inapplicable to this subproceeding.

Next, the Tulalip assert that res judicata should not apply to preclude this Request. They contend

ORDER ON MOTION FOR
RECONSIDERATION - 3

that a request for clarification of a U & A is substantively different from a request for determination of a U & A, and is not barred by the Court's earlier rulings on the Suquamish and Tulalip U & A's. The Court finds no basis for reconsideration in that argument. The Tulalip asserted in their Request for Determination that the Court has jurisdiction under Paragraphs 25(a)(4), (a)(6), and (a)(7) to "clarify ambiguities and interpret, define and identify the geographic scope" of each Tribe's U & A. However, the Ninth Circuit Court of Appeals has rejected those bases for the Court's jurisdiction in this type of dispute, ruling instead that a request to clarify Judge Boldt's language must proceed under Paragraph 25(a)(1), which vests continuing jurisdiction to determine "whether or not the actions . . . by any party . . . are in conformity with [Decision I] of this injunction." *Muckleshoot Tribe v. Lummi Indian Tribe*, 141 F. 3d 1355, 1360 (9th Cir. 1998).[2] A request under Paragraph 25(a)(6) is barred by res judicata because the Suquamish U & A has been specifically determined.

Res judicata applies to "any claims that were raised or could have been raised in the prior action". *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F. 3d 708, 713 (9th Cir. 2001). Having themselves originally asserted a claim to "all marine waters of Puget Sound and of the Strait of Juan de Fuca" as their own U & A,[3] the Tulalip Tribes should reasonably have expected the Suquamish to have the same broad view of the term "marine waters of Puget Sound," so as to encompass saltwater areas to the east of Whidbey Island. Despite their broad claim, the Tulalip Tribes' U & A was subsequently narrowed by the Court, following a series of settlement agreements with various Tribes. *United States v. Washington,* 626 F. Supp. 1405, 1527-1532 (W.D.Wash. 1985). These settlement agreements were negotiated among various Tribes, including the two here, to resolve their objections regarding the Tulalip Tribes' U & A. *Id.* at 1471-1482. Any claim by the Tulalip Tribes that the Suquamish U & A in the marine waters of

---

[2]The Suquamish asserted this defect in pleading jurisdiction in their motion to dismiss. In the previous Order, the Court noted that this subproceeding is subject to dismissal because it differs in significant ways from subproceeding 05-03, in which Paragraph 25(a)(1) was asserted as a basis for jurisdiction. However, the Court did not actually address the jurisdictional argument, because it could easily be cured by amendment. Instead, the Court found sufficient basis for dismissal on the grounds of res judicata and laches.

[3]*U.S. v. Washington*, 459 F. Supp. 1020, 1058 (W.D.Wash. 1978).

ORDER ON MOTION FOR
RECONSIDERATION - 4

Puget Sound did not include areas to the east of Whidbey Island, overlapping their own U & A, could and should have been put to rest, as between these two parties, in the 1983 settlement. Should the Suquamish now be violating the terms of that agreement, the settlement itself provides for resolution of disputes arising under or relating to its terms within the Court's continuing jurisdiction in this case. *Id.* at 1478. However, the Tulalip have neither pled nor asked for enforcement of the settlement agreement, and their attempt to bring claims regarding the Suquamish U & A apart from that settlement threatens the integrity of that carefully crafted agreement. The Court declines to view this Request to "clarify" the Suquamish U & A as a completely separate matter.

As the Tulalip have not demonstrated manifest error in the Order of dismissal, the motion for reconsideration is DENIED.

DATED this 26th day of January 2006.

/s/ Ricardo S. Martinez
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR
RECONSIDERATION - 5