Jay Zischke, 4/17/2006

```
 1              IN THE UNITED STATES DISTRICT COURT
 2           FOR THE WESTERN DISTRICT OF WASHINGTON
 3                          AT SEATTLE
 4   _____

                                    )
 5   UNITED STATES OF AMERICA,       )
                                     )
 6   et al.,                         )
                                     )   No. C70-9213
 7              Plaintiffs,          )
                                     )   Subproceeding No. 01-1
 8        vs.                        )      (Culverts)
                                     )
 9   STATE OF WASHINGTON, et al.,    )
                                     )
10              Defendants.          )
11   _____
12              DEPOSITION UPON ORAL EXAMINATION
13                             OF
14                        JAY ZISCHKE
15   _____
16
                            8:55 a.m.
17
                         April 17, 2006
18
19                   900 Fourth Avenue 2000
                    Seattle, Washington 98164
20
21
22                    JACQUELINE L. BELLOWS
                            CCR 2297
23
24
25
```

```
 1         the recovery document.
 2              So my characterization is it's -- there's a
 3         requirement, but these particular entities that produced
 4         it -- in this case Kitsap County is the lead entity for
 5         a certain geography -- they were submitting it
 6         voluntarily into a larger document that was then
 7         submitted to NOAA for approval.
 8    Q    Now, are you familiar with the SERF board?
 9    A    Yes.
10    Q    What does that entity do?
11    A    They, as I understand it, make decisions regarding
12         funding that is available for salmon recovery projects
13         throughout Washington State.
14    Q    Do they provide grants?
15    A    The SERF board itself approves projects to be funded or
16         granted monies for specific regions.
17    Q    Have you been involved in any funding requests directed
18         to the SERF board?
19    A    Yes.
20    Q    And how many?
21    A    I'm not sure.  I'd say half a dozen, and the capacity
22         would be mostly as a technical reviewer submitting
23         proposals, not as a lead asking for the money, but more
24         as a supporting technical advisor to provide language.
25    Q    Do you recall if any of those half dozen or so
```

```
 1              applications involved removal of barrier culverts?
 2      A       Yes.
 3      Q       Which -- which ones?
 4      A       I recall one specifically in -- and there may be others.
 5              I recall two now:  One in North Kitsap that is related
 6              to Carpenter Creek, another in Central Kitsap related to
 7              Chico Creek.
 8      Q       Do you recall who the land owners or who the owners of
 9              those culverts were?
10      A       I believe both of them are owned by Kitsap County.
11      Q       In your dealings with the Department of Transportation
12              -- well, let me ask you this:  How would you describe
13              the working relationship between your group -- the
14              fisheries groups, I'll call it -- at the tribe and the
15              Department of Transportation?
16      A       State the question again.
17      Q       Well, let me ask it this way: Does the group that you
18              manage interact with the State Department of
19              Transportation on a regular basis?
20      A       No.
21      Q       Do you interact with the State Department of Fish &
22              Wildlife on a regular basis?
23      A       Yes.
24      Q       How would you characterize the working relationship
25              between your group and the State Department of Fish &
```

Jay Zischke, 4/17/2006

Page 66

1              C E R T I F I C A T E
2    STATE OF WASHINGTON   )
                           ) SS
3    COUNTY OF KING        )
4            I, Jacqueline L. Bellows, a Notary Public in and for
5    the State of Washington, do hereby certify:
6            That the foregoing deposition was taken before me at
7    the time and place therein set forth;
8            That the witness was by me first duly sworn to
9    testify to the truth, the whole truth, and nothing but the
10   truth; and that the testimony of the witness and all
11   objections made at the time of the examination were recorded
12   stenographically by me, and thereafter transcribed under my
13   direction;
14           That the foregoing transcript is a true record of
15   the testimony given by the witness and of all objections made
16   at the time of the examination, to the best of my ability.
17           I further certify that I am in no way related to any
18   party to this matter nor to any of counsel, nor do I have any
19   interest in the matter.
20           Witness my hand and seal this 28th day of
21   April, 2006.
22                        _____
23                        Jacqueline L. Bellows, Notary
                          Public in and for the State
24                        of Washington, residing at
                          Arlington.  Commission
25                        expires October 19, 2006.