HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>       Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON, et al.,<br><br>     Defendants. | Civil No. C70-9213<br><br>Sub-Proceeding No. 01-01 (Culverts)<br><br>PLAINTIFF-INTERVENOR TRIBES' ANSWERS AND RESPONSES TO WASHINGTON'S THIRD DISCOVERY REQUESTS |

TO:      STATE OF WASHINGTON, Defendant

AND TO:   FRONDA WOODS, Attorney of Record for Defendant

AND TO:   STEVE E. DIETRICH, Attorney of Record for Defendant

AND TO:   PHILIP M. FERESTER, Attorney of Record for Defendant


COME NOW, the Plaintiff-Intervenor Tribes, and answer and respond to Defendant

State of Washington's Third discovery requests pursuant to Fed. R. Civ. P. 26, 29, 33 and 34,

the corresponding Local Civil Rules for the United States District Court – Western District of

Washington ("LCR"), and the proposed Scheduling Order for this subproceeding.


C70-9213, Subproceeding 01-1 (Culverts)

PLAINTIFF-INTERVENOR TRIBES' ANSWERS AND
RESPONSES TO WASHINGTON'S THIRD DISCOVERY
REQUESTS – PAGE 1

Kanji & Katzen, PLLC
100 S. King Street, Suite 560
Seattle, WA 98104
206-344-8100

00376

1   obtain fish for ceremonial and subsistence needs, including the opportunity to obtain fish for

2   these purposes from traditional sources or through traditional methods.

3

4

5   INTERROGATORY NO. 108:  If your answer to Interrogatory No. 107 is yes, please

6   identify the culvert or culvert, Tribe or Tribe, and ceremonial or subsistence fishery involved,

7   and please explain why you believe the culvert or culverts to be state-owned.

8   ANSWER:  N/A.

9

10

11   INTERROGATORY NO. 109:  Do you have any evidence of actual fish killed at or

12   as a result of a state-owned culvert?  If the answer is yes, please identify the exact location of

13   the fish kill, including stream, WRIA number, and river mile.  Please explain why you

14   believe the culvert to be a state-owned culvert.

15   ANSWER:

16

17   NWIFC:

18   SKAGIT RIVER SYSTEM COOPERATIVE:  Yes we have evidence of fish kill.

19   Red Cabin Creek at Highway 20, Tributary to the Skagit River in WRIA 3, river mile

20   unknown, near the town of Hamilton. We believe the culvert is state owned because it is under

21   State Highway 20.

22   POINT NO POINT TREATY COUNCIL:  No.

23   LUMMI:

24

25

26   C70-9213, Subproceeding 01-1 (Culverts)

PLAINTIFF-INTERVENOR TRIBES' ANSWERS AND
RESPONSES TO WASHINGTON'S THIRD DISCOVERY
REQUESTS – PAGE 46

Kanji & Katzen, PLLC
100 S. King Street, Suite 560
Seattle, WA 98104
206-344-8100

00377

1

2    PUYALLUP:  No, not in the sense of physical evidence, post-mortem or necropsy

3    documents, "smoking gun" photos, etc.

4    SWINOMISH:  No additional information beyond that supplied by the Skagit River

5    System Cooperative (formerly Skagit System Cooperative) in its responses to this

6    Interrogatory.

7    UPPER SKAGIT:

8    SUQUAMISH:  Yes.  SR 305 just SW of Johnson Road crossing, WRIA 150290

9    (Bjorgen creek) RM  0.4 has been the scene of fish killed at a State-owned culvert.  Dead

10   chum and coho salmon have been observed at the downstream end of this culvert during

11   annual spawner ground survey work conducted by Suquamish Fisheries staff.

12

13   STILLAGUAMISH:

14   NISQUALLY:  No.

15

16   PORT GAMBLE S'KLALLAM:  Yes.  As a result of stream channel drying and

17   isolation of juvenile coho from upstream perennial habitat in Marple Creek by a State-owned

18   culvert, there has been direct mortality of salmon.  Please see the answer to Interrogatory No.

19   82.  Marple Creek lies in WRIA 17, and the State Highway 101 crossing lies at

20   approximately RM 0.2.  This event occurs each year that the stream dries below Highway

21   101.  Often, when stream drying is not complete, piscivorous birds and raccoons will easily

22   prey on juvenile coho isolated in individual pools by stream drying.

23

24   JAMESTOWN S'KLALLAM:  No.

25

26   C70-9213, Subproceeding 01-1 (Culverts)

PLAINTIFF-INTERVENOR TRIBES' ANSWERS AND
RESPONSES TO WASHINGTON'S THIRD DISCOVERY
REQUESTS – PAGE 47

Kanji & Katzen, PLLC
100 S. King Street, Suite 560
Seattle, WA 98104
206-344-8100

00378

1  LOWER ELWHA KLALLAM: Culverts do not generally result in fish kills, rather

2  they limit the ability of fish to complete their life histories and may result in reductions in fish

3  production within certain watersheds.  The Brownes Creek culvert failure discussed in

4  Interrogatory number 83 is an example of a catastrophic culvert failure.

5  SAUK-SUIATTLE:   No additional information beyond that provided by Skagit

6  River System Cooperative.

7

8  NOOKSACK:

9

10  HOH:  No state owned culverts have been assessed by the state or Hoh Tribe as

11  being the direct cause of debris flows killing fish or incubating eggs nor had we witnessed

12  fish mortalities at the Lost Creek culvert perched outfall.

