UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF WASHINGTON, et al., <br><br> Defendants. | CASE NO. CV 9213 <br> Subproceeding No. 05-03 <br><br> ORDER ON PENDING MOTIONS TO STRIKE EXPERT WITNESSES |

This matter is before the Court for consideration of motions by the opposing parties to strike each others' expert witnesses. The Court finds merit in both motions, and for the reasons set forth below, now grants both motions.

(1) <u>Motion to Strike Barbara Lane, Ph.D. as an Expert Witness</u> (Dkt. # 118).

The Suquamish Tribe ("Suquamish") has moved to strike Barbara Lane, Ph.D., as an expert witness for the Upper Skagit Tribe ("Upper Skagit"). Dr. Lane is an anthropologist whose report on historical tribal fishing grounds was a major item of evidence considered by Judge Boldt in *U.S. v. Washington*, 384 F. Supp. 312 (W.D.Wash. 1974) ("*Washington I*"). The Upper Skagit has identified her as an expert witness in this subproceeding, stating that she is "uniquely qualified to express an opinion about Judge Boldt's intent in connection with his use of the phrase 'the marine waters of Puget Sound'"

ORDER - 1

in the context of the this case.  Upper Skagit's Opposition, p. 2.  However, this Court has already ruled, in accordance with *Muckleshoot Tribe v. Lummi Indian Tribe,* 141 F. Ed 1355 (9th Cir. 1998) (*"Muckleshoot I"*), that Dr. Lane may not offer latter-day testimony regarding the evidence that was before Judge Boldt when he rendered his decision in 1974.  Dkt. # 43.  Although Dr. Lane's assistance was of enormous value to the Court,  the record now speaks for itself, and Dr. Lane may not offer her opinion as to what she believes Judge Boldt intended.

The Suquamish motion to strike the expert testimony of Dr. Barbara Lane is accordingly GRANTED.

(2) <u>Motion to Strike Roger Shuy, Ph.D., as an Expert Witness</u> (Dkt. # 122).

The Swinomish Indian Tribal Community ("Swinomish"), joined by the Upper Skagit, have moved to strike Roger Shuy, Ph.D., as an expert witness for the Suquamish.  Dr. Shuy is a professor of linguistics (emeritus), who proposes to apply the linguistic tools of semantics, discourse analysis, lexicography, and syntax to assist the Court in determining that Judge Boldt's use of the term "Puget Sound" was not ambiguous.  The Suquamish argue that this testimony meets all the requirements of Fed.R.Evid. 702 and *Daubert v. Merrell Dow Pharmacueticals, Inc.*, 509 U.S. 579 (1993).  In response, the Swinomish and Upper Skagit assert that regardless of reliability, this testimony is beyond the scope of this Court's order relating to testimony beyond the record.

This Court, citing to *Muckleshoot I*, earlier defined the scope of the relevant evidence in this proceeding.  At the first step, the determination as to whether Judge Boldt's language was ambiguous, the relevant evidence is that "which indicates the contemporary understanding of the extent of 'the marine waters of Puget Sound. . .' which will 'shed light on the understanding that Judge Boldt had of the geography at the time.' " Dkt. # 71, p. 4; quoting *Muckleshoot I*, 141 F. 3d at 1360;  and *Muckleshoot Indian Tribe v. Lummi Indian Nation*, 234 F. 3d 1099, 1100 (9th Cir. 2000) (*"Muckleshoot II"*).  Should the evidence show that the areas disputed here are within the geographic reach of Puget Sound as that term was commonly understood in 1974, the requesting parties must then produce evidence that Judge Boldt intended some other meaning when he wrote Finding of Fact 5.  *Id*.  "The evidence that is relevant to Judge Boldt's intent comprises 'the entire record before the issuing court and the findings of

ORDER - 2

fact [which] may be referenced in determining what was decided.' " *Id.*, quoting *Muckleshoot I*, 141 F. 3d at 1359.

Nowhere was it contemplated that linguistic analysis would be relevant to the determination of ambiguity or intent in Judge Boldt's language. The motion of the Swinomish and Upper Skagit to strike the expert testimony of Dr. Roger Shuy is accordingly GRANTED.

Dated this _10_ day of October, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3