UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE OF WASHINGTON, et al.,<br><br>    Defendants. | CASE NO. CV 9213<br>Subproceeding No. 05-03<br><br>ORDER ON MOTION FOR RELIEF FROM DISCOVERY DEADLINE AND CROSS-MOTION TO STRIKE |

    This matter is before the Court for consideration of the Suquamish Tribe's ("Suquamish") motion for relief from a discovery deadline (Dkt. # 137), together with a cross-motion by the Upper Skagit Indian Tribe ("Skagit") to strike the Suquamish Tribe's rebuttal witness (Dkt. # 141). The Swinomish Indian Tribal Community has not opposed the Suquamish motion. Dkt. # 140. Having considered the motion and opposition, the Court now finds and rules as follows:

    (1) <u>Motion to Allow Late Disclosure of Rebuttal Witness</u>

    The Suquamish disclosed Dr. A. Jon Kimerling as a rebuttal witness on September 27, 2006. They ask in this motion that the Court allow this late disclosure, stating that it is only eleven days late, and that the lateness is justified by oral agreements and stipulations among the parties. The Skagit

ORDER - 1

1  oppose any extension, arguing that this disclosure was well past the expert witness disclosure deadline of
2  July 20, and they did not agree to an extension.  They ask the Court to strike the designation of Dr.
3  Kimerling as an expert witness.
4       Without attempting to resolve the parties' dispute over what was or was not agreed with respect
5  to late disclosures, the Court finds that the late disclosure is reasonable.  The Suquamish are correct that
6  under Rule 26 (a)(2)(C), rebuttal witnesses are to be disclosed within thirty days after the opposing
7  party's expert witness disclosure, not at the same time as the expert witness disclosure.  The Skagit did
8  not provide the report of historian E. Richard Hart until August 16, 2006, so the Suquamish rebuttal
9  witness should have been identified by September 15, 2006.  In light of the importance to the Court of
10 expert witness testimony on geographic terms, as referenced in the Court's Order of December 19, 2005,
11 the disclosure twelve days late will be allowed.   Any prejudice to the Skagit will be minimized by an
12 extension of the time to take depositions of experts, as set forth in the following section.  Accordingly,
13 the Suquamish motion for an extension of time for the rebuttal witness disclosure is GRANTED.  The
14 Skagit cross-motion to strike the designation of Dr. Kimerling is DENIED.
15      (2) <u>Extension of Time for Expert Depositions</u>.
16      The Suquamish also ask the Court to extend the time for taking expert depositions.  This motion
17 is based, in part, upon the fact that the parties had each moved to strike one of the opposing party's
18 experts, so taking depositions was not justified until the Court had ruled on the motions to strike. The
19 Court issued a ruling on October 10.
20      The Skagit have not expressly opposed this request, and the Court finds it reasonable to extend
21 the time for taking expert depositions until November 30, 2006.  Although the parties have pending
22 motions for summary judgment which are noted for November 17, 2006, the Court will not be able to
23 hear oral argument on these motions until December 1 or later, due to pending trials.  Therefore,
24 following the depositions, the parties may each supplement their positions by filing one supplemental
25 memorandum in support of, or in opposition to, the pending motions. These shall be filed no later than
26 the day prior to the oral argument date.
27
28  ORDER - 2

Accordingly, the Suquamish motion to extend time for expert depositions to November 30, 2006 is GRANTED.

Dated this 2nd day of November, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3