The Honorable Ricardo S. Martinez

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF WASHINGTON, <br><br> Defendant. | NO. C70-9213 <br> Subproceeding 01-1 (Culverts) <br><br> WASHINGTON'S MOTION TO ADMIT EXHIBIT W‑089 <br><br> NOTE ON MOTION CALENDAR: <br> **JANUARY 1, 2010** |

### I.  MOTION

Defendant State of Washington hereby moves for an order admitting Exhibit W-089 into the evidentiary record in this Subproceeding. The State offered Exhibit W-089 into evidence on October 20, 2009, during the trial in this matter, and now renews that offer.

### II.  ARGUMENT

The State called Robert Barnard as a witness during the trial, on October 20, 2009. The State offered into evidence the *Declaration of Robert Barnard, P.E., in Lieu of Direct Testimony* (Exhibit W-089), and an accompanying slide show (Exhibit W-089-H). The following exchange occurred while Mr. Barnard was on the witness stand:

> MS. WOODS:  I would like to have admitted exhibits W 089 and W-089-H.
>
> THE COURT:  Mr. Stay, have you objections to 89?

STATE'S MOTION TO ADMIT EXHIBIT
W-089 -- NO. C70-9213

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

> MR. STAY: We do. But we are going under the stipulation reserve those objection, allow it subject to those objections we may raise later on as permitted.
>
> THE COURT: Thank you. You may proceed, Ms. Woods.

10/20/2009 Unofficial Tr. 69:25-70:7.

The stipulation Mr. Stay was referring to is the Stipulated Order re Exhibits that was entered a few days before trial (Doc. No. 19404/608). It allows parties to brief evidentiary objections set out in the Pretrial Order in a post-trial brief, such as the one the Plaintiffs may file in response to this motion.

The Pretrial Order (Doc. No. 19409/614) sets out the Plaintiffs' objections to Exhibit W-089. The State understands the current status of those objections to be as follows:

| Status of Plaintiffs' Objections to Exhibit W-089 as Set Out in the Pretrial Order ||
| --- | --- |
| Paragraphs in W-089 to Which Plaintiffs Have Withdrawn Their Objections | Paragraphs in W-089 to Which Plaintiffs Continue to Object |
| 21, 28, 30, 41, 45, 46, 47, 48, 50, 59, 60, 65, 68, 76, 78, 80 | 25, 44, 66, 75, 77 |

**A.  Paragraphs 25, 66, 75, and 77 of Exhibit W-089 are Admissible.**

In Paragraphs 25, 66, 75, and 77 of Exhibit W-089, Robert Barnard gave opinions about how costs factor into the design of culverts and the process for designing them. The State understands Plaintiffs' objection to be that Mr. Barnard is not qualified to give opinions about costs under Fed. R. Evid. 702.

Mr. Barnard's testimony at trial showed that he is qualified to give opinions about costs. Mr. Barnard is a licensed Professional Engineer. 10/20/2009 Unofficial Tr. 68:13-15. He testified that he has designed about 100 culverts and reviewed designs for hundreds more. 10/20/2009 Unofficial Tr. 70:13-21. He testified that estimating costs is part of an engineer's job:

> Q: Have you done any cost estimating for culverts?
>
> A: When an engineer does a formal design, a cost estimate is usually a part of it.

STATE'S MOTION TO ADMIT EXHIBIT
W-089 -- NO. C70-9213

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

10/20/2009 Unofficial Tr. 74:13-15.  Mr. Barnard testified that the engineering code of ethics requires engineers to use their knowledge and skill for the enhancement of human welfare and the environment, which involves consideration of costs.  10/20/2009 Unofficial Tr. 92:12-94:25.

Mr. Barnard also testified that he is a "scoping engineer" on culvert projects for the Washington State Department of Transportation (WSDOT).  10/20/2009 Unofficial Tr. 97:2-6.  Culvert scoping engineers sometimes prepare rough cost estimates for WSDOT.  Ex. W-088 ¶ 15 (admitted 10/19/2009).  Mr. Barnard testified that he has worked with other public and private entities on culvert projects, as well.  10/20/2009 Unofficial Tr. 93:20-94:6; 110:21-25.

The Plaintiffs had an opportunity to address Mr. Barnard's qualifications to testify about costs when they cross-examined him, but they did not do so.  In fact, they asked Mr. Barnard to give opinions about the costs of construction projects that involve culverts.  The following exchange occurred during the cross-examination of Mr. Barnard:

> Q:  . . . [T]here really isn't much difference in the cost between a stream simulation and a no slope when you decide to install one or the other?
>
> A:  In a public works project, like you would find on a public road, the costs of the culvert is relatively small, compared to the over all project costs.  Now, on a forest road, that is not the case any longer.
>
> Q:  In terms of Department of Transportation, which have public work highway kinds of projects?
>
> A:  That is exactly right.  The guardrail probably costs more than the culvert does.
>
> Q:  Thank you.
>
> A:  I shouldn't have said that.
>
> Q:  I think I understand.  It is relatively small?
>
> A:  There are all these other elements into this thing which are very courtly, and traffic control being one of them.

10/20/2009 Unofficial Tr. 114:19-115:10; *see also* 10/20/2009 Unofficial Tr. 120:23-121:3.

STATE'S MOTION TO ADMIT EXHIBIT W-089 -- NO. C70-9213

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

Robert Barnard, P.E., is qualified to give opinions about costs associated with culvert design and the culvert design process. The opinions he expresses in Paragraphs 25, 66, 75, and 77 of his Declaration in Lieu of Direct Testimony (Exhibit W-089) are admissible under Fed. R. Evid. 702.

**B.     Paragraph 44 of Exhibit W-089 is Admissible.**

With respect to Paragraph 44 of Exhibit W-089, the State understands the Plaintiffs' objection to be that the tone is argumentative. That is an objection under Fed. R. Evid. 403. The Plaintiffs did not raise such an objection in the Pretrial Order and have waived the ability to do so now.

### III. CONCLUSION

All portions of Exhibit W-089 are admissible. The State respectfully requests that the Court admit Exhibit W-089 into the evidentiary record in this Subproceeding.

DATED this 15th day of December, 2009.

STATE OF WASHINGTON, Defendant

ROBERT M. MCKENNA
Attorney General of Washington

By:     s/FRONDA WOODS
WSBA #18728
Assistant Attorney General
Washington Attorney General's Office
P.O. Box 40100
Olympia, WA  98504-0100
Telephone:  (360) 586-2872
Fax:  (360) 586-3454
E-mail:  frondaw@atg.wa.gov

STATE'S MOTION TO ADMIT EXHIBIT
W-089 -- NO. C70-9213                              4                  ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused to be the State's Motion to Admit Exhibits W-089 and W-089-H with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the persons required to be served whose names appear on the following service lists:

1. Master Service List, dated November 24, 2009

2. Subproceeding 01-1 Service List, dated November 24, 2009

DATED this 15th day of December, 2009, at Olympia, WA.

_____
FRONDA WOODS
WSBA #18728
Assistant Attorney General
Washington Attorney General's Office
P.O. Box 40100
Olympia, WA  98504-0100
Telephone:  (360) 586-2872
Fax:  (360) 586-3454
E-mail:  frondaw@atg.wa.gov

STATE'S MOTION TO ADMIT EXHIBIT
W-089 -- NO.  C70-9213

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200