1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| 10  UNITED STATES OF AMERICA, et al., | No. C70-9213 |
| 11                                    Plaintiffs, | Subproceeding No. 01-1 (Culverts) |
| 12     v. | PERMANENT INJUNCTION REGARDING CULVERT |
| 13  STATE OF WASHINGTON, et al., | CORRECTION |
| 14                                    Defendants. | |

15      This matter came before the Court for trial beginning on October 13, 2009, for the purpose

16  of determining the appropriate remedy for the violation by the defendants of certain of the Plaintiff

17  Tribes' rights under treaties between the Tribes and the United States.  By amended order dated

18  August 23, 2007, the Court has ruled that the State of Washington has built and currently operates

19  stream culverts that block fish passage to and from the Tribes' usual and accustomed fishing places,

20  depriving the Tribes of the fishing rights reserved in the treaties.  The Court has carefully and fully

21  considered the Court's prior rulings in this subproceeding, the evidence presented at the remedy

22  phase trial, the pre-trial and post-trial briefings of the parties, the arguments of counsel and

23  applicable law, and on March 29, 2013 entered Findings of Fact and Conclusions of Law.  Based

24  upon the foregoing, it is hereby:

25

26

PERMANENT  INJUNCTION
REGARDING CULVERT CORRECTION
No. C70-9213 , SUBPROCEEDING 01-1
(CULVERTS)

1

KANJI & KATZEN, PLLC
401 SECOND AVE. S., SUITE 700
SEATTLE, WA 98104
206.344.8100
FAX: 1.866.283.0178

1    Ordered, adjudged and decreed that the State of Washington, the Washington State

2  Department of Transportation (WSDOT), the Washington State Department of Fisheries and

3  Wildlife (WDFW), the Washington State Department of Natural Resources (DNR), and the

4  Washington State Parks and Recreation Commission (State Parks), their agents, officers,

5

6  employees, successors in interest, and all persons acting in concert or participation with any of them

7  (Defendants), are permanently enjoined and restrained to obey, to respect, and to comply with all

8  rulings of this Court in this subproceeding and with each provision of this injunction, subject only

9  to such modifications as may be approved by the Court in the future.

10    1.  As used in this injunction, the word "culvert" shall mean any structure, other than a full-

11  span bridge or tide gate, that is constructed to convey water beneath a roadway, and shall also

12  include associated fishways or other fish passage structures, and bridges built to replace any culvert

13

14  that is subject to this injunction.  The word "salmon" shall mean any of the six species of

15  anadromous salmonids of the genus Oncorhynchus, commonly known as chinook, chum, coho,

16  pink, and sockeye salmon, and steelhead.

17    2.  Within six months of the date of this injunction, the Defendants, in consultation with the

18  Plaintiff Tribes and the United States, shall prepare a current list, or lists if different by agency (the

19  List), of all culverts under state-owned roads within the Case Area existing as of the date of this

20  injunction, that are salmon barriers.  In compiling the List, the Defendants shall use the barrier

21  assessment methodologies in the Fish Passage Barrier and Surface Water Diversion Screening

22  Assessment and Prioritization Manual (WDFW 2000) (WDFW Assessment Manual).

23

24    3.  In addition to compiling the List, the Defendants shall make ongoing efforts to assess and

25  identify culverts under state-owned roads in the Case Area that become partial or full barriers to

26  salmon passage after the entry of this Injunction, using the WDFW Assessment Manual or any later

PERMANENT  INJUNCTION
REGARDING CULVERT CORRECTION
No. C70-9213 , SUBPROCEEDING 01-1
(CULVERTS)

2

KANJI & KATZEN, PLLC
401 SECOND AVE. S., SUITE 700
SEATTLE, WA 98104
206.344.8100
FAX: 1.866.283.0178

1  state barrier assessment standards, provided such standards are consistent with the terms of this

2  injunction.

3      4.  Any new culvert constructed by the Defendants in the future on salmon waters within the

4  Case Area and any future construction to provide fish passage at State barrier culverts on such

5  waters shall be done in compliance with the standards set out in this injunction.

6

7      5.  By October 31, 2016,WDFW, DNR, and State Parks shall provide fish passage in

8  accordance with the standards set out in this injunction at each barrier culvert on the List located on

9  lands owned or managed by those agencies in the Case Area.

