UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, et al.,

    Plaintiffs,

v.

STATE OF WASHINGTON, et al.,

    Defendants.

CASE NO. CV 9213

Subproceeding 11-02

ORDER ON LUMMI MOTION FOR STAY PENDING APPEAL

This matter is before the Court for consideration of a motion by the Lummi Nation for a stay of enforcement of this Court's final Order dated October 11, 2012 (Dkt. # 59) and Order on Motion for Reconsideration dated February 15, 2013, pending appeal. Dkt. # 91. In these Orders this Court granted a motion for summary judgment filed by the Requesting Tribes, namely the Jamestown K'Klallam, Lower Elwha Klallam, and Port Gamble S'Klallam (together, "the S'Klallam"), on their Request for Determination regarding the usual and accustomed fishing area ("U&A") of the Lummi Nation, the Responding Tribe in this matter. Dkt. # 59. Specifically, the Court found that

> (1) The Usual and Accustomed Fishing Area (U&A) of the Lummi Nation does not include the eastern portion of the Strait of Juan de Fuca or the waters west of Whidbey Island, an area more specifically described as the marine waters east of a line running from Trial Island near Victoria, British Columbia, to Point Wilson at the westerly opening of Admiralty Inlet, bounded on the east by Admiralty Inlet and Whidbey Island, and bounded on the north by Rosario Strait, the San Juan Islands, and Haro Strait; [and]
>
> (2) The Lummi Nation is prohibited from issuing regulations or otherwise authorizing its

ORDER ON MOTION FOR STAY OF
ENFORCEMENT - 1

fishers to exercise treaty fishing rights in the waters described above. . . .

*Id*., p. 16. This determination was based on a finding that it is the law of the case that the Lummi U&A does not include the Strait of Juan de Fuca, together with an independent review of the evidence that was before Judge Boldt which supported that conclusion. *Id*., pp. 8, 11-15.

The Lummi moved for partial reconsideration and the Court denied that motion. Dkt. # 72. Now the Lummi Nation moves for an Order staying enforcement of these Orders pending their appeal. Specifically, they request a stay that

> will allow Lummi to continue to fish in the southern portion of Washington State Salmon Catch Reporting Areas 6A and 7 in the same manner as it has every year since Judge Boldt's original decision in 1974, while refraining from fishing in any portion of Areas 6 and 6B during the pendency of the appeal.

Motion for Stay, Dkt. # 72, p. 2. The Lummi have supported the motion with declarations by fourteen Lummi fishermen, stating that they have long been fishing in these areas and that it would be a hardship to now be excluded from fishing there. Dkt. ## 77-90.

The earlier Lummi Motion for Reconsideration was based on the assertion that the Court erred in including Areas 6A and 7 within the case area from which they were to be excluded. In rejecting that assertion and denying reconsideration, the Court stated,

> The Court specifically reviewed and discussed the evidence that was before Judge Boldt regarding Lummi fishing locations, together with his specific language. Order on Motion for Summary Judgment, Dkt. # 59, pp. 11-14. The Court noted the evidence that the Lummi were highly dependent upon reef net fishing, which was conducted nearshore off promontories and headlands, and that no reef net sites were reported south of Lopez Island. *Id*., p. 13. There was no evidence before Judge Boldt to demonstrate Lummi fishing in the open area of the Strait of Juan de Fuca lying south and offshore of the San Juan Islands and west of Whidbey Island. This area comprises the southernmost part of Area 7 and all of Area 6A.

Order on Motion for Reconsideration, Dkt. # 72, p. 4. The Lummi request to continue fishing in Areas 6A and 7 thus amounts to an improper motion for "re-reconsideration" with respect to these areas and could be denied on that basis alone. Nevertheless, the Court will address the merits of the motion.

The Lummi motion properly sets forth the standards applicable to a motion for a stay pending appeal, which are similar to the standards for a preliminary injunction. The Court should consider:

ORDER ON MOTION FOR STAY OF
ENFORCEMENT - 2

(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits of its appeal;

(2) whether the applicant has shown it will be irreparably injured in the absence of a stay;

(3) whether the issuance of a stay will substantially injure the other parties interested in the proceedings; and

(4) where the public interest lies.

*See, Leiva-Perez v. Holder*, 640 F. 3d 962, 964 (9th Cir. 2011).

In arguing the likelihood of success on the merits of the appeal, the Lummi assert that "the Ninth Circuit is likely to reverse the Court's judgment for several reasons," and contend that the Court's Order is "inconsistent with the plain language of prior, controlling Ninth Circuit decision." Motion for Stay, Dkt. # 74, p. 6.   Specifically, the Lummi argue,

> In the appeal in the Subproceeding 89-2, the Ninth Circuit held that Lummi's U&A included Admiralty Inlet, and that "Admiralty Inlet consists of **the waters to the west of Whidbey Island**, separating that island from the Olympic Peninsula." 253 F. 3d at 452 (emphasis added). This language, which is binding on this Court, prohibited the Court from concluding that Lummi's U&A "does not include the . . .the [sic] waters west of Whidbey Island."  For this reason alone, reversal is likely.

Motion for Stay, Dkt. # 74, p. 6.

