UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, et al.,<br><br>Defendants. | No. C70-9213RSM<br><br>Subproceeding No. 09-01<br><br>ORDER REGARDING BOUNDARIES OF QUINAULT AND QUILEUTE U&AS |

On July 9, 2015, the Court entered lengthy Findings of Fact and Conclusions of Law, determining that the western boundary of the Quinault Indian Nation's usual and accustomed fishing ground in the Pacific Ocean is 30 miles from shore, that the western boundary of the Quileute Tribe's usual and accustomed fishing ground in the Pacific Ocean is 40 miles offshore, and the northern boundary of the Quileute Tribe's usual and accustomed fishing ground is a line drawn westerly from Cape Alava.  However, the Court also noted that it had not received evidence at trial specifying the longitudes associated with the U&A boundaries determined therein.  Accordingly, in order to delineate the boundaries with certainty, the Court directed the parties and interested parties to brief the precise longitudinal coordinates associated with the boundaries set forth herein.  Dkts. #369 and #387.  The Quileute, joined by the Quinault and Hoh Indian Tribes, submitted proposed longitudinal coordinates of its longitudinal boundaries.  Dkts. #372, #374, #376.  The Makah filed a response, proposing

ORDER
PAGE - 1

different longitudinal boundaries. Dkt. #377. The State of Washington also filed a response, generally concurring with the Makah, but proposing still different boundaries. Dkt. #381. Pursuant to Court Order, the Quileute, Quinault and Hoh then filed a supplemental response to the Makah's and State's proposals. Dkt. #388.

Having reviewed all of the briefs, and in consideration of its prior Orders, the Court now ADOPTS the longitudinal and latitudinal boundaries proposed by the Quileute, Quinault and Hoh for the reasons set forth in their briefing. *See* Dkts. #373, #374, #376 and #388.[1]

All parties agree that the latitude of Quileute's northern boundary at Cape Alava is 48°10'00" N. latitude, and that the longitude of Quileute's western boundary begins in the north at 125°44'00" W. The parties also agree that the latitude of Quinault's northern boundary is 47°40'06" N. latitude, and the longitude of Quinault's western boundary begins in the north at 125°08´30"W. The dispute is how the parties believe the Western boundary for the Quileute and Quinault should be demarcated as the line proceeds south. The Court agrees with the Quileute, Quinault and Hoh that the methodology applied by this Court in the Makah's prior ocean RFD, *see U.S. v. Washington*, 626 F. Supp. 1405, 1467 (W.D. Wash. 1985), is the appropriate method to use in the instant case. The Court finds that equity and fairness demand the same methodology for delineating the boundary at issue here, and agrees that it is the *status quo* method of delineating U&A ocean boundaries by this Court.

Moreover, the Court agrees with the geographical/evidentiary bases for the calculations and conclusions presented by the Quileute, Quinault, Hoh and their experts. This Court has previously acknowledged that tribal fisherman did not only fish due west of their villages, but

---

[1] The Court acknowledges Makah's request for leave to file an additional Reply to Quinault's, Quileute's and Hoh's supplemental briefing to address "two new issues" raised by those Tribes, which was filed on August 26, 2015. Dkt. #390. However, the Court finds such additional briefing unnecessary in resolving this matter and will deny the request.

ORDER
PAGE - 2

moved in all directions from the coastline. *See* Case No. 70-9213RSM, Dkt. #21063 at 68, Findings of Fact 13.8. Thus, the Court agrees with the Quileute, Quinault and Hoh, that:

> Given the reality that Quileute and Quinault fishermen did not robotically fish at locations directly west from their villages, but instead chose advantageous launching sites and traveled in multiple directions from those sites depending on the tides and on where a particular species might be found at a particular time, the boundaries advocated by both Makah and State do not accurately reflect Quileute's or Quinault's U&A western boundaries.

Dkt. #388 at 8.

Accordingly, the Court hereby finds and ORDERS as follows:

1. Makah's Motion for Leave to File Reply (Dkt. #390) is DENIED. The Court finds such additional briefing unnecessary for the resolution of this matter.

2. Quileute's usual and accustomed ocean fishing boundaries are:

    a. Northern boundary: 48°10'00" N. latitude (Cape Alava).

    b. Western boundary: 125°44'00" W. longitude.

    c. Southern boundary: 47°3'70" N. latitude (Queets River).

3. Quinault's usual and accustomed western fishing boundary as determined by the Court is 30 nautical miles offshore at longitude 125°08'30" W. and runs in a straight line running north to south between Quinault's northern boundary (47°40'06" N. latitude) and its southern boundary (46°53'18" N. latitude). Quinault's ocean U&A is:

    a. Northern boundary: 47°40'06" N. latitude.

    b. Western boundary: 125°08'30" W. longitude.

    //

    //

ORDER
PAGE - 3

    c. Southern boundary: 46°53'18" N. latitude.

DATED this 27th day of August 2015.

                *[signature]*
                RICARDO S. MARTINEZ
                UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4