UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, et al.,<br><br>Defendants. | No. C70-9213RSM<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

THIS MATTER comes before the Court on Squaxin Island's Emergency Motion for Temporary Restraining Order and Nisqually's Motion to deny the same. Dkts. #21120 and #21124. The Court has reviewed the briefing of the parties and the Interested Parties, and heard oral argument on September 4, 2015. Having considered the arguments and briefing, the Court now DENIES Squaxin Island's motion for the reasons stated at oral argument and set forth herein.

In order to succeed on a motion for temporary restraining order, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). Squaxin Island cannot make such a showing at this time.

ORDER
PAGE - 1

Squaxin Island objects to Nisqually's pink salmon fishery, which will take place entirely within Nisqually's usual and accustomed fishing grounds ("U&A") on the basis that it will impact the Coho salmon population in its (Squaxin Island's) U&A, thereby potentially reducing the amount of Coho available to Squaxin Island in the later fishing season. However, the Court agrees with Nisqually that Squaxin Island has failed to establish how the incidental harvest of Coho would harm its fishery, and has failed to adequately explain why this incidental harvest gives it a management voice in Nisqually's terminal area fishery. Accordingly, Squaxin Island fails to demonstrate a likelihood of success on the merits at this time.

Likewise, Squaxin Island fails to show irreparable harm under these circumstances. Indeed, Squaxin Island acknowledges that it does not object to the pink salmon fishery in so far as it is aimed at pink salmon. The Tribe objects to the extent that Coho will be caught as part of the pink salmon fishing. Yet Squaxin Island provides no data to the Court regarding the number of Coho it believes will be caught and how that will impact its future Coho harvest, and has not provided sufficient evident to rebut Nisqually's modeled predicted numbers. On the other hand, as of 3:45 p.m., at the time of the parties' oral arguments, Nisqually affirmed that since the fishery opened at 6:00 a.m. today, only two pink salmon had been caught and zero Coho had been encountered. This amplifies the absence of any irreparable harm to Squaxin Island. Therefore, Squaxin Island fails to meet its burden on this element.

While the Court appreciates the public interest concerns raised by Squaxin Island and the interested parties, because Squaxin Island fails to meet the critical elements for a temporary restraining order at this time, the Court cannot issue injunctive relief.

Accordingly, the Court hereby finds and ORDERS:

ORDER
PAGE - 2

1. Squaxin Island's Motion for Temporary Restraining Order (Dkt. #21120) is DENIED.

2. Nisqually's Motion to Deny Motion for Temporary Restraining Order (Dkt. #21124) is GRANTED.

DATED this 4th day of September, 2015.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

for
HONORABLE RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3