UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | Case No. C70-9213RSM |
| Plaintiffs, | |
| v. | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DENYING NEW SUBPROCEEDING |
| STATE OF WASHINGTON, *et al.*, | |
| Defendants. | |

THIS MATTER comes before the Court on the Jamestown S'Klallam Tribe's, Port Gamble S'Klallam Tribe's, Puyallup Indian Tribe's, Skokomish Indian Tribe's, Squaxin Indian Tribe's, Tulalip Indian Tribe's, and Upper Skagit Indian Tribe's (the "Requesting Parties") Emergency Motion for Temporary Restraining Order and related Motion for Leave to File Request for Determination. Dkts. #21151, #21152 and #21153. The Court has reviewed the briefing of the Requesting Parties, as well as the briefing of Intervenors Jamestown Band Clallam and Port Gamble Band Clallam, the Opposition briefing by the Suquamish Tribe, and the brief by the State of Washington. Dkts. #21157, #21159, #21160, #21161 and #21162. Having considered the briefing and determined that oral argument is not necessary, the Court DENIES the Requesting Parties' Motion for the reasons set forth below.

ORDER
PAGE - 1

In order to succeed on a motion for temporary restraining order, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The Requesting Parties cannot make such a showing at this time.

**A. Likelihood of Success on the Merits**

First, the Requesting Parties have failed to demonstrate a likelihood of success on the merits. As the State of Washington has aptly stated, "[t]here is certainly a practical dimension that weighs in favor of fishing by agreement, but there is no free-standing legal principle to that effect." Dkt. #21159 at 2. For the reasons stated in the State of Washington's response, the Court agrees that there are Orders and agreements in this case that place a high value on working together to reach agreement as co-managers on matters that affect the parties' mutual interests, but there is no command from this Court to refrain from fishing if the voluntary dispute resolution processes are followed and no agreement is ultimately reached. Indeed, while the Requesting Parties' and Intervenors' briefs discuss the North of Falcon ("NOF") process, the State is correct that it does not have formally agreed upon set of rules that have either been written down or reduced to Court order. The Court agrees that NOF "is a valuable cooperative undertaking that provides a structured process for coordinated planning of our mutual fisheries." Dkt. #21159 at 4. The Court also agrees that it is in the "collective interest [of all of the Parties to this case] to sustain that undertaking, **but there is no free-standing legal obligation to do so."** *Id*. (emphasis added).

Similarly, the Court agrees with the State of Washington that the Co-management Stipulation contains no prohibition on fishing in the absence of agreement, including that any co-

ORDER
PAGE - 2

manager has the right to veto any fishery proposal of another co-manager. *Id.* The Co-management stipulation sets forth processes to assist with fishing by agreement, but does not mandate agreement prior to fishing.

For these reasons, the Court finds that the Requesting Parties have failed to provide any facts to this Court that articulate any acts taken by the Suquamish that violate the NOF process or the Co-management Stipulation. Thus, the Requesting Parties have not demonstrated a likelihood of success on the merits.

**B. Irreparable Harm**

Likewise, the Requesting Parties have failed to show irreparable harm under these circumstances. The Requesting Parties argue first that allowing the fishery to go forward threatens the existence of the List of Agreed Fisheries ("LOAF") process. Second, they argue, without citation to any data, that the Suquamish are likely to take some Chinook during the fishery, and even a single Chinook is harmful but State and federal co-managers are reluctant to intervene. Third and fourth, they complain about potential salmonid returns and potential egg take goals. *See* Dkts. #21152 and #21153. However, these complaints are either not supported by any citation to the record, or have not been supported by evidence sufficient to demonstrate to the Court the alleged potential harm. As the State notes, the Requesting Parties did not previously provide, and have not provided now, evidence that adding the fishery at issue would produce a collective rate of harvest which places the state and tribal co-managers in danger of exceeding the aggregate impact to listed Chinook. In addition, Ms. Welch, while expressing concern about the potential impacts of the subject fishery, admits that there is a lack of data on which to analyze the impact of the fishery, and her declaration is primarily based on her "fear" of what may happen and other speculation. *See* Dkt. #21153. For these reasons, the Requesting Tribes have not demonstrated irreparable harm at this time.

ORDER
PAGE - 3

### C. Public Interest

Finally the Court addresses the public interest element. As the Court noted above, it agrees that the co-management process is important and is in the public's interest. However, that interest is best served when the parties work together without Court intervention. Indeed, the Court expects the parties to act candidly with each other in a cooperative manner outside of this Court just as it has those same expectations when they appear before this Court. The Court is concerned that twice in the last two months, the parties have rushed to the Court at the midnight hour seeking an order allowing a Tribe to unilaterally veto a fishery not based on any solid data or showing of harm. The Court believes that using the Court in this manner may facilitate the non-cooperative resolution of these types of disputes. Further, utilizing the Court in this manner is neither in the public's interest nor in the parties' interests.

Accordingly, the Court hereby finds and ORDERS:

1. The Requesting Parties' Motion for Temporary Restraining Order (Dkt. #21152) is DENIED.

2. For the same reasons, the Requesting Parties' Motion for Leave to File Request for Determination (and to open a new subproceeding) (Dkt. #21151) is also DENIED.

DATED this 27 day of October, 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4