UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF WASHINGTON, et al., <br><br> Defendants. | Case No. C70-9213RSM <br><br> Subproceeding No. 18-sp-01 <br><br> ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER |

THIS MATTER comes before the Court on the Swinomish Indian Tribal Community's and Tulalip Tribes' Motion for Temporary Restraining Order ("TRO"). Dkt. #3.[1] The Swinomish and Tulalip Tribes seek an Order from the Court restraining the Lummi Nation from conducting a crab fishery in Area 24A of Region 2 East, presently scheduled to open on June 4, 2018. *Id.* The Court has reviewed the motion, along with its supporting exhibits and related briefing, as well as oppositions from the Lummi Nation, the Stillaguamish Tribe of Indians, the Jamestown and Port Gamble S'Klallam Tribes and the State of Washington, and the supporting briefing. Dkts. #3, #5, #6, #7, #8, #9, #12, #17, #19, #20, #21, #22, #23, #24 and #25.

---

[1] Dkt. #21749, C70-9213RSM. All remaining docket citations refer to those documents filed in Subproceeding 18-sp-01.

ORDER
PAGE - 1

The standards for issuing a TRO are similar to those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Ca. 1995). The Ninth Circuit has described the standards for deciding whether to grant a motion for a preliminary injunction as follows:

> To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases. Under either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury.

*Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist.*, 868 F.2d 1085, 1088 (9th Cir. 1989) (citations omitted). The speculative risk of a possible injury is not enough; the threatened harm must be imminent. *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988); Fed. R. Civ. Proc. 65(b)(1)(A).

The Lummi Nation acknowledges that it has issued a regulation for a crab fishery in Area 24A of Region 2 East. Dkt. #19. However, Lummi asserts that it has no present plan to fish in those waters, and the regulation serves only as a declaration of its rights to fish in those waters. *Id.* Before this Court, Lummi declares that it has no intention to exercise its alleged rights this season, and it will send "zero boats and zero fishers" to the crab fishery. Dkt. #19 at 1. Indeed, the regulation issued expressly states that the "expected effort" is "zero boats and zero fishers." Dkt. #3-6, Ex. 5. Lummi further represents that Lummi fishers will only respond to the regulation if it is transmitted to them through the Lummi Fishing Regulation Hotline, which Lummi does not intend to do. Dkt. #22 at ¶ 7. Fishers would then be required to obtain the necessary tags from Lummi before being authorized to fish; however, Lummi does not intend to order those tags. *Id.* at ¶ 9. Thus, "[n]o Lummi fishers will be authorized to fish in the opening in Area 2E."

ORDER
PAGE - 2

*Id.* at ¶ 9. Based on these representations, this Court finds that the moving Tribes are unable to meet the applicable TRO standard and the motion will be DENIED.

The Upper Skagit Indian Tribe has also filed a Motion for Temporary Restraining Order in this matter for nearly identical reasons, albeit based on facts specific to that Tribe. Dkt. #7. The Court DENIES that motion for the same reason.

Accordingly, the Court hereby finds and ORDERS:

1. The Swinomish Indian Tribal Community's and the Tulalip Tribes' Motion for Temporary Restraining Order (Dkt. #3)[2] is DENIED.

2. The Upper Skagit Indian Tribe's Motion for Temporary Restraining Order (Dkt. #7)[3] is DENIED.

DATED this 1st day of June, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Dkt. #21749, Case No. C70-9213RSM.

[3] Dkt. #21754, Case No. C70-9213RSM.

ORDER
PAGE - 3