UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF WASHINGTON, et al., <br><br> Defendants. | Case No. C70-9213RSM <br><br> Subproceeding No. 17-03 <br><br> ORDER DENYING STILLAGUAMISH TRIBE OF INDIANS' MOTION TO HOLD TULALIP TRIBES IN CIVIL CONTEMPT AND FOR SANCTIONS |

THIS MATTER comes before the Court on the Stillaguamish Tribe of Indians' Motion to Hold Tulalip Tribes in Civil Contempt and For Sanctions, and Memorandum In Support Thereof. Dkt. #47.[1] Stillaguamish asserts that Tulalip has violated two provisions of the Order Approving Settlement Agreement Between Stillaguamish and Tulalip Tribes Re Puget Sound Fishing Area Claims in *United States v. Washington* and Stipulation and Agreement of Stillaguamish and Tulalip Tribes Re Tulalip [U&A] in *U.S. v. Washington, In re Tulalip Tribe's Request for Determination of Usual and Accustomed Fishing Places*, by failing to "recognize" northern Port Susan as a non-exclusive usual and accustomed fishing area of the Stillaguamish Tribe, and by failing to "affirmatively support" the Stillaguamish Tribe's request for determination as to northern Port Susan and lower Skagit Bay. Dkt. #47.

---

[1] Dkt. #21,799 in Case No. C70-9213RSM.

ORDER
PAGE - 1

The Court has reviewed the motion, along with Tulalip's opposition thereto, Swinomish Indian Tribal Community's response thereto, and Stillaguamish's reply in support thereof, and now DENIES the motion for the following reasons.

As Tulalip points out, in order to find it in contempt of court, Stillaguamish must establish by clear and convincing evidence that: (1) Tulalip violated the court order; (2) the noncompliance was more than technical or de minimis, and (3) Tulalip's conduct was not the product of a good faith or reasonable interpretation of a violated order. *Go-Video v. Motion Picture Assn. of America*, 10 F.3d 693, 695 (9th Cir. 1993). A court may not hold a party in contempt for conduct outside the presence of the court unless that court sets a show cause hearing and provides the alleged contemnor with an opportunity to be heard on the matter. *International Union, UMW v.Bagwell*, 330 U.S. 585, 590 (1947).

Here, the Court finds that Stillaguamish has failed to meet the high standard for contempt, and therefore no show cause hearing is required. Indeed, the Court agrees with Tulalip that much of the Stillaguamish motion is based on speculation, as Tulalip has not yet set forth its position as to the Stillaguamish Request for Determination in this matter. Indeed, the deadline for motions pertaining to threshold issues is not until October 5, 2018. *See* Dkt. #53. Further, the Court finds that Stillaguamish have not shown by clear and convincing evidence that Tulalip have not "recognized" the subject portion of Area 8A as a non-exclusive usual and accustomed fishing area of the Stillaguamish Tribe. This is particularly true when viewed in light of the Agreement, which affirmatively states that Tulalip does make such recognition. Dkt. #48, Ex. B at ¶ IV.B. Likewise, Tulalip has produced evidence that it has supported the Stillaguamish in that fishing area. Dkt. #54 at 7-8.

Rather than respond to the arguments made by Tulalip – the target of the Stillaguamish motion – Stillaguamish focuses only on the Swinomish response. Dkt. #58. Stillaguamish argues at length that this Court should not be persuaded by any agreement between Swinomish and Tulalip, or any other of Swinomish's arguments. *Id.* Stillaguamish provides no rebuttal to Tulalip's arguments or evidence in opposition to its motion.

Accordingly, the Court DENIES the Stillaguamish Motion to Hold Tulalip in Contempt (Dkt. #47 and Dkt. #21,799 in Case No. C70-9213RSM), and this case shall proceed on the briefing schedule already set by the parties and this Court.

DATED this 5 day of September, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE