UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF WASHINGTON, et al., <br><br> Defendants. | CASE NO. C70-9213RSM <br><br> SUB-PROCEEDING NO. 17-03 <br><br> ORDER DENYING MOTIONS TO DISMISS AND MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter is before the Court on Motions to Dismiss filed by the Upper Skagit Indian Tribe ("Skagit") and the Swinomish Indian Tribal Community ("Swinomish") and a Motion for Partial Summary Judgment filed by the Tulalip Tribes ("Tulalip"). Dkts. #64 (Skagit),[1] #65 (Tulalip),[2] and #66 (Swinomish).[3] The underlying Request for Determination ("RFD") was initiated by the Stillaguamish Tribe of Indians ("Stillaguamish"). Dkt. #4.[4] Stillaguamish seeks

---

[1] Dkt. #21,824 in Case No. C70-9213RSM.

[2] Dkt. #21,825 in Case No. C70-9213RSM.

[3] Dkt. #21,826 in Case No. C70-9213RSM.

[4] Dkt. #21,583 in Case No. C70-9213RSM.

ORDER – 1

to establish marine usual and accustomed fishing areas ("U&A") and determine its rights:

> to harvest all species of fish and shellfish in the marine waters on the eastern side of Whidbey Island and both shores of Camano Island, including Port Susan, Skagit Bay, Saratoga Passage, Penn Cove, Holmes Harbor, and to Deception Pass . . ., excluding the waters directly adjacent to the Tulalip Reservation and any other Indian Reservation.

*Id.* at 1–2. Skagit and Swinomish contend that the Court lacks jurisdiction because Judge Boldt's Final Decision #I (FD #I), 384 F. Supp. 312 (W.D. Wash. 1974), specifically determined Stillaguamish's usual and accustomed fishing grounds ("U&A") did not extend to marine waters. Tulalip, in an effort to satisfy prior agreements while advancing its current interest, supports the Court's jurisdiction over the RFD but maintains that, if the RFD proceeds, it must be limited to establishing Stillaguamish marine U&A solely for the harvest of salmon. The Court does not find any of the Motions availing and accordingly denies them.

## II. BACKGROUND

Stillaguamish was an original intervenor in *United States v. Washington*, with the Court determining that "fishing constituted a means of subsistence for the Indians inhabiting the area embracing the Stillaguamish River and its north and south forks, which river system constituted the usual and accustomed fishing places of the tribe." *United States v. Washington*, 384 F. Supp. 312, 379 (W.D. Wash. 1974). As noted above, Stillaguamish filed this RFD to establish that its U&A extends into certain marine areas surrounding the Stillaguamish River. Dkt. #4 at ¶¶ 1, 14–23.

This is not the first time Stillaguamish has asserted marine U&A. For several years after FD #I, Stillaguamish filed fishing regulations allowing its members to fish in marine waters. *United States v. Washington*, 459 F. Supp. 1020, 1068–69 (W.D. Wash. Mar. 16, 1978). Tulalip objected to Stillaguamish's 1974 and 1975 regulations and argued that FD #I precluded

ORDER – 2

Stillaguamish fishing in marine waters. *Id.* Judge Boldt rebuked Stillaguamish for attempting to expand its U&A through fishing regulations, but did not preclude the possibility of expansion in conformance with FD #I. *Id.* That decision provided that:

> Paragraph 25 of the court's injunction in Final Decision #1 [] establishes the mechanism whereby further usual and accustomed fishing grounds may be established and recognized by the court. The Stillaguamish Tribe has not sought to expand its fishing places to include the northern portion of Port Susan by following the procedures set forth in that paragraph. . . . The Stillaguamish Tribe may at any future time apply to this court for hearing or reference to the Master, regarding expanded usual and accustomed fishing places so long as such application is in accordance with paragraph 25 of the court's injunction.

*United States v. Washington*, 459 F. Supp. at 1068–69 (citation omitted).

