UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | CASE NO. C70-9213RSM |
| Plaintiffs, | SUB-PROCEEDING NO. 17-03 |
| v. | ORDER DENYING MOTION FOR LEAVE TO DEPOSE DR. C. JILL GRADY |
| STATE OF WASHINGTON, et al., | |
| Defendants. | |

## I.     INTRODUCTION

This matter is before the Court on the Stillaguamish Tribe of Indians ("Stillaguamish") Motion seeking an order of the Court to permit it to take a perpetuation deposition of its expert witness, Doctor C. Jill Grady, due to the expert's age and the risk of further memory loss. Dkt. #88. Finding the Motion moot, the Court denies the Motion.

## II.     BACKGROUND

The background of the underlying dispute is not important to the resolution of this Motion. The factual background of this Motion is laid out by Stillaguamish in its brief and supporting documents:

> Dr. Grady is a Cultural Anthropologist and an expert in the field of Native American Anthropology. She has a Bachelor's of Arts Degree in Anthropology, and a Master's degree and Ph.D. in Sociocultural Anthropology from the

University of Washington. [Dkt. #90] ¶ 1 (filed herewith).

Stillaguamish first retained Dr. Grady to conduct research related to the Native American Graves Protection and Repatriation Act in 2002. *Id.* ¶ 2. Beginning in 2007, Dr. Grady began assembling evidence of Stillaguamish's marine fishing treaty rights in a capacity as an expert witness and researcher. *Id.* ¶ 3. In order to provide her expert opinions, Dr. Grady developed a comprehensive understanding of the ethnohistory of the Stillaguamish's people as well as that of other neighboring tribes and non-Indian settlers in the Puget Sound and their interactions with territorial, state and federal government. Dr. Grady's expert opinions rely on her knowledge of the natural ecosystem that supports Stillaguamish fishing, hunting and gathering.

At a perpetuation deposition to preserve her trial testimony, it is anticipated that Dr. Grady would set forth her opinions and the factual bases that prove Stillaguamish's treaty right to harvest fish and shellfish in the marine waters specified within the RFD. For example, Dr. Grady's testimony is anticipated to cover, though is not limited to, the following topics as outlined in her expert report:

- Stillaguamish peoples' reliance on fishing and shellfishing in certain marine waters for subsistence and trade;
- the existence of Stillaguamish village sites located on marine waters;
- subsistence fishing at Stillaguamish's customary marine resources cites in the vicinity of their temporary reservations during the Indian Wars;
- Stillaguamish's continuous travel to and from these temporary reservations for potlatches and social gatherings in other parts of the Puget Sound;
- intermarriage between Stillaguamish and neighboring people and how these familial ties opened access to additional marine fishing grounds; and
- Stillaguamish's use of saltwater fishing skills.

[Dkt. #89] ¶ 4. No other anthropologist or expert has accumulated the expert knowledge of Stillaguamish's complex ethnohistory as Dr. Grady has over the past sixteen years. [Dkt. #90] ¶ 8. It is believed that there is no other expert that is now or could be in the future prepared to provide expert testimony on the subject of Stillaguamish's marine fishing. *Id.*

Dr. Grady is about to turn 77 years old. *Id.* ¶ 4. Dr. Grady currently experiences certain challenges typically associated with her age, some of which impact her memory recall. *Id.* While Dr. Grady's capacity remains fairly sound today, she has expressed uncertainty regarding her memory, physical health and stamina six months from now, much less over more than a year from now when her testimony may be required. *Id.* ¶ 5. She recently broke two bones in her foot. *Id.* Dr. Grady is concerned that with the passage of time, her ability to testify to the myriad details contained in her research findings in an articulate manner will continue to decline. *Id.* ¶ 7.

Dkt. #88 at 2–3.

ORDER – 2

# III.   DISCUSSION

The Swinomish Indian Tribal Community ("Swinomish") opposes Stillaguamish's Motion partly on the basis that the procedural posture of this case has changed while this Motion was pending before the Court.  Specifically, two motions to dismiss, filed by the Upper Skagit Indian Tribe ("Skagit") and Swinomish, and one motion for partial summary judgment, filed by the Tulalip Tribes ("Tulalip"), had not been resolved.  Additionally, and at the request of the parties, the Court had stayed case deadlines imposed under Federal Rules of Civil Procedure 16 and 26 pending resolution of those motions.  Dkt. #53.  After this Motion was filed, the Court denied the motions to dismiss and for partial summary judgment and reset deadlines for the parties' initial disclosures and Federal Rule of Civil Procedure 26(f) conference.  Dkt. #91.  The parties have since complied with those deadlines.  Dkts. #99–#104.

Swinomish argues that case deadlines have been reset, that the case and discovery will proceed in the normal course, and that the Motion is therefore moot.  Stillaguamish recognizes that discovery may now proceed but feels that the concerns initially leading it to file its Motion persists.  Dkt. #94 at 9–10 (Court's earlier "Order does not allay the serious concerns regarding the impact of future delays on Dr. Grady's availability to testify at the trial—which remains unscheduled and is likely at least 12–18 months away").  Specifically, Stillaguamish raises the specter of a possible appeal of the Court's prior order further delaying discovery and any future trial.  *Id.* at 10.  Stillaguamish also argues that the Court needs to set a specific date for a perpetuation deposition to avoid future possible delays and disputes.  *Id.*  Stillaguamish's concerns are speculative, and the Court agrees that its prior Order moots the Stillaguamish Motion.

Stillaguamish invokes Federal Rules of Civil Procedure 26(d)(1) and 30(a)(2) as the two

bases for its Motion. Dkt. #88. Rule 26(d)(1) provides that parties "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." Fed. R. Civ. P. 26(d)(1). Rule 30(a)(2) applies specifically to depositions by oral examination and provides that:

> A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
> **(A)** if the parties have not stipulated to the deposition and:
> > **(i)** the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;
> > **(ii)** the deponent has already been deposed in the case; or
> > **(iii)** the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or
> **(B)** if the deponent is confined in prison.

Fed. R. Civ. P. 30(a)(2). Neither rule is applicable.

Stillaguamish no longer needs leave from the Court under Rule 26(d)(1) to proceed with discovery. Additionally, none of the situations identified in Rule 30(a)(2) apply, nor does Stillaguamish argue that any still apply. *See generally*, Dkt. #94. Resultantly, Stillaguamish remains able to note the deposition consistent with the Federal Rules of Civil Procedure without leave of the Court. Further, Stillaguamish has indicated that it is ready and able to provide the disclosures necessary to proceed with an expert witness deposition. Fed. R. Civ. P. 26(b)(4)(A).[1]

## IV.  CONCLUSION

Accordingly, having reviewed the Motion, the briefing, declarations and exhibits in support of the briefing, and the remainder of the record, the Court finds and ORDERS that

---

[1] The Court also notes that it generally has not drawn distinctions between perpetuation depositions and discovery depositions. *Holen v. Jozic*, No. C17-1147JLR, 2018 WL 4518699, at *1 (W.D. Wash. Sept. 20, 2018) ("The prominent view among courts is that preservation and discovery depositions are subject to the same rules because the Federal Rules of Civil Procedure make no distinction between the two kinds of depositions.").

ORDER – 4

Stillaguamish Tribe of Indians' Motion (Dkt. #88) is DENIED as moot.

Dated this 6 day of May, 2019.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 5