UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, et al.,<br><br>Defendants. | CASE NO. C70-9213RSM<br><br>Subproceeding No. 11-02<br><br>ORDER ON PENDING MOTIONS |

## I. INTRODUCTION

This matter is before the Court on a Motion for Leave to Amend the Request for Determination and Memorandum of Support (Dkt. #238[1]) filed by the Jamestown S'Klallam Tribe and the Port Gamble S'Klallam Tribe (collectively, "S'Klallam") and a Motion for Entry of Judgment (Dkt. #252[2]) filed by the Lower Elwha Klallam Indian Tribe ("Lower Elwha").[3]

This subproceeding was initiated on November 4, 2011, as a joint Request for

---

[1] Dkt. #21,868 in Case No. C70-9213RSM.

[2] Dkt. #21,897 in Case No. C70-9213RSM.

[3] Also before the Court are Lower Elwha's request that certain material be struck from the record (Dkt. #260 at 3–4) and Objection to Surreply, With Alternative Request to Respond (Dkt. #263). Both are addressed below.

ORDER – 1

Determination ("RFD") by S'Klallam and Lower Elwha. Dkt. #1-1.[4] The tribes sought confirmation that Lummi Nation's ("Lummi") usual and accustomed fishing places ("U&A") did "not include the eastern portion of the Strait of Juan de Fuca or the waters west of Whidbey Island (excepting Admiralty Inlet)." *Id.* at ¶ 2. On this subproceeding's second trip to the Ninth Circuit, the Ninth Circuit concluded "that the waters west of Whidbey Island, which lie between the southern portion of the San Juan Islands and Admiralty Inlet, are encompassed in the Lummi's U&A." *United States v. Lummi Nation*, 876 F.3d 1004, 1011 (9th Cir. 2017) ("*Lummi III*") (Dkt. #224[5]). The Ninth Circuit remanded the matter to this Court and the parties pursued settlement.

The parties were unable to agree on an appropriate path forward or on a satisfactory resolution and now present the three different interpretations of *Lummi III* and three different views for the future of this dispute. Believing that litigation should continue, S'Klallam seeks leave to amend the RFD. Lower Elwha believes that the Ninth Circuit's decision resolved this case and seeks for the Court to enter judgment. Lummi, also believing that the dispute has been resolved, does not support amendment of the RFD but does not agree with the judgment that Lower Elwha seeks. Finding that this subproceeding has run its course, the Court resolves the pending motions as follows and dismisses the action.[6]

## II. BACKGROUND

At issue in this subproceeding is the scope of the Lummi U&A, an issue that has been before this Court several times. Judge Boldt provided the first determination:

> [T]he usual and accustomed fishing places of the Lummi Indians at treaty times included the marine areas of Northern Puget Sound from the Fraser River south

---

[4] Dkt. #19,886 in Case No. C70-9213RSM.

[5] Dkt. #21,676 in Case No. C70-9213RSM.

[6] The parties requested oral argument, but the Court does not find oral argument necessary to its resolution of these matters.

ORDER – 2

to the present environs of Seattle, and particularly Bellingham Bay.
*United States v. Washington*, 384 F. Supp. 312, 360 (W.D. Wash. 1974) ("*Final Decision I*"). In Subproceeding 89-2, this Court determined that the Lummi U&A did not include the Strait of Juan de Fuca, Admiralty Inlet, or the mouth of Hood Canal. The Ninth Circuit reversed as to Admiralty Inlet because it "would likely be a passage through which the Lummi would have traveled from the San Juan Islands in the north to the 'present environs of Seattle.'" *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) ("*Lummi I*").

Years later, Lower Elwha and S'Klallam initiated this subproceeding, asserting "that Lummi's U&A does not include the eastern portion of the Strait of Juan de Fuca or the waters west of Whidbey Island (excepting Admiralty Inlet)." Dkt. #1-1 at ¶ 2 (citing *Lummi I*). The waters at issue in the dispute (the "disputed waters") were further defined:

> [T]he marine waters northeasterly of a line running from Trial Island near Victoria, British Columbia, to Point Wilson on the westerly opening of Admiralty Inlet [(the "Trial Island Line")], bounded on the east by Admiralty Inlet and Whidbey Island, and bounded on the north by Rosario Strait, the San Juan Islands, and Haro Strait.

