UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, et al.,<br><br>Defendants. | CASE NO. C70-9213RSM<br><br>SUBPROCEEDING NO. 93-01RSM<br><br>ORDER DENYING MOTION TO VACATE |

This matter is before the Court on the Sauk-Suiattle Indian Tribe's ("Sauk-Suiattle") motion (the "Motion") to vacate a stipulation and agreement between the Swinomish Tribal Community ("Swinomish") and the Upper Skagit Indian Tribe ("Upper Skagit"). Dkt. #331.[1] That stipulation and agreement was subsequently approved by order[2] of this Court. Dkt. #172.[3] Therein, Swinomish and Upper Skagit allocated, between themselves, approximately 94% of the Skagit River stocks of anadromous fish available for tribal treaty harvest. *Id.* at 13 (Section 4.5). Sauk-Suiattle argues that this arrangement leaves it insufficient harvestable stock to maintain a "moderate livelihood" and requests that this Court vacate the agreement and order mediation to

---

[1] Dkt. #21,935 in Case No. C70-9213RSM.

[2] Below, the Court notes that there is ambiguity as to exactly which order Sauk-Suiattle seeks relief from. *Infra*, n.13.

[3] Dkt. #16,590 in Case No. C70-9213RSM.

ORDER – 1

determine an equitable allocation between the three tribes. Dkt. #331. The Tulalip Tribes ("Tulalip"), Swinomish, and Upper Skagit[4] all respond in opposition and argue that Sauk-Suiattle's Motion is procedurally flawed for numerous reasons. Dkts. #335,[5] #337,[6] and #341.[7] Agreeing, the Court denies the Motion.

At treaty times, the Sauk-Suiattle had a village "at the confluence of the Sauk and Skagit Rivers" and had usual and accustomed fishing grounds ("U&A") on the

> Sauk River, Cascade River, Suiattle River and the following creeks which are tributary to the Suiattle River—Big Creek, Tenas Creek, Buck Creek, Lime Creek, Sulphur Creek, Downey Creek, Straight Creek, and Milk Creek. Bedal Creek, tributary to the Sauk River, was also a Sauk fishing ground.

*United States v. Washington*, 384 F. Supp. 312, 376 (W.D. Wash. Feb. 12, 1974). As Sauk-Suiattle U&A is fresh-water spawning grounds, it has "refrained from harvesting fish [in their U&A] in order to protect the spawning areas." Dkt. #331 at 4.[8] Even so, any anadromous fish reaching its U&A must naturally travel up the Skagit River. Sauk-Suiattle maintains that the Swinomish and Upper Skagit agreement to harvest 94% of the Skagit River stock leave insufficient "unintercepted numbers [of fish] to accommodate the needs of" Sauk-Suiattle or allow them to earn a moderate livelihood. *Id.* at 4–6. Sauk-Suiattle maintains that membership and fishing members are relatively similar across the tribes and that "it would be entirely

---

[4] The Court notes that Sauk-Suiattle did not elect to respond to Upper Skagit's response.

[5] Dkt. #21,962 in Case No. C70-9213RSM (Tulalip Response).

[6] Dkt. #21,964 in Case No. C70-9213RSM (Swinomish Response).

[7] Upper Skagit did not file its Response in Case No. C70-9213RSM.

[8] Sauk-Suiattle represents that "[s]ince the 1970's, based upon a verbal handshake . . . the Sauk-Suiattle Indian Tribe was invited to fish in the marine water estuary areas within [which] the members of the Swinomish Tribal Community fished." Dkt. #331 at 4.

ORDER – 2

equitable to adjust the Swinomish and Upper Skagit stipulated allocations downward." *Id.* at 7.[9]

Sauk-Suiattle does not provide a legal basis for its request and appears to instead argue that the requested relief is permissible under the Court's inherent equitable powers. Conversely, the responding tribes argue that this should be considered a new controversy and should be required to pass the procedural and jurisdictional hurdles of Paragraph 25. Dkts. #335 at 2; #337 at 2–4; and #341 at 9–10. Sauk-Suiattle argues that jurisdiction over the subproceeding has already been established and that all motions in compliance with the applicable rules are permitted herein. Dkt. #339[10] at 2. However, the Court ultimately does not need to consider the question as the Court finds that the Motion is more appropriately considered as a motion for relief from a prior order pursuant to Federal Rule of Civil Procedure 60. Indeed, Sauk-Suiattle adopts this approach in its Reply.[11] *Id.* at 3.

Federal Rule of Civil Procedure Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for six reasons. Fed. R. Civ. P. 60(b). These include mistake, new evidence, fraud, void judgment, satisfaction of judgment, or "any other reason that justifies relief." *Id.* Sauk-Suiattle's Motion is best considered under the catchall provision.[12] That provision is to be:

> "used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking

---

[9] Upper Skagit contests many of these assertions and refutes them with factual evidence. Dkt. #341 at 5–7.

