# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

UNITED STATES OF AMERICA, et al.,

    Plaintiffs,

v.

STATE OF WASHINGTON, et al.,

    Defendants.

CASE NO. 2:70-CV-09213-RSM

Subproceeding No. 89-3-12 (Shellfish)

ORDER ON MOTION FOR CLARIFICATION AND/OR RECONSIDERATION

Presently before the Court is the Jamestown S'Klallam Tribe and the Port Gamble S'Klallam Tribe's ("S'Klallam") Motion for Clarification and/or Reconsideration. (Dkt. 106). After consideration of the Motion, subsequent briefs and the record, the Motion (Dkt. 106) is denied.

**I.  Background**

On May 8, 2015, the Skokomish Indian Tribe ("Skokomish") filed a Request for Dispute Resolution under § 9 of the Revised Shellfish Implementation Plan ("RFD"), requesting the Court resolve ongoing disputes between Skokomish and Gold Coast Oyster, LLC ("Gold

Coast"). Dkt. 1. Gold Coast filed a Response to the RFD on June 26, 2015. Dkt. 24. Skokomish filed a Response to Gold Coast's Response on July 10, 2015. Dkt. 25. No other parties, including S'Klallam, filed a response to the RFD or otherwise indicated they were asserting additional claims against Gold Coast.

This case proceeded with multiple status conferences regarding discovery, engaging in settlement conferences, and setting the case for trial. *See* Dkt. 26, 28, 34, 39, 41, 42, 56, 57, 63, 64, 68, 71-74, 88. Formal scheduling orders were entered. *See* Dkt. 74. In the Order Setting Trial and Pretrial Dates, parties were ordered to amend pleadings and join additional parties on or before April 19, 2019. Dkt. 74. No motions to amend the pleadings were filed. However, on September 13, 2019, the Friday before trial, the Court entered a Pretrial Order that included separate claims alleged by S'Klallam against Gold Coast for a period of 2002 to the present. *See* Dkt. 100, pp. 5-6.

During the September 2019 trial, the Skokomish and S'Klallam presented witnesses and evidence. On the second day of trial, Gold Coast objected to the relevance of evidence submitted related to a property not identified in the RFD. Dkt. 109, p. 24, ll. 8-11. Gold Coast argued that the Court could not consider claims beyond those claims raised in the RFD, which alleged allegations on approximately 50 parcels beginning in 2012. *See id*. at pp. 24-44; *see also* Dkt. 1. The Court interpreted Gold Coast's objection as a motion to strike S'Klallam's claims against Gold Coast from 2002 to the present which had been identified for the first time in the Pretrial Order. Dkt. 109, pp. 106-07. The Court set oral argument for the following morning to allow interested parties to be present. *Id*.

The Court heard oral argument on the motion to strike on September 18, 2019. Dkt. 110, pp. 5-19. The Court granted the motion to strike. *Id*. at pp. 19-21. Following oral argument, the Court entered a minute entry stating:

> Motion [to strike is] granted as follows: the claims raised on page 5 of the Pretrial Order by the Jamestown S'Klallam and Port Gamble S'Klallam Tribes that are independent of those raised by the Skokomish Indian Tribe are dismissed without prejudice.

Dkt. 105.

On September 25, 2019, S'Klallam filed the pending Motion. Dkt. 106. S'Klallam requests the Court clarify and/or reconsider what portion of the S'Klallam claims were dismissed from this proceeding. *Id*. S'Klallam also requests clarification regarding the applicability of cross-requests to disputes arising under the Revised Shellfish Implementation Plan ("SIP"). *Id*. Responses to the Motion were filed by Skokomish, Gold Coast, and interested-party the Squaxin Island Tribe. Dkt. 111-113.

**II.     Discussion**

Pursuant to Local Civil Rule 7(h), motions for reconsideration are disfavored and will be denied absent a showing of manifest error or a showing of new facts or legal authority which could not have been presented earlier with reasonable diligence. Here, S'Klallam fails to show a manifest error in the Court's prior ruling or new facts or legal authority which could not have been presented earlier. Therefore, the request for reconsideration of the Court's order granting the motion to strike is denied. The Court however provides the following clarification.

