# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | CASE NO. C70-9213RSM |
| Plaintiffs, | SUB-PROCEEDING NO. 17-03 |
| v. | ORDER |
| STATE OF WASHINGTON, et al., | |
| Defendants. | |

The Court finds this an appropriate case to reflect on several principles laid out in the Court's Local Civil Rules:

- [A]ll counsel, as officers of the court, [are] to work toward the prompt completion of each case and to minimize the costs of discovery. . . .

- [T]he judges of this district are very concerned about professionalism among attorneys, especially in the conduct of discovery [and] expect a high degree of professionalism from the lawyers practicing before them. . . .

- There should be no difference between the professional conduct of counsel when appearing before the court and when engaged outside it whether in discovery or any other phase of a case. . . .

\*     \*     \*     \*

This matter is before the Court on two motions to compel filed by the Stillaguamish Tribe of Indians ("Stillaguamish"). The motions to compel seek further discovery from the Upper

ORDER – 1

Skagit Indian Tribe ("Upper Skagit") and from the Tulalip Tribes ("Tulalip"). Dkts. #133[1] and #135.[2] Upper Skagit and Tulalip oppose the motions. The Court resolves the motions as follows.

Stillaguamish initiated this subproceeding requesting that the Court determine that its usual and accustomed fishing areas ("U&A") extended into certain marine areas outside of the Stillaguamish River. Dkt. #4.[3] Upper Skagit and the Swinomish Indian Tribal Community ("Swinomish") have opposed the request and Tulalip has at least partially opposed the request. Dkts. #95–#97.[4] Finding that the subproceeding should not be dismissed, the Court previously concluded "that the entirety of Stillaguamish U&A was not specifically determined by" Judge Boldt in 1974. Dkt. #91[5] at 6. As a result, this matter continues for a determination of Stillaguamish's U&A beyond the Stillaguamish River—a matter that turns on the scope of Stillaguamish's U&A in 1855.

In furtherance of its claims, Stillaguamish issued discovery requests to both Upper Skagit and Tulalip. Dkt. #133 at 2; Dkt. #135 at 2. Upper Skagit and Tulalip responded, but Stillaguamish maintains that they failed to adequately search their records before responding and did not provide adequate responses to the discovery requests. Specifically, Stillaguamish avers that during the meet and confers required by this Court's rules, each responding tribe acknowledged its possible possession of responsive documents, admitted it had not fully conducted a search for responsive documents, provided no assessment of the burdens associated

---

[1] Dkt. #22,130 in Case No. C70-9213RSM.

[2] Dkt. #22,132 in Case No. C70-9213RSM.

[3] Dkt. #21,583 in Case No. C70-9213RSM.

[4] Dkts. #21,920, #21,921, and #21,924 in Case No. C70-9213RSM.

[5] Dkt. #21,900 in Case No. C70-9213RSM.

ORDER – 2

with fully responding to Stillaguamish's requests, and declined to provide a privilege log of responsive documents withheld. Dkt. #134[6] at ¶¶ 4–7; Dkt. #136[7] at ¶¶ 4–9. Upper Skagit and Tulalip do not contest Stillaguamish's assertions that they have not conducted searches of their records. *See* Dkt. #141;[8] Dkt. #143.[9] Instead of working collaboratively, the parties prematurely bring the issue before the Court.

The legal principles at issue are ultimately of little importance here.[10] For many of the reasons provided by Stillaguamish, the requests appear to seek discoverable material.[11] At the same time, Upper Skagit and Tulalip raise several reasoned objections as to why the disputed

---

[6] Dkt. #22,131 in Case No. C70-9213RSM.

[7] Dkt. #22,133 in Case No. C70-9213RSM.

[8] Dkt. #22,141 in Case No. C70-9213RSM.

[9] Dkt. #22,143 in Case No. C70-9213RSM.

[10] There is no serious dispute that the scope of discovery is broad, that the Court retains broad discretion to control discovery, and that the party resisting "discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." FED. R. CIV. P. 26(b)(1); *Branch v. Umphenour*, 936 F.3d 994, 1005 (9th Cir. 2019); *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

[11] *See e.g.* Dkt. #133 at 4–5 and Dkt. #135 at 9–10 (Stillaguamish establishing that even if contemporaneous records will not themselves be admissible, they are likely premised on historical evidence that may be admissible); *see also* Dkt. #144 at 3 (Stillaguamish noting lack of legal support for Upper Skagit's position to the contrary).

