UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, et al.,<br><br>Defendant. | CASE NO. 2:70-CV-09213-RSM<br><br>Subproceeding No. 89-3-12 (Shellfish)<br><br>ORDER ON MOTION TO AMEND JUDGMENT OR FOR NEW TRIAL |

On May 8, 2015, the Skokomish Indian Tribe ("Skokomish") filed a Request for Dispute Resolution under § 9 of the Revised Shellfish Implementation Plan ("RFD"), requesting the Court resolve ongoing disputes between Skokomish and Gold Coast Oyster, LLC ("Gold Coast"). Dkt. 1. On January 31, 2020, the Court entered the Order on Request for Dispute Resolution ("Order"). Dkt. 122. In the Order, the Court found Defendant Gold Coast violated the Revised Shellfish Implementation Plan ("SIP"). *Id*. The Court found Skokomish and the Port Gamble S'Klallam and the Jamestown S'Klallam Tribes (S'Klallam") had not shown they were entitled to compensatory damages, but found a permanent injunction was appropriate in this case. *Id*. at p. 30.

## I. Procedural Background

On February 27, 2020, S'Klallam filed a Motion to Alter or Amend Judgment or for a New Trial ("Motion"). Dkt. 131. On March 9, 2020, Interested-Parties Squaxin Island Tribe, Nisqually Indian Tribe, and the State of Washington filed responses to the Motion. Dkt. 135, 136. S'Klallam filed a Reply on March 12, 2020. Dkt. 136. No other party filed a response to the Motion.

## II. Request for Oral Argument

Both S'Klallam and the State of Washington requested oral argument. Dkt. 131 (motion caption); Dkt. 134 (docket text). The Court has reviewed the Motion, Responses, and Reply and the relevant record and has determined oral argument is unnecessary. Therefore, the requests for oral argument are denied.

## III. Discussion

The Court may alter or amend a judgment under Rule 59(e) where the Court "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* (citation and internal quotation marks omitted). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

Under Rule 59(a)(2), following a nonjury trial, "the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P.

59(a)(2). "There are three grounds for granting new trials in court-tried actions under Rule 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978).

Here, S'Klallam requests the Court amend the Order or issue a new trial on the following four issues: (1) place the initial burden of proof on the Grower; (2) clarify § 6.2 and § 6.3 of the SIP require a harvest plan to be in place prior to any "harvest;" (3) clarify the rules for upland access; and (4) find the Tribes are entitled to reach parity with Gold Coast's harvests on certain controlled tidelands. Dkt. 131. In reaching its decision, the Court considered the record as a whole and the arguments of the parties. *See* Dkt. 122. The Court found Gold Coast violated the SIP. Based on the evidence before the Court, the Court determined Skokomish and S'Klallam had not sufficiently shown they were entitled to compensatory damages, but found a permanent injunction was appropriate in this case. *Id*. In the Motion, S'Klallam argues the Court committed clear error of law regarding these four issues. S'Klallam merely re-argues its interpretation of the SIP and the evidence. Essentially, S'Klallam has reiterated arguments made at trial or provided arguments that could have been made at trial. *See* Dkt. 131. This is not sufficient to warrant an amended judgment or a new trial as to issues one, two, and four.

The Court notes that it declines to provide interpretations of specific SIP provisions, as requested by S'Klallam, Squaxin Island Tribe, and Nisqually Indian Tribe. *See* Dkt. 131, 135. In this subproceeding, Skokomish, and later S'Klallam, requested injunctive relief and damages against one shellfish harvesting company. *See* Dkt. 1, 96. The Court finds it is not necessary, nor appropriate, the resolve ambiguities in the SIP to reach a decision on the Request for Dispute Resolution.

As to the issue of upland access, the Court determined the Tribes had no right to insist upon upland access. Dkt. 122, p. 28. The Court concurs with the parties that the SIP has been modified and the test for granting upland access is "reasonableness." *See United States v. Washington*, 19 F.Supp.3d 1252, 1316 (W.D. Wash. 1997). Therefore, the Court will enter an amended order removing the sole paragraph in the Order referencing upland access. *See also* Dkt. 134 (State of Washington Response Brief noting the one paragraph on upland access could be removed from the Order).

For the above stated reasons, S'Klallam has not shown the Court committed clear legal error or manifest error as to issues one, two, or four raised in the Motion. The Court will, however, enter an amended order removing the paragraph in the Order that references upland access. The Court notes the decision to remove the paragraph referencing upland access does not change any other portion of the Order. Accordingly, S'Klallam's Motion (Dkt. 131) is granted-in-part and denied-in-part.

Dated this 20th day of April, 2020.

David W. Christel
United States Magistrate Judge