UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA, et al.,

        Plaintiffs,

   v.

STATE OF WASHINGTON, et al.,

        Defendants.

CASE NO. 2:70-CV-09213-RSM

Subproceeding No. 89-3-12 (Shellfish)

ORDER GRANTING LEAVE TO WITHDRAW

Currently pending in this action is Michael W. Johns' Motion to Withdraw as Attorney of Record for Gold Coast Oyster, LLC. Dkt. 156. The court has jurisdiction to hear matters arising in this subproceeding under authority conferred by the Stipulation and Order Amending Shellfish Implementation Plan ¶ 9.1 (April 8, 2002) ("SIP").[1]

**I.   Background**

A.  Procedural Background

On May 8, 2015, the Skokomish Indian Tribe ("Skokomish") filed a Request for Dispute Resolution under § 9 of the Revised Shellfish Implementation Plan ("RFD"), requesting the

---

[1] Throughout this Order, when citing to the SIP, the Court is referring to Dkt. 14331 in Subproceeding 89-03.

ORDER GRANTING LEAVE TO WITHDRAW - 1

1  Court resolve ongoing disputes between Skokomish and Gold Coast Oyster, LLC ("Gold
2  Coast"). Dkt. 1. The Court held a bench trial September 16-18, 2019. *See* Dkt. 102, 104-05. On
3  January 31, 2020, the Court entered an Order on Request for Dispute Resolution and, on April
4  20, 2020, entered an Amended Order on Request for Dispute Resolution ("Order"). Dkt. 122,
5  142. In the Order, the Court found Gold Coast violated the SIP. Dkt. 142. The Court found
6  Skokomish and the Port Gamble S'Klallam and the Jamestown S'Klallam Tribes (S'Klallam")
7  had not shown they were entitled to compensatory damages, but found a permanent injunction
8  was appropriate in this case. *Id*. at p. 30.

9  On April 20, 2020, the Court entered the Permanent Injunction. Dkt. 143. S'Klallam filed
10 an Amended Petition for Review, seeking review of this Court's Order and the Permanent
11 Injunction. Dkt. 150. On September 2, 2020, the Honorable Ricardo S. Martinez, the Chief
12 District Judge, adopted and affirmed the Order. Dkt. 164.

13 While the Amended Petition for Review was pending, on June 23, 2020, Gold Coast's
14 counsel, Michael Johns, filed the Motion to Withdraw. Dkt. 156. On June 30, 2020, S'Klallam
15 and Skokomish filed a joint Response to the Motion to Withdraw. Dkt. 159. Mr. Johns' filed his
16 Reply to the Response on July 10, 2020. Dkt. 160. No other party filed a response to the Motion
17 to Withdraw.

18 B. <u>Factual Background</u>

19 In the Motion to Withdraw, Mr. Johns has presented the following evidence which is
20 relevant to this Court's determination: On February 27, 2020, the Washington State Department
21 of Health issued Findings of Fact, Conclusions of Law, and Preliminary Order Assessing Civil
22 Penalties and Revoking Shellfish Operation License and Harvest Site Certificate of Approval
23 ("DOH Order"). Dkt. 156 at pp. 5-16. The DOH Order revoked the License and Harvest Site
24

Certificate of Scott Grout, the owner of Gold Coast, for a period of 2,544 months. *Id*. at p. 15. The DOH Order also enjoined Mr. Grout from (1) supervising, being employed by, or managing a shellfish operation; (2) participating in the harvesting, shucking, packing, or shipping of shellfish in commercial quantities or for sale; (3) participating in the brokering of shellfish, purchasing of shellfish for resale, or retail sale of shellfish; and (4) engaging in any activity associated with selling or offering to sell shellfish. *Id*. at p. 15. As a result of the DOH Order, Mr. Grout is prohibited from operating Gold Coast. *See id*. at pp. 1, 15. "While Mr. Grout has appealed the [DOH Order] as it applies to himself, Gold Coast has ceased operations and is no longer in business." *Id*. at p. 1.

## II.     Discussion

Under Local Rule 83.2, an attorney ordinarily cannot withdraw an appearance in any case without leave of the Court. "If a withdrawal will leave a party unrepresented, the motion to withdraw must include the party's address and telephone number." Local Rule 83.2(b). The motion to withdraw shall also include a certification that the motion was served on the client and opposing counsel. *Id*. Furthermore, a business entity must be represented by counsel; therefore, where the attorney for a business entity is seeking to withdraw, the attorney must certify to the Court that he has advised the business entity that it is required by law to be represented by counsel and that failure to obtain a replacement attorney may result in entry of default. *Id*. at (b)(4).

