UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | CASE NO. C70-9213 RSM |
| Plaintiffs, | SUBPROCEEDING NO. 20-01 RSM |
| v. | ORDER DENYING MOTION BY INTERESTED PARTIES FOR RECONSIDERATION OF ORDER DENYING TRO JOINED BY UPPER SKAGIT |
| STATE OF WASHINGTON, et al., | |
| Defendants. | |

This matter is before the Court on a motion, filed by several tribes, seeking reconsideration of the Court's Order Denying Motion for Temporary Restraining Order.[1] Dkt. #22.[2] The motion is made collectively by the Tulalip Tribes, Puyallup Indian Tribe, Makah Indian Tribe, Port Gamble S'Klallam Tribe, and Jamestown S'Klallam Tribe, all of whom are joined by Upper Skagit Indian Tribe ("Upper Skagit") (collectively, the "Moving Tribes"). The Moving Tribes assert that the Court's decision to not issue a temporary restraining order was "manifestly erroneous." *Id.* at 2. Specifically, the Moving Tribes disagree with the Court's

---

[1] The Court will address Upper Skagit Indian Tribe's Motion for Summary Judgment (Dkt. #24; Dkt. #22,297 in Case No. C70-9213RSM) and Sauk-Suiattle Indian Tribe's Motion to Dismiss for Lack of Jurisdiction (Dkt. #27; Dkt. #22,301 in Case No. C70-9213RSM) by separate order.

[2] Dkt. #22,295 in Case No. C70-9213RSM. Throughout, the Court provides citations to the docket of the underlying case the first time a filing is cited. Thereafter, citations are only to the docket of subproceeding 20-01RSM.

ORDER – 1

conclusion that "Upper Skagit's claim of irreparable harm was 'too general and unsubstantiated to find that irreparable harm is imminent in this case.'" *Id.* The Moving Tribes argue that they, and more specifically Upper Skagit, are currently "suffering from the facially illegal Sauk-Suiattle fishery [because the Court required] more than 'irreparable harm'" to justify a temporary restraining order. *Id.* They argue that the Court required Upper Skagit quantify its irreparable harm and that this was error because any fishing out of compliance with Judge Boldt's decision irreparably harms every tribes' treaty fishing rights. *Id.* at 2–3.

"Motions for reconsideration are disfavored." W.D. Wash. Local Rules LCR 7(h)(1). Consequently, the Court will "ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "This standard is a 'high hurdle.'" *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Neither the Local Civil Rules nor the Federal Rules of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple." *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1118 (W.D. Wash. 2010).

Here, the Court finds the Moving Tribes' motion unpersuasive. The motion does not establish manifest error and instead demonstrates the Moving Tribes' continued disagreement with the Court's decision. Their argument is based on their belief that the Court "implicitly acknowledged harm" by indicating, in a footnote, that the "Court does not find an absence of harm, rather the Court finds that the record does not demonstrate that irreparable harm is imminent in the absence of injunctive relief." Dkt. #22 at 2 (quoting Dkt. #20[3] at 7 n.9) (quotation marks omitted). Of course, not finding an absence of harm is not the same as finding harm. But

---

[3] Dkt. #22,284 in Case No. C70-9213RSM.

ORDER – 2

the Moving Tribes charge ahead, arguing that the presumed harm must relate to their treaty fishing rights and must be irreparable. But the argument itself is dubious and falls far short of demonstrating manifest error.[4] The Moving Tribes remaining arguments rely on new authorities or are outside the scope of the original briefing with no argument for why these arguments could not have been made to the Court previously. *See* LCR 7(h)(1). The Court disregards them.

Lastly, the Court notes that the Sauk-Suiattle Indian Tribe ("Sauk-Suiattle") filed a response to the Moving Tribes' motion for reconsideration without seeking leave of the Court. Dkt. #23.[5] The Court does not consider the response. *See* LCR 7(h)(3) ("No response to a motion for reconsideration shall be filed unless requested by the court.").

For the reasons discussed above, the Court ORDERS that the Motion by Interested Parties for Reconsideration of Order Denying TRO Joined by Upper Skagit (Dkt. #22) is DENIED.

Dated this 10th day of November, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] For instance, the Moving Tribes cite to several prior instances where this Court has found irreparable harm to a tribe's treaty fishing right warranting injunctive relief. Most of these instances were not cited by Upper Skagit in its motion for a temporary restraining order and the Moving Tribes offer no reason the authorities could not have been brought before the Court with reasonable diligence. *See* LCR 7(h)(1). But regardless, the prior decisions are not in conflict with the Court's Order. Each of those prior decisions was premised upon findings of actual and irreparable harm to tribal treaty fishing rights warranting injunctive relief. For instance, the Moving Tribes point to *Muckleshoot Indian Tribe v. Hall*, 698 F. Supp. 1504 (W.D. Wash. 1988). They focus on language providing that "the harm to [treaty rights] cannot be measured solely in terms of the amount of lost income the Tribes might suffer" to argue that the harm to treaty rights is irreparable. *Id.* at 1516. But they overlook that the Court had already determined that actual harm to a treaty right would occur. *See id.* at 1515 ("the proposed elimination of a portion of the usual and accustomed fishing ground where the Marina is to be built will deny the Tribes access to their usual and accustomed fishing ground").

[5] Dkt. #22,296 in Case No.C70-9213RSM.

ORDER – 3