THE HONORABLE RICARDO S. MARTINEZ

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF WASHINGTON, et al., <br><br> Defendants. | NO. 2:70-cv-09213-RSM <br><br> Subproceeding No. 89-3 <br><br> JOINT MOTION FOR APPROVAL OF STIPULATION AND AGREEMENT, AND ORDER <br><br> NOTE ON MOTION CALENDAR PURSUANT TO LCR 7(d)(1): <br><br> January 21, 2021 |

**STIPULATION AND AGREEMENT**

The parties to this Stipulation and Agreement (Agreement) are the Suquamish Tribe, the Swinomish Tribe, the Tulalip Tribes, and the Upper Skagit Indian Tribe (collectively, the Tribes), and the Washington State Department of Fish and Wildlife (State).

These parties co-manage Dungeness crab fisheries within management Region 2 East.

Accurate accounting for harvest is an important component of fishery management. Individual harvesters sometimes do not fully comply with catch reporting requirements. Thus, fishery managers may employ an estimate of unreported catch (EUC).

This Agreement relates to the identification of EUC for State recreational harvest of Puget Sound Dungeness crab harvested from within area 2-East.

The Parties have previously met to exchange technical information relating to computation of EUC for Region 2 East, and have met at a policy level to review that information, but have been unable to agree upon a mutually satisfactory EUC metric to employ each year when accounting for State recreational harvest. In order to arrive at a mutually agreeable EUC metric that will be employed each year, the Parties have agreed to dispute resolution as contemplated in the Shellfish Implementation Plan, but rather than employ the specific dispute resolution provisions of Section 9 of the Shellfish Implementation Plan, they have developed and agreed on an alternative process for resolving the issue of an EUC metric for State recreational harvest of Dungeness crab from within Region 2 East.

Accordingly, the Parties agree as follows:

1. An agreed panel of three non-party scientific/technical experts will be hired and convened to establish an EUC metric for State recreational harvest of Dungeness Crab from within Region 2 East. The panel, and its deliberations, will proceed based upon the Services Contract (including the Performance Work Statement and Meeting Protocol incorporated therein) executed with each of the three science panelists, an exemplar of which is attached as an Exhibit to this Joint Motion for Approval of Stipulation and Agreement and [Proposed] Order.

2. The cost of the expert panel deliberations will be shared as follows: Half paid by the State and the other half paid by the Tribes who will apportion that shared cost as they may separately agree upon.

3. The EUC metric determined by the expert panel shall be utilized to arrive at the annual estimate of unreported catch that may be associated with State recreational harvest of Dungeness crab from within Region 2 East until one of the following events occurs:

    a. The Parties agree in writing to modify the EUC metric; or

  b. One or more parties provides a written demand for modification of the EUC metric and an alternative EUC metric is established in the Shellfish Implementation Plan Section 9 dispute resolution process or an alternative dispute resolution process agreed upon by the parties. A written demand for modification shall include a statement identifying what specific changed facts or circumstances render the expert panel report and the EUC metric presented therein no longer valid or should no longer be applied because:

    i. the facts or the assumptions supporting the panel's analysis have changed or been superseded; or

    ii. Material changes in fishing practices or compliance with reporting catch have occurred; or

    iii. Methods of estimating unreported catch have been devised that will improve estimates and can be implemented with reasonable cost and effort; or

    iv. Any other changed fact or circumstance which casts doubt upon the validity of the panel decision.

4. The EUC metric determined by the expert panel is the product of this stipulation, and the Parties agree to be bound by the terms of this agreement in that regard. Accordingly, the EUC determined by the expert panel shall bind the Parties, without appeal or other recourse under Section 9 of the SIP, as they carry out co-management of Puget Sound Dungeness crab harvest pursuant to the SIP (subject to paragraph 3 above).

5. This Stipulation and Agreement shall be entered as a consent decree and order in subproceeding 89-3 of the above captioned case.

6. As a consent decree, the terms of this Agreement may be enforced by application to the Court for enforcement of its orders. The normal paragraph 25 pre-filing conditions shall apply prior to seeking such court enforcement.

Based upon execution of this Stipulation and Agreement of the Parties through the signature of their counsel of record below, the Parties hereby jointly move the Court for approval of the Agreement, and entry of its terms as an Order of the Court.

DATED this 19th day of January, 2021.

ROBERT W. FERGUSON
Attorney General

s/ Michael S. Grossmann
MICHAEL S. GROSSMANN, WSBA #15293
Senior Counsel
*Attorneys for State of Washington*

MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE

s/ Mason D. Morisset
Mason D. Morisset, WSBA No. #273
*Attorney for The Tulalip Tribes*

UPPER SKAGIT INDIAN TRIBE

s/ David S. Hawkins
David S. Hawkins, WSBA # 35370
General Counsel
*Attorney for the Upper Skagit Indian Tribe*

SWINOMISH INDIAN TRIBAL COMMUNITY

/s James M. Janetta
James M. Jannetta, WSBA No. #36525
Emily Haley, WSBA # 38284
Office of the Tribal Attorney
*Attorney for Swinomish Indian Tribal Community*

OFFICE OF SUQUAMISH TRIBAL ATTORNEY

/s James Ritenhouse Bellis
James Rittenhouse Bellis, WSBA# 29226
*Attorneys for Suquamish Indian Tribe*

LAW OFFICE OF JOHN W. OGAN

/s John W. Ogan
John W. Ogan, WSBA #24288
*Attorneys for Suquamish Indian Tribe*

**ORDER**

The Court has examined the Stipulation and Agreement of the Parties. The Court concludes that the Stipulation and Agreement is fundamentally fair, adequate, and reasonable, both procedurally and substantively, in the public interest, and consistent with applicable law, and that it is has been negotiated by the parties in good faith. *See Firefighters v. Cleveland,* 478 U.S.501 (1986); *United States v. Oregon,* 913 F.2d 576, 580-81 (9th Cir. 1990).

The Parties' joint motion to approve the Stipulation and Order is GRANTED. The Stipulation and Agreement of the Parties set forth above is hereby approved and adopted as an Order of the Court.

This Court retains jurisdiction to resolve disputes concerning the Stipulation and Agreement as described therein.

DONE IN OPEN COURT this 26th day of January, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

ROBERT W. FERGUSON
Attorney General
s/ Michael S. Grossmann
MICHAEL S. GROSSMANN, WSBA #15293
Senior Counsel
*Attorneys for State of Washington*

MORISSET, SCHLOSSER, JOZWIAK & SOMERVILLE
s/ Mason D. Morisset
Mason D. Morisset, WSBA No. #273
*Attorney for The Tulalip Tribes*

UPPER SKAGIT INDIAN TRIBE

1  s/ David S. Hawkins
   David S. Hawkins, WSBA # 35370
2  General Counsel
   *Attorney for the Upper Skagit Indian Tribe*
3

4  SWINOMISH INDIAN TRIBAL COMMUNITY
   s/ James M. Janetta
5  James M. Jannetta, WSBA No. #36525
   Emily Haley, WSBA # 38284
6  Office of the Tribal Attorney
   *Attorney for Swinomish Indian Tribal Community*
7

8  OFFICE OF SUQUAMISH TRIBAL ATTORNEY
   s/ James Rittenhouse Bellis
9  James Rittenhouse Bellis, WSBA# 29226

10 LAW OFFICE OF JOHN W. OGAN
   s John W. Ogan
11 John W. Ogan, WSBA #24288
   *Attorneys for Suquamish Indian Tribe*