UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | CASE NO. C70-9213RSM |
| Plaintiffs, | SUB-PROCEEDING NO. 17-03 |
| v. | ORDER |
| STATE OF WASHINGTON, et al., | |
| Defendants. | |

This matter is before the Court on the Stipulation, Joint Motion and [Proposed] Stipulated Order Regarding Trial Continuance and Related Deadlines filed by the Swinomish Indian Tribal Community ("Swinomish") and the Stillaguamish Tribe of Indians ("Stillaguamish"). Dkt. #208.[1] The Upper Skagit Indian Tribe ("Upper Skagit") and the Tulalip Tribes ("Tulalip" and, collectively with Upper Skagit, the "Opposing Tribes") oppose the joint motion. Dkt. #209.[2] Having reviewed the matter, the Court grants the joint motion in full.

As set forth in the joint motion, discovery was completed in this matter on October 30, 2020. Dkt. #208 at 1. After the Court's deadline for dispositive deadlines and challenges to

---

[1] Dkt. #22,376 in Case No. C70-9213RSM.

[2] Dkt. #22,377 in Case No. C70-9213RSM.

ORDER – 1

expert testimony, Swinomish contacted Stillaguamish to discuss its identification of discovery materials that should have been disclosed previously. The discussion related to a box of materials that was labeled "Stillaguamish" and provided to Swinomish by the son of expert witness Dr. Barbara Lane, now deceased. *Id.* Copies of the material were subsequently provided, by Swinomish, to all parties. *Id.*

All parties agree that the new production of documents requires further discovery to occur and agree that further briefing on the pending dispositive motions may be necessary. *Id.* at 3; Dkt. #209 at 1. Stillaguamish asserts that the scope of additional discovery should include a subpoena to Dr. Lane's son for relevant records, deposition testimony of Dr. Lane's son as to the circumstances under which the records were maintained, issuance of supplemental expert reports and rebuttal reports, and limited depositions of experts as to any subsequent report. Dkt. #208 at 3. The Opposing Tribes object to Stillaguamish's plan only as it relates to seeking further discovery from Dr. Lane's son. Dkt. #209 at 2.

Stillaguamish, in its reply, correctly characterizes the dispute before the Court as related to the scope of permissible discovery. Dkt. #213.[3] Indeed the issue is whether Stillaguamish should be permitted to issue subpoenas to Dr. Lane's son. In this sense, the Court does not find the record fully developed at this time. The record does not make clear that Dr. Lane's son has records responsive to a subpoena yet to be drafted. The Opposing Tribes are not seeking to quash a drafted subpoena, the normal posture of such discovery disputes. However, because the parties have addressed many of the issues which may ultimately arise, the Court briefly addresses them in an attempt to aid the parties in resolving any disputes that may arise.

//

---

[3] Dkt. #22,381 in Case No. C70-9213RSM.

ORDER – 2

The Opposing Tribes maintain that further discovery from Dr. Lane's son may intrude on work product contained in Dr. Lane's records from periods of time when she was testifying as an expert witness for the Opposing Tribes in other subproceedings. *Id.* at 2–4; Dkt. #210[4] at ¶¶ 3–4 (counsel for Tulalip testifying that he had engaged Dr. Lane for assistance in other subproceedings and in "other issues of potential litigation important to" Tulalip); Dkt. #211[5] at ¶¶ 3–4 (detailing Upper Skagit's retention of Dr. Lane). They maintain that if such records exist, counsel for Stillaguamish cannot segregate the records without accessing any confidential work product. *Id.* Additionally, the Opposing Tribes maintain that the sources relied on by Dr. Lane have been widely examined and that examining further of her records is unlikely to yield new information or sources. *Id.* at 4–6.

Stillaguamish replies[6] that any documents relied on by Dr. Lane, in forming her expert testimony, are not protected by the work product doctrine. Dkt. #213 at 3 (citing FED. R. CIV. P. 26(a)(2)(B)). Stillaguamish further argues that, to the extent records may contain work product, protection under the work product doctrine has been waived. *Id.* at 4–5.

Ultimately, the arguments of the Opposing Tribes are not persuasive. First, and as noted above, the record does not make clear that additional records exist to be discovered. There is at least some suggestion that Dr. Lane was advised to return work product to the tribes before her death. Further, Dr. Lane's son provided a box labeled "Stillaguamish" to Swinomish. With no further explanation, one permissible conclusion would be that he provided Swinomish all records that he possessed as the parties have not provided any explanation for why he provided the

---

[4] Dkt. #22,378 in Case No. C70-9213RSM.