13

14  MAKAH:  See # 82 above.

15  SQUAXIN ISLAND:

16  SKOKOMISH:

17  QUINAULT:

18  YAKAMA:

19

20

21  INTERROGATORY NO. 110:  For each of the plaintiff-intervenor Tribes, please

22  state, for each year from 1995 forward, the Tribal government's total dollar expenditures,

23  including expenditures for business enterprises owned by the Tribe.

24  ANSWER: Objection.  This Interrogatory is not reasonably calculated to discover

25  relevant evidence and is vague, ambiguous, and overbroad.  Many Tribal governmental

26  C70-9213, Subproceeding 01-1 (Culverts)

PLAINTIFF-INTERVENOR TRIBES' ANSWERS AND
RESPONSES TO WASHINGTON'S THIRD DISCOVERY
REQUESTS – PAGE 48

Kanji & Katzen, PLLC
100 S. King Street, Suite 560
Seattle, WA 98104
206-344-8100

00379

1  ANSWERS AND RESPONSES dated this 27th day of May, 2005.

2  RAAS, JOHNSEN & STUEN, P.S.          KANJI & KATZEN, PLLC
   OFFICE OF SPECIAL COUNSEL

3

4

5

6  _____      _____
   DANIEL A. RAAS, WSBA #4970            PHILLIP E. KATZEN, WSBA #7835
   Counsel for the Lummi Indian Tribe    Co-Counsel for the Suquamish, Jamestown,
   Tribal Coordinating Counsel           Lower Elwha, Pt. Gamble Bands of S'Klallams,
7                                        Nisqually, Nooksack, Sauk-Suiattle, Skokomish,
                                         Squaxin Island, Stillagaumish, and Upper Skagit
8                                        Tribes
                                         Tribal Coordinating Counsel
9

10

11 MORISSET SCHLOSSER AYER et al.

12

13 _____
   MASON D. MORISSET, WSBA #273
14 Counsel for the Tulalip Tribe
   Tribal Coordinating Counsel

15

16

17              VERIFICATION
18      The undersigned, as Tribal Coordinating Counsel, and attorney for Plaintiff Tribe,
   Lummi Indian Nation, certifies to the best of his knowledge, information and belief, formed
   after a reasonable inquiry that the responses and objections are: (1) consistent with the Federal
19 Rules of Civil Procedure and warranted by existing law or a good faith argument for the
   extension, modification or reversal of existing law; (2) not interposed for any improper
20 purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of
   litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the
21 case, the discovery already had in the case, the amount in controversy and the importance of
   the issues at stake in the litigation.

22
        DATED this 27th day of May, 2005.
23
                      KANJI & KATZEN, PLLC
24

25
                      _____
26                    PHILLIP E. KATZEN, WSBA #7835

   C70-9213, Subproceeding 01-1 (Culverts)

   TRIBES' THIRD INTERROGATORIES, REQUESTS FOR          Kanji & Katzen, PLLC
   PRODUCTION, AND REQUESTS FOR ADMISSIONS              100 S. King Street, Suite 560
   PROPOUNDED TO DEFENDANT – PAGE 118                   Seattle, WA 98104
                                                        206-344-8100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Co-Counsel for the Hoh, Suquamish, Jamestown, Lower Elwha, Pt. Gamble Bands of S'Klallams, Nisqually, Nooksack, Sauk-Suiattle, Skokomish, Squaxin Island, Stillagaumish, and Upper Skagit Tribes
Tribal Coordinating Counsel

C70-9213, Subproceeding 01-1 (Culverts)

TRIBES' THIRD INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS PROPOUNDED TO DEFENDANT – PAGE 119

Kanji & Katzen, PLLC
100 S. King Street, Suite 560
Seattle, WA 98104
206-344-8100

6-14-05

## MUCKLESHOOT TRIBAL SPECIFIC ANSWERS TO
## THIRD SET OF INTERROGATORIES

The Muckleshoot Tribe joined with other Intervenor tribes in the answers to most of the State's Third set of Interrogatories and the Request for Admissions. What is set out below are the answers to the tribal specific questions.

1.      Interrogatory 105: Tribal enrollment is 1923

2.      Interrogatory 109: Object. The interrogatory has not time or geographic boundary included. As a result it is not possible to determine the exact scope of the information requested. Without waiving the objection set out herein, the Muckleshoot Tribe is not aware of any documented fish kills as a result of culverts in addition to those identified in state records and publications.

3.      Interrogatory 111. Object. It is not possible to answer this question. Tribal budgets are not itemized with such specificity. Actions to address culverts would not appear as specific line items. It would be burdensome to attempt to examine every Fishery and Public Works (the departments most likely involved with culverts) budget item to see if any of a particular funding source was used Tribal actions related to culverts. Without waiving the above set out objection, the Tribe is not aware of any funding requests specifically requesting funds to address culverts.

4.      Interrogatory 115   In the day to day review of state and other projects that could affect fishery resources and in the carrying out of the Tribe's co-management duties, Tribal Fishery staff commonly encounter projects with culvert components. Those current Tribal staff most likely to encounter projects that include culvert issues are: Karen Walter, Martin Fox, Andy Dalton, Carla Carlson, Patrick Reynolds, and Joseph Martin.

5.      Interrogatory 119   The Tribe does not have a "scientific or engineering research" program pe se and is not involved in pure research.

6.      Interrogatory 126   Object. The question has no time frame and as a result its answer would be overly burdensome. Without waiving the objection set out herein, the Tribe has on occasion testified before legislative committees related to fishery matters, where those matters could have included culverts. The Tribe does not maintain records of such actions.

7.      Interrogatory 127   N/A

8.      Interrogatory 132   Object. The question is boundless and would be impossible to answer

00382