10     6.  Within 17 years of the date of this injunction, WSDOT shall provide fish passage in

11  accordance with the standards set out in this injunction at each barrier culvert on the List owned or

12  managed by WSDOT if the barrier culvert has 200 lineal meters or more of salmon habitat

13  upstream to the first natural passage barrier.

14

15     7.  WSDOT shall provide fish passage in accordance with the standards set out in this

16  injunction at each culvert on the List having less than 200 lineal meters of upstream salmon habitat

17  at the end of the culvert's useful life, or sooner as part of a highway project, to the extent required

18  by other applicable law.

19     8.  Notwithstanding the provisions of paragraph 6, above, WSDOT may defer correction of

20  an aggregation of culverts that cumulatively comprise barriers to no more than 10 % of the total

21  salmon habitat upstream of those WSDOT culverts that would otherwise be subject to correction on

22  the schedule set forth in Paragraph 6, but only upon fulfillment of the following conditions:  In

23

24  consultation with the Plaintiff Tribes and the United States, the Defendants shall develop and

25  complete an assessment of the amount of salmon habitat upstream of each WSDOT barrier culvert

26  on the List for which a "full physical survey," as described in § 3.4 of the WDFW Assessment

PERMANENT  INJUNCTION
REGARDING CULVERT CORRECTION
No. C70-9213 , SUBPROCEEDING 01-1
(CULVERTS)

3

KANJI & KATZEN, PLLC
401 SECOND AVE. S., SUITE 700
SEATTLE, WA 98104
206.344.8100
FAX: 1.866.283.0178

Manual, has not been completed as of the date the List is compiled.  In conducting the assessment, the Defendants shall use the full physical survey methodology or such other methodology as the parties may agree upon.  Each correction deferred by this provision shall be corrected to the standards of this injunction at the end of the culvert's useful life, or sooner as part of a highway project, to the extent required by other applicable law.  In undertaking the corrections, the Defendants shall be guided by the principle of providing the greatest fisheries habitat gain at the earliest time.  The Defendants may utilize the "Priority Index" methodology described in the WDFW Assessment Manual in determining the sequence of correction if they so desire.

9.  In carrying out their duties under this injunction, the Defendants shall design and build fish passage at each barrier culvert on the List in order to pass all species of salmon at all life stages at all flows where the fish would naturally seek passage.  In order of preference, fish passage shall be achieved by (a) avoiding the necessity for the roadway to cross the stream, (b) use of a full span bridge, (c) use of the "stream simulation" methodology described in *Design of Road Culverts for Fish Passage* (WDFW, 2003) or *Stream Simulation: An Ecological Approach to Providing Passage for Aquatic Organisms at Road-Stream Crossings* (U.S. Forest Service, May 2008), which the parties to this proceeding have agreed represents best science currently available for designing culverts that provide fish passage and allow fluvial processes.  Nothing in this injunction shall prevent the Defendants from developing and using designs other than bridges or stream simulation in the future if the Defendants can demonstrate that those future designs provide equivalent or better fish passage and fisheries habitat benefits than the designs required in this injunction.

10.  In rare circumstances, Defendants may deviate from the design standards in paragraph 9, above, if they can establish or the parties agree that use of the standards required in paragraph 9 is not feasible because of:  (a) an emergency involving an immediate threat to life, the public,

PERMANENT  INJUNCTION
REGARDING CULVERT CORRECTION
No. C70-9213 , SUBPROCEEDING 01-1
(CULVERTS)

4

KANJI & KATZEN, PLLC
401 SECOND AVE. S., SUITE 700
SEATTLE, WA 98104
206.344.8100
FAX: 1.866.283.0178

1    property, or of environmental degradation, and a correction using the required design standards

2    cannot be implemented in time to forestall that threat; or (b) the existence of extraordinary site

3    conditions.  If a design standard other than that specified in paragraph 9 is used, in addition to

4    providing the best feasible fish passage at the barrier site, the Defendants shall mitigate for the

5    impacts of deviating from the standards of this injunction so that the resulting correction plus any

6    mitigation provides at least the same net benefit to the salmon resource as would have occurred had

7    the correction applied the required standards.

8            11.  The Defendants shall provide fish passage in accordance with the standards set out in

9    this injunction within a reasonable period of time:  (a) when any culvert corrected under the

10   injunction remains a barrier culvert after attempted correction, or again becomes a barrier culvert

11   following an initially successful correction, or (b) when any culvert is newly identified as a salmon

12   barrier culvert after the initial completion of the List.