This "waters west of Whidbey Island" argument fails, as it misrepresents this Court's ruling and the Ninth Circuit's, and has already been rejected by the Court.  This quote, by underlining only the "waters to the west of Whidbey Island" attempts to change the meaning of the ruling by the Ninth Circuit Court of Appeals which found that Admiralty Inlet is included within the Lummi U&A.  As the Court stated previously,

> This argument mis-reads the Ninth Circuit's definition of Admiralty Inlet and impermissibly expands its scope. The correct reading of the Ninth Circuit's language describes Admiralty Inlet as "[those] waters to the west of Whidbey Island [which] separate that island from the Olympic Peninsula."

Order on Motions for Summary Judgment, Dkt. # 59, p. 10. In other words, not **all** waters west of Whidbey island, but only those which separate Whidbey Island from the Olympic Peninsula and thus

ORDER ON MOTION FOR STAY OF
ENFORCEMENT - 3

from Admiralty Inlet. The northern limit of the Olympic Peninsula on this eastern edge is at Point Wilson, which along with Partridge Point on Whidbey Island define the northern limits of Admiralty Inlet. The waters above and to the west of the entrance to Admiralty Inlet do not separate the two land masses (Whidbey Island and the Olympic Peninsula); instead they constitute the open water of the Strait of Juan de Fuca. Therefore, even though these open waters lie to the west of Whidbey Island, they do not lie within the Lummi U&A because they are not in Admiralty Inlet. The Ninth Circuit Court of Appeals specifically found that Judge Boldt did not intend to include the Strait of Juan de Fuca within the Lummi U&A. *U.S. v. Washington*, 235 F. 3d 443, 453 (9th Cir. 2000). Lummi may not gain access to fishing in Areas 6A and 7 by claiming they lie in the "waters west of Whidbey Island," because these areas indisputably are within the Strait of Juan de Fuca, not Admiralty Inlet. The Lummi have no possibility of success on the merits of this argument, which is geographically unsupportable.

The Lummi advance another argument to support their request for a stay, renewing their "logic" argument that was decided against them in the Court's summary judgment Order. *See*, Dkt. # 59, p. 10-12. Here they assert again that this Court's Order is "inconsistent with the logic of the prior, controlling Ninth Circuit decision." Motion for Stay, Dkt. # 74, p. 6.

> As noted above, in the 89-2 appeal, the Ninth Circuit explained how it concluded that Admiralty Inlet was part of Lummi's U&A because it was a passageway through which Lummi treaty-time fishers would naturally traverse en route from their homes in the San Juan Island to the Seattle area. In discerning Judge Boldt's intent in crafting his description of Lummi U&A, the Ninth Circuit concluded that his reasoning was based on the patterns he understood fishermen would follow, both at treaty time and at the time of trial.
>
> The logic of the Ninth Circuit decision precluded this Court from reaching any conclusion other than that the waters at issue [are] part of Lummi's U&A. The waters at issue in this subproceeding lie directly between the San Juan Islands and Admiralty Inlet, along precisely the same path that the Ninth Circuit found to be controlling regarding Admiralty Inlet. A fisher traveling from Haro Strait (which is undeniably within Lummi U&A) on the way to Admiralty Inlet (also part of Lummi U&A), would traverse the waters in dispute.

Motion for Stay, Dkt. # 74, p. 7.

The Lummi "logic" argument fails because it ignores the well-established rule, originally articulated by Judge Boldt in Finding of Fact 14, that transit through an area does not, without more,

ORDER ON MOTION FOR STAY OF
ENFORCEMENT - 4

establish a tribe's U&A in that area.

> 14. Although not all tribes fished to a considerable extent in marine areas, the Lummi reef net sites in Northern Puget Sound, the Makah halibut banks, Hood Canal and Commencement Bay and other bays and estuaries are examples of some Indian usual and accustomed fishing grounds and stations in marine waters. Marine waters were also used as thoroughfares for travel by Indians who trolled en route. Such occasional and incidental trolling was not considered to make the marine waters traveled thereon the usual and accustomed fishing grounds of the transiting Indians.

*U.S. v. Washington* , 384 F.Supp. 312, 353 (W.D.Wash. 1974).

In examining Judge Boldt's intent and finding that Admiralty Inlet is included within the Lummi U&A, the Ninth Circuit Court of Appeals would have considered Finding of Fact 14 as part of that intent, and would necessarily have found evidence of treaty-time Lummi fishing in the areas deemed part of their U&A. Extension of the Lummi U&A into the Strait of Juan de Fuca based on "logic" of the travel path would violate the "transit rule" and, contrary to the Lummi argument, would be inconsistent with the Ninth Circuit's decision. Thus there is little likelihood of success on this argument.

In the absence of any finding of a likelihood of success, the Court need not address the other factors required for issuance of a stay. However, the Court will briefly note that the Lummi fishermen cannot argue that they will be irreparably harmed by exclusion from fishing in areas where, under several court decisions, they should not be fishing. On the other hand, the tribes with U&A fishing rights in the contested areas (6A and 7) would be harmed if Lummi were allowed to continue to fish there during pendency of the appeal, as their share of the treaty catch would be diluted. Finally, the public interest is best served by the Court's consistency in upholding prior decisions by this Court and the Ninth Circuit Court of Appeals which hold that the Lummi U&A does not include the Strait of Juan de Fuca.

//

//

//

//

//

ORDER ON MOTION FOR STAY OF ENFORCEMENT - 5

1  The motion for a stay pending appeal (Dkt. # 74) is accordingly DENIED.

3  Dated this 26th day of April 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR STAY OF
ENFORCEMENT - 6