Since that initial attempt, Stillaguamish has asserted and sought to establish marine U&A several times. First Stillaguamish sought a marine U&A determination from the Court, resulting in sub-proceeding 79-1. Dkt. #67-1[5] at 101–172. But that sub-proceeding was ultimately dismissed without prejudice. *Id.* at 216. Soon thereafter, Stillaguamish opposed Tulalip's request that the Court more precisely determine Tulalip's U&A and recognize Tulalip's exclusive fishing rights in portions of its U&A. *See United States v. Washington*, C70-9213RSM, Sub-proceeding No. 80-1 (W.D. Wash. 1980). Stillaguamish opposed Tulalip's request and asserted its own right to fish in parts of the Tulalip U&A. Ultimately, however, Tulalip and Stillaguamish entered an agreement that Stillaguamish had primary, non-exclusive marine U&A in a northern portion of Port Susan, had marine U&A in a southern portion of Skagit Bay, and that Tulalip would "affirmatively support the Stillaguamish Tribe's request for a determination" that those areas were Stillaguamish U&A. Dkt. #65-1 at 4–5. Lastly, Stillaguamish again sought to establish marine U&A in 1993 as a part of sub-proceeding 89-3 but was forced to voluntarily dismiss its claim due to a financial inability to pursue it's claim to completion. Dkt. #67-1 at

---

[5] Dkt. #21,827 in Case No. C70-9213RSM.

ORDER – 3

217–41; *see also*, Dkts. #13,587, #13,588, and #13,587 in Case No. C70-9213RSM.

## III. DISCUSSION

### A. Motions to Dismiss

The parties dispute the basis on which the Motions to Dismiss are before the Court. Swinomish characterizes its Motion as being a factual challenge pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. #66 at 6–7. Skagit does not specify a basis for its Motion and merely argues that this RFD is outside of the Court's continuing jurisdiction. *See* Dkt. #64. Conversely, Stillaguamish casts the dispute as both a facial challenge pursuant to Rule 12(b)(1) and a motion for summary judgment under Federal Rule of Civil Procedure 56. Dkt. #75 at 2–3.

The Court does not find it necessary to address the issue. Consideration as a factual attack on subject matter jurisdiction appears to be the most stringent standard, as "[t]he plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012)). But even under this most stringent standard, the Court would first look to the language of FD #I, language that is not in dispute and is determinative. Further, even if there were factual questions, those were resolved by this Court's earlier rulings. Lastly, to the extent "jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself" and the Court would resolve the dispute in accordance with its consideration below. *Id.* at 1121–22 (citations omitted).

The Court has maintained continuing jurisdiction in this matter to determine "[t]he location of any of a tribe's usual and accustomed fishing grounds not specifically determined by [FD #I]" under paragraph 25(a)(6). The Court has repeatedly noted "[p]aragraph 25(a)(6) jurisdiction is thus contingent on the Court's finding, or the parties agreeing, that the disputed

ORDER – 4

waters in question were not specifically determined by Judge Boldt." *See e.g.*, *United States v. Washington*, No. 70-9213RSM, Sub-proceeding No. 17-01, Dkt. #42[6] at 12, 2017 WL 3726774 *5 (W.D. Wash. Aug. 30, 2017). Here, the parties disagree whether Judge Boldt specifically determined that Stillaguamish had no marine U&A.

The dispute centers on Judge Boldt's finding that "fishing constituted a means of subsistence for the Indians inhabiting the area embracing the Stillaguamish River and its north and south forks, which river system constituted the usual and accustomed fishing places of the tribe." *United States v. Washington*, 384 F. Supp. at 379. Skagit and Swinomish argue that because Judge Boldt provided that the Stillaguamish "river system *constituted* the usual and accustomed fishing places of the tribe" he necessarily determined that the tribe lacked any marine U&A. Concentrating on particular definitions of "constituted" and contrasting its use with Judge Boldt's tendency to find certain waters "included" within a tribe's U&A, Skagit and Swinomish argue that Judge Boldt intended to exclude all other waters from Stillaguamish's U&A. The Court is not persuaded.

Skagit and Swinomish overlook that Judge Boldt used "constituted" twice within the same sentence, and the first use establishes that he did not use "constitute" in a restrictive sense. Judge Boldt indicates that "fishing *constituted a means* of subsistence" for Stillaguamish. *United States v. Washington*, 384 F. Supp. at 379. This use clearly establishes that Judge Boldt used "constituted" to refer to one element of a whole. The Court does not interpret Judge Boldt as saying that the tribe subsisted solely by fishing. Rather, fishing constituted *one part* of the tribe's subsistence. Equally, the Stillaguamish river system may have constituted only *one part* of the tribe's U&A.

---

[6] Dkt. #21,555 in Case No. C70-9213RSM.