*Id.*

Lower Elwha and S'Klallam sought summary judgment on the basis that prior decisions had already determined that no Lummi U&A was within the disputed waters. Dkt. #40.[7] This Court agreed, finding that the issue had already been resolved by a prior judicial decision in Subproceeding 89-2. Dkt. #59.[8] Lummi appealed to the Ninth Circuit. On review, the Ninth Circuit reversed, finding that its reasoning in *Lummi I* applied equally in this case and that "no prior decision in this case has yet explicitly or by necessary implication determined whether the

---

[7] Dkt. #20,032 in Case No. C70-9213RSM.

[8] Dkt. #20,112 in Case No. C70-9213RSM.

ORDER – 3

waters immediately west of northern Whidbey Island are a part of the Lummi's U&A." *United States v. Lummi Nation*, 763 F.3d 1180, 1187–88 (9th Cir. 2014)[9] ("*Lummi II*"). The matter was remanded to this Court for further proceedings.

On a second motion for summary judgment, this Court found that the evidence before Judge Boldt did not support the conclusion that he intended to include any of the disputed waters in Lummi's U&A and the Court resolved the matter in favor of Lower Elwha and S'Klallam. Dkt. #210.[10] Lummi again appealed, and the Ninth Circuit again reversed.

The Ninth Circuit concluded "that the district court erred in excluding the waters west of Whidbey Island from the Lummi's U&A." *Lummi III*, 876 F.3d at 1009. In doing so, the Ninth Circuit relied on its prior reasoning that "[i]f to 'proceed through Admiralty Inlet' rendered Admiralty Inlet a part of the Lummi U&A, then to proceed from the southern portions of the San Juan Islands to Admiralty Inlet would have the same effect: to render the path a part of the Lummi U&A, just like Admiralty Inlet." *Id.* at 1010 (quoting *Lummi II*, 763 F.3d at 1187) (quotation marks omitted). On this basis, the Ninth Circuit held "that the waters west of Whidbey Island, which lie between the southern portion of the San Juan Islands and Admiralty Inlet, are encompassed in the Lummi's U&A." *Id.* at 1011. The Ninth Circuit did not define "the waters west of Whidbey."

### III. DISCUSSION

#### A. Differing Interpretations of *Lummi III*

The Ninth Circuit's latest ruling has done little to resolve the underlying conflict and the tribes have adopted three differing interpretations of *Lummi III* and how to proceed.

---

[9] Dkt. #109 (Dkt. #20,680 in Case No. C70-9213RSM).

[10] Dkt. #21,067 in Case No. C70-9213RSM.

ORDER – 4

S'Klallam takes the position that the Ninth Circuit determined only that there must be *some* Lummi U&A within the disputed waters, but that the Ninth Circuit left it for this Court to determine where that U&A lies. As such, S'Klallam believes that an amended RFD is necessary, removing assertions that Lummi is prevented from fishing in "waters west of Whidbey Island" and instead requesting that the Court determine Lummi's "transit path," define the "waters west of Whidbey Island," and define the eastern boundary of the Strait of Juan de Fuca.[11] Dkt. #238 at 6–9. S'Klallam believes that these amendments will allow the Court to make factual determinations to fully resolve the dispute. Because S'Klallam believes that further proceedings are necessary and Lower Elwha believes that judgment should be entered, S'Klallam believes that Lower Elwha should be stricken as a co-requestor and also opposes Lower Elwha's Motion for Entry of Judgment.

Lower Elwha maintains that the Ninth Circuit has resolved the matter, such that judgment should be entered. Dkt. #252. Specifically, Lower Elwha argues that the Ninth Circuit (1) determined that the disputed waters are Lummi U&A, (2) thereby determined the full extent of Lummi U&A, and (3) determined that Lummi U&A cannot include any waters further west of the disputed waters—west of the Trial Island Line. *Id.* at 1–2. Lower Elwha therefore opposes