[10] Dkt. #21,970 in Case No. C70-9213RSM.

[11] It is not entirely clear that Sauk-Suiattle can bring such a motion for relief from an order prior to formally intervening in the matter as it does not appear that Sauk-Suiattle was ever previously a party to this subproceeding. The point is not well developed by the parties and, as it is merely one of several procedural issues, the Court will not address it.

[12] To the extent Sauk-Suiattle's Motion is supported by any factual basis, it does not appear to support consideration of the Motion under Rule 60(b)(1)–(5). Sauk-Suiattle does not argue otherwise. *See* Dkt. #339.

ORDER – 3

timely action to prevent or correct an erroneous judgment." . . . Thus, a party seeking to reopen a case under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond [its] control that prevented [it] from proceeding with the prosecution or defense of the action in a proper fashion."

*United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on factual grounds in later appeal*, 593 F.3d 790 (9th Cir. 2010) (citations omitted). The Ninth Circuit has also directed—in this case—that judgment may be set aside "only for reasons that would have prevented entry of the judgment in the first place, had the reasons been known at the time the judgment was entered." *United States v. Washington*, 98 F.3d 1159, 1164 (9th Cir. 1996) (Circuit Judge Kozinski, concurring).

Sauk-Suiattle does little to carry its burden and falls short of establishing that "extraordinary circumstances" support relief here. Sauk-Suiattle argues, simply:

> As to compliance, movant has (a) identified the Order (docket entry no. 16590, October 26, 1998) which it seeks relief from,[13] (b) sets forth grounds that justify relief—that allocation of 94% of Skagit River system salmon stocks between two downriver tribes in a subproceeding to which movant was neither a party nor signatory impairs movant's right to harvest in Skagit River tributaries (movant's motion, passim), and (c) until recently, movant was not aware of the actual term of the stipulation, not having been a party to nor represented in subproceeding 2:93-00001 (motion, docket entry no. 21935, May 3, 2019).

Dkt. #339 at 3–4. Even if the Court were to look past the lack of evidentiary support, Sauk-Suiattle's arguments would not be persuasive. Sauk-Suiattle provides no indication of when it actually learned of the stipulation and/or the relevant Court order. Sauk-Suiattle's complaint that

---

[13] Tulalip first notes that Sauk-Suiattle does not clearly seek relief from a relevant Court order as opposed the stipulated agreement itself. Dkt. #335 at 3. The Court can overcome any inadequate phrasing in this regard as Sauk-Suiattle's intent is fairly well defined by its reference to the Court's "1998 approval of the stipulation." Dkt. #331 at 9. However, Upper Skagit also notes that the 1998 approval is not the correct order of approval. Dkt. #341 at 7. The Court did indeed approve of the stipulation in 1998, Dkt. #172, but Tulalip sought reconsideration of that order and the Court subsequently approved and adopted the stipulation on February 16, 1999. Dkt. #188 ("The Agreement is hereby adopted as a Court order and incorporated herein.") (Dkt. #16,661 in Case No. C70-9213RSM). Because the Motion is resolved on other grounds, the Court need not consider the issue.

ORDER – 4

it was not a party to the subproceeding nor a signatory to the stipulated agreement is of no avail since Sauk-Suiattle surely had some notice of the subproceeding and could have taken part if it wished. Indeed, as Upper Skagit notes, Judge Rothstein entered an order in the underlying case providing that all parties would be bound by rulings in subproceedings and were required to appear to participate in any subproceedings. *United States v. Washington*, Case No. C70-9213RSM, Dkt. #13,292 (W.D. Wash. Jun. 22, 1993).[14] Also, Sauk-Suiattle was represented and was a least minimally involved in the underlying case during relevant times. *See generally* Subproceeding 96-02. As Tulalip notes, it availed itself to the opportunity to object to the Court's order, leading the Court to reconsider its order and Sauk-Suiattle certainly could have done the same. Dkt. #335 at 1–2.

Sauk-Suiattle does not establish a basis upon which the Court can, or should, grant the relief it seeks. Accordingly, and having reviewed the Motion, the briefing, declarations and exhibits in support of the briefing, and the remainder of the record, the Court finds and ORDERS that the Motion to Vacate 1998 Stipulation Between the Swinomish Tribal Community and the Upper Skagit Indian Tribe, or in the Alternative for Referral to Mediation (Dkt. #331) is DENIED.

Dated this 22 day of July 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[14] More specifically, that Order provided: "Counsel shall file a notice of appearance in each subproceeding in which they wish to participate. This applies to all subproceedings currently pending as well as all those filed in the future. But all parties in this case will be bound by all rulings in the subproceeding whether or not counsel have filed notices of appearance in particular subproceedings."

ORDER – 5