As detailed above, Skokomish initiated this case by filing an RFD. *See* Dkt. 1. Skokomish joined S'Klallam, the Lower Elwha Klallam Tribe, and the Suquamish Tribe as parties to the RFD because these Tribes have overlapping usual and accustomed fishing and shellfishing areas in Hood Canal. *See id*. at ¶¶ 2.9-2.13. Gold Coast filed a response and a cross-request for dispute

resolution. *See* Dkt. 24. S'Klallam did not respond to the RFD or otherwise put Gold Coast on notice that it intended to seek claims beyond those raised in the RFD.

While S'Klallam was actively involved throughout this entire case, the record in this case does not indicate S'Klallam was bringing separate and distinct claims against Gold Coast. Rather, it appeared S'Klallam was engaged in the case based on being joined in the RFD. For example, S'Klallam included responses in the initial Joint Status Report and Proposed Discovery Plan, but did not assert its own claims in this filing and deferred to Skokomish. *See* Dkt. 28; *see also* Dkt. 38. In its pre-trial brief, filed September 12, 2019, there is no indication S'Klallam referenced independent claims against Gold Coast. Dkt. 96. While the pre-trial brief referenced Gold Coast's conduct in 2004, there is no indication separate and distinct claims were being alleged. It appears that, for the first time, on September 13, 2019, the eve of trial, S'Klallam provided notice that it was attempting to assert separate and distinct claims against Gold Coast. *See* Dkt. 100.

Here, S'Klallam attempted to add new claims to this proceeding on the eve of trial. The Court found that was improper. *See Galicia v. County Coach Inc*, 324 Fed. App'x 687, 689 (9th Cir. 2009). (finding district court properly denied a motion to amend to add new claims eight days before trial). Thus, all claims raised by S'Klallam that are separate and distinct from claims raised in the RFD were struck.

S'Klallam asserts disputes under the SIP are informal. However, under the SIP, procedures used in hearing disputes *may be* informal. SIP § 9.2 (emphasis added). Here, there is nothing to indicate the current dispute was proceeding in manner that would not require S'Klallam to timely assert separate claims against Gold Coast. The Court held multiple scheduling and status conferences, wherein the parties indicated this case would be proceeding to

a formal trial. The parties engaged in multiple formal settlement conferences. Further, an Order Setting Trial and Pretrial Dates explicitly provided the parties with a deadline to amend the pleadings and join additional parties. Dkt. 74. Thus, the record in this case reflects formal trial proceedings. Furthermore, the Court declines to dispense of the Federal Rules of Civil Procedure. For these reasons, the Court finds S'Klallam's assertion that disputes under the SIP are informal is belied by the language of the SIP and the facts of this case. The Court, however, recognizes that this ruling is only applicable to the facts of this case and recognizes the importance of informal proceedings when appropriate.

S'Klallam also takes issue with the Court citing to Paragraph 25 of the Order Modifying Paragraph 25 of Permanent Injunction. *See* Dkt. 106; *see also* Case No. 2:70-CV-9213, Dkt. 13599. Paragraph 25(b)(4) provides instruction on how a party is to file a response to a request for determination. *See* Case No. 2:70-CV-9213, Dkt. 13599, p. 5. S'Klallam asserts Paragraph 25 does not apply to disputes brought under § 9 of the SIP. The Court clarifies that it referenced Paragraph 25 as useful guidance in reaching a decision on the motion to strike. As the Squaxin Island Tribe stated in its Response to the Motion, "while the formal cross-request described in ¶ 25(b)(4) of Judge Boldt's Permanent Injunction is not mandatory, respondents in a shellfish proceeding would still need to provide other respondents, and the party filing the request for dispute resolution, with notice of any additional claims and the opportunity for full discovery on them." Dkt. 111, p. 2. Here, S'Klallam did not do that. Accordingly, the Court provides the following clarification: Paragraph 25 was referenced as useful guidance for this Court's ruling on the motion to strike. This Court's Order did not require compliance with Paragraph 25 in this proceeding, nor require compliance with Paragraph 25 in future disputes proceeding under § 9 of the SIP.

### III. Conclusion

For the above stated reasons, the Motion (Dkt. 106) is denied. The claims raised on page 5 of the Pretrial Order by the S'Klallam that are independent of those raised by the Skokomish Indian Tribe remain dismissed without prejudice. The Court's order did not impose the requirements of Paragraph 25 on this case or any future disputes requested under § 9 of the SIP.

Dated this 31st day of January, 2020.

David W. Christel
United States Magistrate Judge