The primary dispute between Stillaguamish and Tulalip relates to a prior settlement agreement between them. Stillaguamish argues that documents related to that agreement are relevant to the issues of this case. Dkt. #135 at 5–7. Tulalip argues that the documents will be wholly irrelevant to the trial of this matter as they do not bear on Stillaguamish's U&A prior to 1855. Dkt. #142 at 5–6. On this record, and considering the early stage of discovery, the Court has little issue in concluding that the circumstances surrounding an agreement related to Stillaguamish's treaty fishing rights in the relevant marine waters is adequately relevant as to be discoverable. Dkt. #146 at 4.

ORDER – 3

requests may be overbroad or may be disproportionate to the needs of this case.[12] But, again for the reasons provided by Stillaguamish, the responding tribes cannot claim that the necessary searches are overly burdensome or disproportional where they have made no attempt to investigate the burden imposed.[13]

The Court is accustomed to dealing with proof.[14] In the end, the responding parties' arguments are entirely speculative and unquantified.[15] Maybe the responding tribes are correct that they have no responsive records. The responding tribes can verify that claim after conducting an adequate search. Maybe the responding tribes are correct that many, or all, of the responsive

---

[12] *See e.g.* Dkt. #142 at 9–10 (Tulalip arguing that requests, as propounded, are overbroad and that Stillaguamish refused to negotiate the scope of the requests). Likewise, Upper Skagit argues that the scope of Stillaguamish's discovery requests are overbroad. Dkt. #140 at 9 (noting that Stillaguamish requested all documents relevant to Upper Skagit's interrogatory responses). Concurrently, Upper Skagit concedes that Stillaguamish could reasonably request all documents *relied on* by Upper Skagit in answering interrogatories. *Id.* The record does not, however, make clear that this option was ever discussed between the parties prior to Upper Skagit's response.

[13] Dkt. #133 at 6 (recounting authority supporting need for responding party to search and consider solutions); Dkt. #135 at 10–11 (same).

The issue is also demonstrated in a practical manner. Upper Skagit, without any identifiable basis, concludes that "the discovery sought has no 'importance' to 'the issues at stake in the action,' or 'in resolving [those] issues,' and 'the burden or expense of the proposed discovery' vastly 'outweighs its likely benefit.'" Dkt. #140 at 7 (quoting FED. R. CIV. P. 26(b)). Conversely, Stillaguamish offers ways in which searches could be modified to discover relevant information while minimizing the burdens of searching. Dkt. #135 at 10–11. The Court is not persuaded by Upper Skagit's unsupported arguments where it has not made an adequate inquiry into the information it possesses. It is, after all, the responding parties that know what information exists, where and how it is stored, and what the burden of producing it may be. Dkt. #144 at 5–6.

[14] The only evidence before the Court is the written discovery and the responses thereto and 44 lines of testimony—even arguably related to the disputed issue—from the declarations of counsel. Stillaguamish devotes 17 lines of counsel's declarations to Upper Skagit and 19 lines to Tulalip. Dkt. #134; Dkt. #136. Counsel for Upper Skagit's declaration discusses procedural matters not before the Court. Dkt. #141. Tulalip devotes 18 lines of counsel's declaration to the disputed issues with Stillaguamish. Dkt. #143.

[15] *See e.g.* Dkt. #142 at 4–5 (Tulalip arguing, without support, that benefit of recent documents is likely to be outweighed by the effort necessary to obtain them).

ORDER – 4

documents are protected by the work product doctrine.[16] The responding tribes can properly set forth the basis for those claims in an adequate privilege log.[17] But, of course they cannot claim privilege or work product protection without knowing what documents exist and investigating the circumstances surrounding the documents' creation, retention, and use.[18]

To a certain extent, the Court understands the general complaints of the responding tribes—that the costs of discovery are high and that the discovery may be of little value. The parties have no doubt expended substantial amounts in litigating the underlying case.[19] Discovery has been exchanged many times before on many similar issues and the discovery of new evidence may be unlikely.[20] But discovery in this case continues to be governed by the applicable Federal Rules of Civil Procedure and the parties must cooperate to find reasonably workable solutions.[21] If the costs of discovery are too great, perhaps the issue is not worth

---

[16] *See* Dkt. #140 at 7; Dkt. #142 at 11–13.