"When ruling on motions to withdraw, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Bernstein v. City of Los Angeles*, 2020 WL 4288443, at *1 (C.D. Cal.

Feb. 25, 2020) (internal quotation marks and citations omitted). "The decision to grant or deny counsel's motion to withdraw is ultimately committed to the discretion of the trial court." *Fujifilm Sonosite, Inc. v. Imaging Specialists Grp., LLC*, 2014 WL 1400992, at *1 (W.D. Wash. Apr. 10, 2014).

Here, Mr. Johns requests leave to withdraw as Gold Coast's counsel because Gold Coast has ceased operations and is no longer in business. Dkt. 156. Mr. Johns states withdrawal is appropriate as Gold Coast is unable to generate revenue to pay for Mr. Johns' services and this case is near resolution. Dkt. 160.

Mr. Johns has provided the Court with Gold Coast's address and telephone number and has certified that the Motion to Withdraw was served on Gold Coast and opposing counsel. *See* Dkt. 156, pp. 2-3. Mr. Johns has also stated that he advised Gold Coast that it is required by law to be represented by an attorney admitted to practice in this Court and that failure to obtain an attorney may result in dismissal of its claims or the entry of default against it. *Id*. at p. 2. Therefore, Mr. Johns has complied with Local Rule 83.2. The Court also finds Mr. Johns has provided sufficient reasons to grant the withdrawal: Gold Coast has ceased operations and this case has reached resolution. As such, Mr. Johns withdrawal will not harm the administration of justice, delay resolution of this case, or prejudice the other litigants.

S'Klallam and Skokomish object to allowing Mr. Johns to withdraw as counsel for Gold Coast because (1) Gold Coast must have counsel to ensure compliance with the Permanent Injunction, and (2) this case remains active. Dkt. 159. S'Klallam and Skokomish argue substitute counsel must be appointed before Mr. Johns is allowed to withdraw or the other litigants will be prejudiced. *Id*. As stated above, no other party in this subproceeding has filed a response to the Motion to Withdraw.

1       First, S'Klallam and Skokomish assert Mr. John's representation of Gold Coast is necessary to ensure Gold Coast complies with the Permanent Injunction. Dkt. *Id*. S'Klallam and Skokomish fail to cite any portion of the Permanent Injunction that requires Gold Coast to be represented by counsel. *Id*.; *see also* Dkt. 143. While S'Klallam and Skokomish allege they do not believe Gold Coast will abide by the Permanent Injunction, Gold Coast's compliance with the Permanent Injunction is not an issue before this Court and the litigants can seek sanctions or contempt proceedings if Gold Coast fails to comply. *See* Dkt. 143. As such, S'Klallam and Skokomish's first argument fails to persuade the Court that Mr. Johns should be prohibited from withdrawing as Gold Coast's counsel.

        Second, S'Klallam and Skokomish argue this case remains active and, thus, allowing Mr. Johns to withdraw will delay the case and prejudice the other litigants. Dkt. 159. S'Klallam and Skokomish have not shown this case remains active. The trial ended in 2019 and the Court has issued the Order and Permanent Injunction. Further, Judge Martinez has denied S'Klallam's Amended Petition for Review. Dkt. 164. As the Permanent Injunction has been issued and the Amended Petition for Review has been denied, there do not appear to be any outstanding issues in this case. Thus, S'Klallam and Skokomish have not shown resolution of this case will be delayed and the parties will be prejudiced if Mr. Johns is allowed to withdraw.

        The Court finds the Mr. John's has complied with the Local Rule 83.2. Furthermore, Mr. Johns has articulated sufficient reasons to warrant withdrawal and the Court does not find the subproceeding will be delayed or the parties will be prejudiced by his withdrawal. Therefore, Mr. Johns request to withdraw should be granted.

**III.     Conclusion**

In conclusion, the Motion to Withdraw (Dkt. 156) is granted. Mr. Johns shall be terminated as counsel of record for Gold Coast in this case.

Dated this 23rd day of September, 2020.

David W. Christel
United States Magistrate Judge