[5] Dkt. #22,379 in Case No. C70-9213RSM.

[6] Swinomish files a separate reply that adds nothing further to the discussion. Dkt. #214 (Dkt. #22,382 in Case No. C70-9213RSM).

ORDER – 3

records to Swinomish instead of Stillaguamish. Second, the Opposing Tribes provide only supposition that any remaining records will necessarily contain protected work product. Dr. Lane certainly could have destroyed or otherwise disposed of such records prior to her death. Third, the Opposing Tribes complain that Stillaguamish has not proposed a mechanism for protecting any work product that may exist within additional records. However, the Court notes that the Opposing Tribes do not themselves propose workable solutions and instead object to all discovery of relevant records no matter the ratio of protected records to discoverable records. Should the matter return before the Court, the Court expects the parties to provide concrete facts and workable solutions to resolve any such discovery disputes.

Accordingly, and having considered the joint motion, the relevant briefing and evidence, and the remainder of the record, the Court hereby finds and ORDERS that:

1. The Stipulation, Joint Motion and [Proposed] Stipulated Order Regarding Trial Continuance and Related Deadlines (Dkt. #208) is GRANTED.

2. Discovery shall be re-opened in this subproceeding for the sole and limited purposes of (a)(i) allowing Stillaguamish to subpoena Ian Lane for additional relevant records related to Stillaguamish's treaty-time territory or treaty-time fishing in the marine waters on the eastern side of Whidbey Island and both shores of Camano Island, including Port Susan, Skagit Bay, Saratoga Passage, Penn Cove, Holmes Harbor, and to Deception Pass and (ii) to depose Mr. Lane as to the facts and circumstances regarding his temporary transfer of the box to the Swinomish, how Mr. Lane has maintained Stillaguamish documents, (including whether he has destroyed or modified the Stillaguamish record set in anyway), and how Mr. Lane searched for Stillaguamish records in compliance with the subpoena to provide any additional Stillaguamish materials; (b) allowing Stillaguamish's expert Dr. Chris Friday to issue a supplemental report based upon the newly-acquired documents, if

ORDER – 4

needed; (c) allowing Swinomish, Tulalip, and Upper Skagit to provide rebuttal expert reports with respect to the additional documents and/or in response to Dr. Friday's report (if any); and (d) allowing limited depositions of Dr. Friday and any other experts who provide additional reports pursuant to this stipulation.

3. All pending summary judgment motions and other deadlines before the Court are stayed, and the case schedule held in abeyance, until the above additional discovery can be completed; all parties may provide supplemental briefing in support of pending summary judgment motions based on information contained in the supplemental expert reports outlined above.

4. Swinomish and Stillaguamish shall submit a Joint Status Report to the Court within 60 days of the signing of this Order providing an update as to items 2 and 3.  At that time, the parties will notify the Court whether the current case schedule is viable or whether they instead seek a modification of the case schedule, including the trial date.

5. Stillaguamish and Swinomish are Ordered to meet and confer regarding Stillaguamish's costs and reasonable attorneys' fees incurred as a result of the newly-acquired documents; if the parties are unable to agree as to costs and attorneys' fees incurred, Stillaguamish may apply to the Court for an award of costs and attorneys' fees incurred as a result of the newly-acquired documents, and in any submissions or hearing on the matter, the parties may make any available arguments with respect to facts, circumstances, or factors bearing on the appropriate amount of an award.

ORDER – 5

6. The Clerk is DIRECTED to strike the noting dates of the pending motions for summary judgment (Dkt. #170;[7] Dkt. #174;[8] Dkt. #176;[9] Dkt. #179[10]). The parties may request that the motions be renoted in their Joint Status Report, as may be appropriate. Upper Skagit's motion to exclude testimony (Dkt. #173[11]) remains pending.

DATED this 5th day of March, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] Dkt. #22,336 in Case No. C70-9213RSM.

[8] Dkt. #22,340 in Case No. C70-9213RSM.

[9] Dkt. #22,342 in Case No. C70-9213RSM.

[10] Dkt. #22,345 in Case No. C70-9213RSM.

[11] Dkt. #22,339 in Case No. C70-9213RSM.

ORDER – 6