13           12.  The Defendants shall monitor their implementation of the injunction, and evaluate

14   whether their efforts to provide fish passage at their salmon barrier culverts are effective in meeting

15   the standards of this injunction.  The Defendants shall take reasonable steps to maintain their

16   culverts in such a manner as to prevent development of fish barriers and to protect salmon habitat.

17           13.  The Defendants shall provide the interested Tribes with sufficient notice of State barrier

18   culvert inventory, identification of previously unidentified State barrier culverts, assessment, and

19   potential or actual State barrier culvert correction activities to permit the Tribes to monitor and

20   provide effective recommendations for compliance with the requirements of this injunction.

21           14.  The Court shall retain continuing jurisdiction over this subproceeding for a sufficient

22   period to assure that the Defendants comply with the terms of this injunction.

PERMANENT  INJUNCTION                              5
REGARDING CULVERT CORRECTION
No. C70-9213 , SUBPROCEEDING 01-1
(CULVERTS)

KANJI & KATZEN, PLLC
401 SECOND AVE. S., SUITE 700
SEATTLE, WA 98104
206.344.8100
FAX: 1.866.283.0178

1

2    Respectfully submitted this 29th day of January, 2010.

3    PLAINTIFF-INTERVENOR TRIBES

4         By: s/ JOHN C. SLEDD, WSBA # 19270
          Attorney for the Hoh, Jamestown S'Klallam,
5         Lower Elwha Klallam, Nisqually, Port Gamble
          S'Klallam, Sauk-Suiattle, Skokomish, Squaxin
6         Island, Stillaguamish and Suquamish Tribes

7
          By: s/ LAURA SAGOLLA, Admitted *Pro Hac Vice*
8         Attorney for the Hoh, Jamestown S'Klallam,
          Lower Elwha Klallam, Nisqually, Port Gamble
9         S'Klallam, Sauk-Suiattle, Skokomish, Squaxin
          Island, Stillaguamish and Suquamish Tribes
10

11        By: s/ ALAN C. STAY, WSBA # 4569
          Attorney for the Muckleshoot Indian Tribe
12

13        By: s/ MASON D. MORISSET, WSBA # 273
          Attorney for The Tulalip Tribes

14
          By: s/ DANIEL A. RAAS, WSBA # 4970
15        Attorney for the Lummi Nation

16        By: s/ HARRY L. JOHNSEN, WSBA # 4955
          Attorney for the Lummi Nation
17

18        By: s/ THOMAS ZEILMAN, WSBA # 28470
          Attorney for the Yakama Nation

19
          By: s/ LAUREN P. RASMUSSEN, WSBA #33256
20        Attorney for the Jamestown S'Klallam and Port Gamble S'Klallam Tribes

21        By: s/ ALIX FOSTER, WSBA # 4943
          Attorney for the Swinomish Indian Tribal Community
22

23        By: s/ EDWARD WURTZ, WSBA # 24741
          Attorney for the Nooksack Tribe

24
          By: s/ BRIAN GRUBER, WSBA # 32210
25        Attorney for the Makah Tribe

26
          By: s/ SAMUEL J. STILTNER, WSBA # 7765

PERMANENT  INJUNCTION
REGARDING CULVERT CORRECTION
No. C70-9213 , SUBPROCEEDING 01-1
(CULVERTS)

6

KANJI & KATZEN, PLLC
401 SECOND AVE. S., SUITE 700
SEATTLE, WA 98104
206.344.8100
FAX: 1.866.283.0178

1        Attorney for the Puyallup Tribe

2        By: s/ HAROLD CHESNIN, WSBA # 398
       Attorney for the Upper Skagit Tribe

3

4        By: s/ O. YALE LEWIS III, WSBA # 33768
       Attorney for the Quileute Tribe

5

6        By: s/ ERIC J.NIELSEN, WSBA # 12773
       Attorney for the Quinault Indian Nation

7 THE UNITED STATES OF AMERICA

8        By:     s/ PETER C. MONSON
9              United States Department of Justice

10

11

12                      **ORDER**

13

14       Is it is so ORDERED this 29th day of March 2013.

15

16

17

18                 RICARDO S. MARTINEZ
19                 UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

KANJI & KATZEN, PLLC
401 SECOND AVE. S., SUITE 700
SEATTLE, WA 98104
206.344.8100
FAX: 1.866.283.0178