ORDER – 5

The Court's conclusion is further strengthened by Judge Boldt's prior conclusion that:

> Although no complete inventory of all the Plaintiff tribes' usual and accustomed fishing sites can be compiled today, the areas identified in the Findings of Fact herein for each of the Plaintiff tribes in general describe some of the freshwater systems and marine areas within which the respective tribes fished at the time of the treaties and wherein those tribes, as determined above, are entitled to exercise their treaty fishing rights today.

*United States v. Washington*, 384 F. Supp. at 402 (W.D. Wash. 1974) (Conclusion of Law #26). Beyond this, Stillaguamish note that Judge Boldt specifically indicated that his order established "some, but by no means all" of each tribe's U&A (*id.* at 333) and that numerous other tribes—including Skagit—have expanded their U&As. Dkt. #75 at 5–6.

Lastly, the Court's conclusion finds support in an order issued by Judge Boldt approximately two years after FD #I. At that time Judge Boldt ruled that Stillaguamish could not unilaterally expand its U&A into marine waters but could avail itself to paragraph 25, which is "the mechanism whereby further usual and accustomed fishing grounds may be established and recognized by the court." *United States v. Washington*, 459 F. Supp. at 1068–69 (citation omitted). While the Court does not agree with Stillaguamish that this order gives it special rights not enjoyed by other parties, the Court does find it strong evidence that Judge Boldt himself did not believe that FD #I had specifically determined the entirety of Stillaguamish's U&A.

For all these reasons, the Court concludes that the entirety of Stillaguamish U&A was not specifically determined by FD #I and that the Motions to Dismiss should be denied.[7]

**B. Motion for Partial Summary Judgment**

The purpose served by Tulalip's Motion for Partial Summary Judgment is not immediately apparent. Tulalip clearly recognizes that it agreed, in 1984, to "affirmatively

---

[7] Because of the Court's ruling, it does not find it necessary to consider the parties' factual arguments as to what evidence was before Judge Boldt when he crafted FD #I.

ORDER – 6

support" Stillaguamish in establishing at least some marine U&A at issue in this sub-proceeding. Dkt. #65 at 5–7. Yet, Tulalip argues that it need only "affirmatively support" Stillaguamish marine U&A as to salmon. *Id.* at 7–9. Tulalip therefore asks the Court to order that the 1984 Stillaguamish-Tulalip agreement applies "only to the six salmon species discussed in that Agreement" and that it "does not apply to shellfish." Dkt. #65-2.

But Tulalip's Motion does not make clear why the Court needs to interpret the 1984 agreement between Tulalip and Stillaguamish in resolving this sub-proceeding. In fact, Tulalip itself recognizes that any adjudication of Stillaguamish marine U&A will apply to all species. Dkt. #87[8] at 5–6. With this context, Tulalip's Motion appears to be an ill-conceived request for the Court to enter a declaratory judgment approving of a litigation stance that Tulalip may take in this sub-proceeding. That Tulalip feels the need to have the Court's approval before taking this stance appears indicative of a concern that the position may lack merit. The Court will not bless Tulalip's arguments before they are made. Tulalip may make its own decision on how to proceed in this matter.

### IV. CONCLUSION

The Court, having considered the Motions, the briefing of the parties and the attached declarations and exhibits, the joinders and responses filed by the interested parties, and the remainder of the record, the Court finds and ORDERS that:

1. Upper Skagit Indian Tribe's Motion to Dismiss (Dkt. #64) is DENIED.

2. Swinomish Indian Tribal Community's Motion to Dismiss (Dkt. #66) is DENIED.

3. The Tulalip Motion for Partial Summary Judgment (Dkt. #65) is DENIED.

4. The deadlines and other requirements set out in the Court's Order Regarding Initial

---

[8] Dkt. #21,851 in Case No. C70-9213RSM.

ORDER – 7

Disclosures, Joint Status Report, and Early Settlement (Dkt. #46) having previously been struck (Dkt. #53), the Court REIMPOSES the requirements contained therein and RESETS the deadlines as follows:

a. Deadline for FRCP 26(f) Conference           April 19, 2019

b. Initial Disclosures Pursuant to FRCP 26(a)(1):     April 26, 2019

c. Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) And Local Civil Rule 26(f):           May 3, 2019

Dated this 21st day of March 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 8