---

[11] The Court notes that S'Klallam differs in its formal request for relief and its characterization of the relief it seeks. *Compare* Dkt. #239 at 19 (proposed amended complaint asking the Court to determine that the Lummi U&A "does not include the eastern portion of the Strait of Juan de Fuca," to prevent Lummi fishing "in the eastern portion of the Strait of Juan de Fuca, Hood Canal, Port Townsend Bay, and any other bay outside Admiralty Inlet but adjacent to Admiralty Inlet," and to define "'Northern Puget Sound' as it relates to Lummi's U&A.") *with* Dkt. #239 at 5–6 (characterizing its request as seeking determination of "(A) western boundary of Lummi's usual and accustomed fishing grounds and stations ("U&A"); (B) the definition of "Northern Puget Sound" as it is used in Finding of Fact 46; and (C) the definition of the Strait of Juan de Fuca as used by the Ninth Circuit in" *Lummi I*) *and* Dkt. #238 at 6–8 (arguing that S'Klallam must amend the RFD to eliminate its request that Lummi be prevented from fishing in "waters west of Whidbey Island" and must ask the Court to determine Lummi's "transit path," define the "waters west of Whidbey Island," and define the eastern boundary of the Strait of Juan de Fuca).

ORDER – 5

S'Klallam's Motion and requests, in its own Motion, that the Court enter judgment consistent with its interpretation.

Lummi agrees with Lower Elwha that the Ninth Circuit resolved this matter but disagrees as to whether the western boundary of its U&A was fully determined. Dkts. #240[12] and #254.[13] Lummi maintains that the Ninth Circuit determined that all of the disputed waters are "waters west of Whidbey Island" and constitute Lummi U&A. Dkt. #240 at 2. But Lummi further maintains that the western boundary of its U&A has not been determined and may lie further west than the Trial Island Line. Dkt. #254 at 2. Lummi accordingly opposes both motions and believes that no further proceedings should occur in this matter.

### B. S'Klallam's Motion for Leave to Amend

#### 1. Legal Standard

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." FED. R. CIV. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). The party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988). Amendment may be unwarranted "due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "Not all of the factors merit equal

---

[12] Dkt. #21,877 in Case No. C70-9213RSM.

[13] Dkt. #21,908 in Case No. C70-9213RSM.

ORDER – 6

weight. . . . [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

### 2. S'Klallam's Arguments for Amendment Are Not Persuasive

S'Klallam raises two primary arguments in favor of amendment: that new facts call into question the Ninth Circuit's conclusions in *Lummi I* and *Lummi III* and that the Ninth Circuit remanded this case for the Court to make factual findings. But these arguments are not persuasive as they appear futile and raise jurisdictional concerns. Not only that, the amended RFD does not appear to appropriately state a claim. For these reasons, leave to amend is not proper.

#### a. S'Klallam's "New Facts" Argument Raises Futility Concerns

S'Klallam first argues that in this and other subproceedings Lummi has inconsistently and deceptively asserted that its U&A includes waters both to the west and to the east of Whidbey Island. Dkt. #238 at 3–4. Specifically, S'Klallam argues that it has recently learned of a 2008 Lummi agreement with the Swinomish Indian Tribal Community to "stand-down" in asserting U&A on the east side of Whidbey Island and that thereafter Lummi represented to this Court and the Ninth Circuit that the waters west of Whidbey Island "are the sole direct connection" between the San Juan Islands and Admiralty Inlet. *Id.* at 3. This undisclosed agreement is important information, S'Klallam argues, as it "would have refuted the argument that [] 'it was just as likely' that the Lummi travelled west of Whidbey," thereby undermining the Ninth Circuit's reasoning in both *Lummi I* and *Lummi III*. *Id.* at 4.

But there are several problems with S'Klallam's argument. Even if Lummi has taken inconsistent positions, S'Klallam provides no basis for this Court to revisit prior Ninth Circuit

ORDER – 7

precedent. S'Klallam does not adequately demonstrate that the Ninth Circuit's decisions in *Lummi I* and *Lummi III* would have been different with knowledge of this "stand-down" agreement. And, as discussed below, this Court is unable to consider new evidence in this Paragraph 25(a)(1) proceeding. *Lummi I*, 235 F.3 at 450 ("the only matter at issue is the meaning of Judge Boldt's Finding [of Fact] 46 and the only relevant evidence is that which was considered by Judge Boldt when he made his finding") (quoting *Muckleshoot Tribe v. Lummi Indian Tribe*, 141 F.3d 1360 (9th Cir. 1998) ("*Muckleshoot I*")). S'Klallam's argument appears better suited for the Ninth Circuit and does not justify amendment.

### b. S'Klallam's "Clarification" Argument Raises Jurisdictional Concerns

S'Klallam also argues that the Ninth Circuit remanded this matter for the Court to resolve various ambiguities and conflicts resulting from the Ninth Circuit's prior decisions. S'Klallam recognizes that the Lummi U&A includes some waters west of Whidbey Island but maintains that the RFD must be amended to ask the Court to "determine *where* the eastern Strait of Juan de Fuca begins . . ., and *where* the waters west of Whidbey Island end." Dkt. #238 at 5–7. Otherwise, S'Klallam argues, "the Lummi's U&A boundary is still ambiguous and subjects the S'Klallam and other tribes to further conflict regarding fishing rights." *Id.* at 7. Resolving these conflicts, S'Klallam believes, necessitates further development of the factual record and application of new and different legal principles. *Id.* at 6–9; Dkt. #247[14] at 3 (Ninth "Circuit intended to remand the case because, not only did the Lummi specifically request it, the district court can take evidence—where the appellate court is limited in its review") (citing *Gay v. Waiters' & Dairy Lunchmen's Union*, 694 F.2d 531 (9th Cir. 1982)).

But S'Klallam's argument raises significant jurisdictional concerns and S'Klallam does

---

[14] Dkt. #21,888 in Case No. C70-9213RSM.

ORDER – 8

not demonstrate an adequate basis for this Court to exercise its continuing jurisdiction under *Final Decision I*. S'Klallam appears to assume, without directly addressing, that its amended RFD can proceed under Paragraph 25(a)(6). That provision allows the Court to determine: "The location of any of a tribe's usual and accustomed fishing grounds not specifically determined by Final Decision #I." *Final Decision I*, 384 F. Supp. at 419. But the Ninth Circuit has ruled that Lummi U&A was specifically determined, precluding Paragraph 25(a)(6) jurisdiction.

The history and procedural posture of this subproceeding supports the Court's decision. This subproceeding has been entertained under Paragraph 25(a)(1), which allows the Court to determine: "Whether or not the actions intended or effected by any party (including the party seeking a determination) are in conformity with Final Decision #I or this injunction." *Final Decision I*, 384 F. Supp. at 419. As such, the dispute was considered under *Muckleshoot I*'s two-step analysis. *Muckleshoot I*, 141 F.3d 1355. The Court first looks to *Final Decision I*'s U&A determinations. *Id.* at 1359. If the prior determinations are ambiguous, the Court next looks to the entire record before Judge Boldt, which is the only relevant evidence. *Id.*

This is the process utilized here. The Court has already found that Finding of Fact 46 is ambiguous. Dkt. #210 at 14. On Lower Elwha and S'Klallam's motion for summary judgment, this Court found, from the record before Judge Boldt, that Judge Boldt had specifically determined that Lummi U&A did not lie within the disputed waters. *Id.* at 23. But in *Lummi III*, the Ninth Circuit—also considering the record before Judge Boldt—held that Judge Boldt had specifically determined that at least some Lummi U&A passed through the disputed waters. While the Ninth Circuit did not identify the extent or location of that U&A, reason dictates that

ORDER – 9

the evidence that formed the basis for Judge Boldt's intent lies within the record before him.[15] This leads to the inescapable conclusion that Judge Boldt specifically determined this portion of the Lummi U&A, precluding proceedings under Paragraph 25(a)(6) for presentation of new evidence.

This Court has previously noted the temptation to resolve "the contours of a tribe's U&A as determined by Judge Boldt at once, in order to facilitate finality and achieve repose." *United States v. Washington*, Case No. C70-9213RSM, 2015 WL 3504872 at *6 (June 3, 2015). But instead, "Paragraph 25(a)(1) jurisdiction contemplates successive lawsuits aimed at clarifying different portions of a tribe's U&A when a party's intended or effected actions raise the need for such clarification." *Id.* As such, "the Court's clarifications in any one subproceeding are necessarily limited to the issues raised in the request before it." *Id.* Paragraph 25(a)(6) is not available and Paragraph 25(a)(1) does not allow the Court to resolve general ambiguities and potential contradictions as requested by S'Klallam. Dkt. #248[16] at 2 (Ninth Circuit "created a new body of water . . . leaving it ambiguous and potentially in contradiction with prior rulings").

### c. S'Klallam's Amended Request for Determination Fails to State a Claim

The Court is also persuaded by Lummi's argument that S'Klallam's proposed amended RFD fails to adequately state a claim or properly invoke the Court's Paragraph 25(a)(1) jurisdiction. Lummi complains that S'Klallam does not specify the relief it seeks with adequate specificity, relying instead on general terms to define geographic areas where it alleges Lummi fishing is out of compliance with *Final Decision I*. Dkt. #240 at 11 (Lummi arguing that

---

[15] The Court does not presume that Judge Boldt determined that Lummi U&A was included somewhere in the disputed waters but did not come to a reasoned basis for his decision or simply intended to leave the issue ambiguous.

[16] Dkt. #21,889 in Case No. C70-9213RSM.

ORDER – 10

S'Klallam does not provide any basis or proposal for the determinations they seek). Without defining a specific area of dispute, "intended and effectuated" activities cannot be identified and compliance with *Final Decision I* cannot be determined.

For instance, S'Klallam does "not discuss any specific location of the boundary between the Strait of Juan de Fuca and the waters west of Whidbey Island." *Id.* Relying only on broad geographical assertions, S'Klallam cannot demonstrate that Lummi is pursuing fishing within the Strait of Juan de Fuca. Indeed, Lummi maintains that it does not fish within the Strait of Juan de Fuca and does not intend to. *Id.* at 7–8. S'Klallam may be correct that this particular example is unavailing because it is premised on Lummi's position that the eastern end of the Strait of Juan de Fuca is at least as far west as the Trial Island Line. Dkt. #247 at 5 (noting impossibility of determining whether Lummi is fishing in the Strait of Juan de Fuca because no court has defined the boundaries of the Strait). But the Court agrees with Lummi's underlying reasoning. Without some alleged boundary, S'Klallam will be unable to show—based on the evidence before Judge Boldt—that Lummi fishing is out of compliance with *Final Decision I*.

### 3. S'Klallam's Proposed Amendments Prejudice Lower Elwha and Lummi

Even if the jurisdictional and futility concerns did not convincingly weigh against granting leave to amend, Lower Elwha and Lummi raise valid concerns about prejudice, a primary consideration for the Court. Specifically, Lower Elwha notes its status in this matter as a co-requestor and argues that it is entitled to a resolution of its RFD and should not be involuntarily removed, as S'Klallam seeks to do. Dkt. #244[17] at 11–12. Conversely, S'Klallam argues that it will be prejudiced if Lower Elwha is not struck as a requestor because the subproceeding will not proceed and S'Klallam will face harm in the absence of relief while

---

[17] Dkt. #21,881 in Case No. C70-9213RSM.

ORDER – 11

Lower Elwha will not. Dkt. #238 at 9–10. While the Court discusses Lower Elwha's request for a judgment in more detail below, the Court does agree that Lower Elwha should generally be entitled to some resolution of its RFD. *See Askins v. U.S. Dep't. of Homeland Security*, 899 F.3d 1035 (2018) (plaintiff entitled "to judgment on the complaint's own merits").

Lower Elwha and Lummi also assert that they will be prejudiced by any expansion of this subproceeding. Specifically, Lower Elwha points to S'Klallam's addition of new disputes related to Port Townsend Bay and the mouth of Hood Canal and notes that S'Klallam mentions no basis for the additions. Dkt. #244 at 12–13. Lummi focuses, instead, on timing and finality issues, maintaining that the Court should not allow yet another S'Klallam challenge to Lummi's U&A as S'Klallam has known, for almost ten years, that it could assert that Lummi U&A was only a portion of the disputed waters. Dkt. #240 at 7, 9–10. At a minimum, Lummi maintains that the Court should not allow amendment at this stage in the subproceeding, forcing Lummi to begin litigation anew, formulate a new defense, and engage in duplicative discovery. *Id.* at 12–13.

This prejudice is mitigated somewhat by the fact that S'Klallam may seek multiple challenges to Lummi U&A. *See United States v. Washington*, 2015 WL 3504872 at *6 (noting intent of multiple actions under Paragraph 25(a)(1)). As such, Lower Elwha and Lummi face the same perceived harms if the Court allows amendment or if S'Klallam initiates a new subproceeding. S'Klallam also notes that the prejudice related to discovery is limited because very little discovery has occurred thus far. Dkt. #247 at 4–5. These counter-arguments certainly weigh against the arguments for prejudice, but they do not fully offset them.

More importantly, the Court does not find that initiating a new subproceeding—if S'Klallam may—substantially burdens S'Klallam. S'Klallam recognizes that it "could potentially file the new claims as a separate RFD," but argues that such an approach "would be

ORDER – 12

inefficient." Dkt. #248 at 6. The Court recognizes that there are expenses and difficulties inherent in opening a new subproceeding and that it may be especially difficult or impossible here. But a new subproceeding would clearly mark a new chapter in this ongoing saga and would trigger *Final Decision I*'s important pre-filing procedures. *See United States v. Washington*, No. 17-35760 (9th Cir. June 26, 2019) (emphasizing the importance of pre-filing procedures).

For these reasons, the Court concludes S'Klallam should not be granted leave to file its proposed amended RFD.

**C. Motion for Entry of Judgment**

**1. Lower Elwha's Requests to Strike**

Before considering Lower Elwha's Motion, the Court addresses requests, made in Lower Elwha's reply, to strike material included in support of, and referenced in, S'Klallam's response. Specifically, Lower Elwha argues:

> The Declaration of Josh Wisniewski and Exhibits A, C, D, and E thereto, Dkt. No 256 (filed with the S'Klallam Response), must be struck: the declaration is new anthropological opinion; Exhibit A is Dr. Wisniewski's Vita; and Exhibits C, D, and E are Barbara Lane's reports on treaty-time fishing of Elwha, Port Gamble, and Jamestown, respectively. None of this material was before Judge Boldt in Decision No. I and all of it is prohibited latter-day evidence. *Lummi I,* 235 F.3d at 450. In addition, the statements in the S'Klallam Response that expressly cite to Dr. Wisniewski's Declaration, other than to Exhibit F, must also be struck.
>
> Elwha also requests that the 1989 Declaration of Barbara Lane be struck, Dkt. No. 249 at 39-44 (Exh. F to 2d Rasmussen Dec.), as well as the arguments in the S'Klallam Response that rely on it. Dkt. No. 255 at 10:21-22 and 11:1-4. *Lummi I* held, and the S'Klallam concede, that this declaration is latter-day evidence that may not be relied on to determine Judge Boldt's intent. *See* Dkt. No. 255 at 11, *citing Lummi I*, 235 F.3d 443, 449-50.

Dkt. # 260[18] at 3–4 (footnotes omitted).

S'Klallam argue, in a "Surreply," that the Court can properly rely on the Declaration of

---

[18] Dkt. #21,910 in Case No. C70-9213RSM.

ORDER – 13

Josh Wisniewski because the attached materials have previously been submitted to the Court in the underlying case and because the declaration does not interpret Judge Boldt's intent but "'sheds light' on terminology used." Dkt. #262[19] at 2–3. Further S'Klallam maintains that the Wisniewski Declaration challenges the Trial Island Line as a route of travel and merely assists the Court in parsing the record with the benefit of his professional knowledge. *Id.* Regarding Dr. Lane's declaration, S'Klallam argues that it was not submitted in response to Lower Elwha's Motion—though it was relied on for support—and is relied on to "rebut the assertion that a specific travel route was already adjudicated by this court, *not* to determine Judge Boldt's intent." *Id.* at 4 (emphasis in original).

Lower Elwha further responded to S'Klallam's surreply, filing Lower Elwha Klallam Tribe's Objection to Surreply with Alternative Request to Respond ("Objection"). Dkt. #263.[20] Lower Elwha argues that S'Klallam's surreply was procedurally improper and requests the opportunity to respond should the Court consider S'Klallam's arguments.

The Court agrees with Lower Elwha that the evidence identified and the arguments relying on that evidence are not properly considered in this instance and accordingly grants Lower Elwha's requests to strike. This result is further buttressed by the evidence being irrelevant to the Court's resolution of the underlying Motions. Because the Court otherwise grants Lower Elwha's requests to strike, the Court denies its Objection as moot.

**2. Judgment Should Not Be Entered as Requested by Lower Elwha**

As noted above, Lower Elwha takes the position that the Ninth Circuit has finally decided everything there is to decide in this case and that the Court must enter judgement. As noted

---

[19] Dkt. #21,915 in Case No. C70-9213RSM.

[20] Dkt. #21,919 in Case No. C70-9213RSM.

ORDER – 14

previously, this subproceeding was initiated regarding "the marine waters northeasterly of a line running from Trial Island near Victoria, British Columbia, to Point Wilson on the westerly opening of Admiralty Inlet, bounded on the east by Admiralty Inlet and Whidbey Island, and bounded on the north by Rosario Strait, the San Juan Islands, and Haro Strait." Dkt. #1-1 at ¶ 2. And again, the Ninth Circuit determined "that the waters west of Whidbey Island, which lie between the southern portion of the San Juan Islands and Admiralty Inlet, are encompassed in the Lummi's U&A." Dkt. #252 at 4 (quoting *Lummi III*, 876 F.3d at 1011). Believing that the Ninth Circuit inherently intended for these areas to be coincident, Lower Elwha brings its Motion[21] and requests that the Court enter judgment consistent with its interpretation.

Lower Elwha's argument for its interpretation pushes *Lummi III* too far. Lower Elwha contends that the Ninth Circuit and the parties inherently used "waters west of Whidbey Island" and the disputed waters synonymously, that these waters fully "lie between" other portions of Lummi U&A, and that the Trial Island Line must necessarily serve as the western boundary of the "waters west of Whidbey Island." Dkt. #252 at 5–10. But such a reading requires that the Ninth Circuit opaquely equated the "waters west of Whidbey Island" with the entirety of the disputed waters, did not clearly express its intent to define Lummi U&A, and adopted the Trial Island Line as a boundary without ever referencing the Trial Island Line. The argument stretches *Lummi III* past its limits and is also belied by the procedural posture of the case.

Lower Elwha and S'Klallam initiated this action alleging that Lummi fishing in the disputed waters did not conform with *Final Decision I*. Dkt. #1-1 at ¶ 3. This was the sole issue:

> The Requesting Tribes do not seek to relitigate Lummi's adjudicated [U&A] but, rather, seek to demonstrate that the [disputed waters] have already been found by this Court and the Ninth Circuit Court of Appeals to be outside of Lummi's U&A.

---

[21] S'Klallam objects to Lower Elwha's Motion as "an improper sur-reply" to S'Klallam's own Motion. Dkt. #255 at 1. The Court does not agree as Lower Elwha may seek relief it believes is necessary and S'Klallam points to nothing procedurally improper about the Motion.

ORDER – 15

*Id.* at ¶ 5. As previously noted, this Court agreed that Lummi did not have U&A within the disputed waters and granted summary judgment. Dkt. #210. Thus, the sole question before the Ninth Circuit was whether the Court's grant of summary judgment was in error. Concluding that some Lummi U&A necessarily existed between the San Juan Islands and Admiralty Inlet, the Ninth Circuit held that it was error for this Court to conclude otherwise. But the Ninth Circuit did not define the extent or location of the Lummi U&A because it did not need to. The lone conclusion that *some* Lummi U&A lies within the disputed waters resolved the issue before the Ninth Circuit.[22] Judgement should not be entered in the form requested by Lower Elwha.

### 3. Judgment Dismissing This Subproceeding Should Be Entered

The Court does find, however, that the Ninth Circuit's decision necessarily resolved this subproceeding. Lower Elwha and S'Klallam sought to establish that *any* Lummi fishing in the disputed waters is "not in conformity" with *Final Decision I*. The Ninth Circuit determined that this is not the case. The Court did not otherwise make any affirmative finding on which the Court should enter judgment. Other questions were left for other days. But, the Ninth Circuit's determination nevertheless mooted this subproceeding and divested this Court of jurisdiction. *Becerra v. United States Dep't of Interior*, 276 F. Supp. 3d 953, 959 (N.D. Cal. 2017) ("An action is moot when the issues presented are no longer live, and the mootness inquiry asks whether there

---

[22] Because of the Court's interpretation of *Lummi III*, there is no need to address Lower Elwha's and Lummi's law of the case and rule of mandate arguments because both of those doctrines require that the issue was previously decided. *United States v. Miller*, 890 F.3d 317, 325 (D.C. Cir. 2018) ("[T]he law of the case doctrine does not apply where an issue was not raised before the prior panel and thus was not decided by it.") (quoting *Yesudian ex rel. U.S. v. Howard Univ.*, 270 F.3d 969, 972 (D.C. Cir. 2001)) (quotation marks omitted); *United States v. Almazan-Becerra*, 537 F.3d 1094, 1097 (9th Cir. 2008) (law of the case doctrine did not preclude deciding something that was not previously decided); *Integrated Computer Sys. Pub. Co. v. Learning Tree Open Univ.*, 61 F.3d 911 (9th Cir. 1995) (on remand, district court may address issues not decided by court of appeals).

ORDER – 16

is anything left for the court to do.") (citing *Western Oil & Gas Ass'n v. Sonoma Cnty.*, 905 F.2d 1287, 1290 (9th Cir. 1990)). Lummi fishing in some portion of the disputed waters conforms with *Final Decision I* and the sole issue before the Court is resolved.

The Court recognizes the practical impact of this ruling. Lummi will fish in areas that S'Klallam believes are not in conformity with *Final Decision I* and may possibly expand further into new areas that are objectionable to Lower Elwha as well. This dispute will continue, and the parties appear unlikely to resolve the issue without outside intervention. While further proceedings may occur, the Court notes the difficulty of identifying further evidence before Judge Boldt that will aid the Court in determining his intent. Because of the lack of a clear path forward, dismissal at this point is warranted to allow the parties to consider and revise their approaches.

Knowing that the dispute will likely continue makes dismissal an unsatisfactory resolution. But the Court sees no other possible result at this time. Judge Boldt could not be expected to anticipate or resolve all possible conflicts arising in this case and likely relied on the tribes to act amongst themselves in good faith to resolve disputes fairly and evenly. The Court likewise strongly urges the parties to work together as they are best positioned to understand and resolve the dispute in a fair and equitable manner. Ultimately, there may not be a legal solution and if there is it will likely have to come from the Ninth Circuit.

## IV.   CONCLUSION

Having considered the Motions, the briefing of the parties and the attached declarations and exhibits, and the remainder of the record, the Court finds and ORDERS:

1. The Jamestown S'Klallam Tribe's and the Port Gamble S'Klallam Tribe's (collectively, "S'Klallam") Motion for Leave to Amend the Request for Determination and Memorandum of Support (Dkt. #238) is DENIED.

ORDER – 17

2. Petitioner Lower Elwha's requests to strike certain material submitted by S'Klallam (Dkt. #260 at 3–4) is GRANTED. The Court strikes and does not consider: (1) the Declaration of Josh Wisniewski and Exhibits A, C, D, and E thereto (Dkt. #256); (2) the Declaration of Barbara Lane (Dkt. #249 at 39–44) as it relates to Lower Elwha's Motion for Entry of Judgment; and (3) those portions of S'Klallam's Response to Lower Elwha's Motion for Entry of Judgment that rely on the material struck (Dkt. #255 at 2:5–8; 3:19–21; 9:3–7; 9:12–15; 10:1–2; 10:15–16; 10:18–22; 11:1–4; 11:13–17; 12:7–11; and 13:10–12).

3. Petitioner Lower Elwha Klallam Tribe's Motion for Entry of Judgment (Dkt. #252) is GRANTED IN PART.

4. Lower Elwha Klallam Tribe's Objection to Surreply with Alternative Request to Respond (Dkt. #263) is DENIED as moot.

5. Lower Elwha Klallam, Jamestown S'Klallam, and Port Gamble S'Klallam Tribes' Request for Determination Regarding the Usual and Accustomed Fishing Grounds of the Lummi Nation (Dkt. #1-1) is DISMISSED in its entirety.

6. The Clerk of Court shall enter judgment in conformance with this Order.

7. This subproceeding is now CLOSED.

Dated this 11th day of July 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 18