[17] Dkt. #133 at 10–11 (citing *Heath v. F/V ZOLOTOI,* 221 F.R.D. 545, 552 (W.D. Wash. 2004)); Dkt. #135 at 12–13 (same).

[18] *See United States v. Nobles*, 422 U.S. 225 (1975) (noting limited nature of the work product doctrine).

[19] The Court does note, that the responding tribes were not compelled to respond to or oppose Stillaguamish's request for determination and have done so willingly.

[20] Upper Skagit and Tulalip certainly do not establish that all relevant discovery has been provided in the past. *See e.g.* Dkt. #140 at 7 (Upper Skagit baldly arguing that "the outcome of Stillaguamish's Request for Determination will not turn on the discovery it seeks"). Rather, they invite the Court to assume that all relevant discovery has already been produced in prior proceedings. *Id.* at 6–7. The Court does not accept the invitation to speculate and notes that such an approach would appear to preclude discovery in all subproceedings.

[21] All parties involved in this underlying action may be well served by establishing an easier method to conduct discovery in ongoing disputes that turn on much of the same evidence. But this is an issue for the parties to address, not the Court.

ORDER – 5

contesting to the bitter end.[22] The parties, not the Court, need to address the reasonableness of their positions in the first instance.[23]

The Court has certainly considered the imposition of costs here.[24] The actions and positions taken by the parties are legally difficult to justify.[25] The Court cannot say that the underlying concerns of the responding tribes are baseless. But the responding tribes also do not establish an adequate record to support their positions. All parties are represented by accomplished counsel who are familiar with their discovery obligations. The Court should not need to be involved with every step of the discovery process and should not have to lead the parties' negotiations. Rather, the parties must work together to avoid unnecessary expense and form workable solutions. Should fully developed, considered, and supported disputes arise, the Court will resolve them and consider awarding expenses as may be appropriate at that time.

---

[22] The Court notes that Upper Skagit's work product argument appears to indicate just such an intent. *Id.* at 8. The Court will not assume that every Upper Skagit document discussing Stillaguamish fishing rights is de facto prepared in anticipated litigation. Such an approach presupposes that no matter the context, no matter the relevant area at issue, and no matter the strength of any new or existing evidence, the issue will nevertheless, in every instance, lead to protracted litigation. The Court takes the parties' prefiling obligations more seriously than this.

[23] The Court is familiar with the fatigue inherent in this case and is similarly concerned that disputes appear to be increasing, not decreasing. *See id.* at 6 (Upper Skagit noting the age of the case and the increasing nature of disputes). The Court is further aware of the importance of the issues at stake as the natural resources at issue become more limited. But the Court does not believe that the case must be made more laborious by the parties taking highly contentious positions on minor issues and litigating them to extinction.

[24] Stillaguamish requests reasonable expenses for bringing both motions. Dkt. #133 at 12; Dkt. #135 at 13. Tulalip similarly requests an award of expenses. Dkt. #142 at 13. Upper Skagit, graciously, "does not request a fee award." Dkt. #140 at 12.

[25] *See e.g. id.* at 5 (Upper Skagit stating that "because the requests cannot be narrowed such that 'part[s]' are 'appropriate,' Upper Skagit was not required to 'state the scope that is not overbroad" while citing only to Stillaguamish's contrary authority); Dkt. #142 at 9–10 (providing indication that Stillaguamish refused all efforts to negotiate the scope of its requests); Dkt. #140 at 6–7 (Upper Skagit noting that Stillaguamish has not challenged Swinomish's responses to nearly identical discovery requests).

ORDER – 6

1 | Should the disputes come before the Court in a substantially similar posture, the Court will not hesitate to impose expenses—including for the motions currently under consideration here—as appropriate.

Accordingly, and having considered the motions, the relevant briefing and evidence, and the remainder of the record, the Court hereby finds and ORDERS that Stillaguamish's motions to compel (Dkts. #133 and #135) are GRANTED IN PART and DENIED IN PART to the extent necessary for the parties to comply with their discovery obligations. The Court further directs the parties to comply with their discovery obligations. All requests for expenses are denied without prejudice.

Dated this 11 day of February 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE