UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | CASE NO. C70-9213 RSM |
| Plaintiffs, | SUBPROCEEDING NO. 19-01 RSM |
| v. | ORDER DENYING MOTION FOR RECONSIDERATION |
| STATE OF WASHINGTON, et al., | |
| Defendants. | |

This matter is before the Court on a motion for reconsideration filed by interested parties the Jamestown S'Klallam Tribe and the Port Gamble S'Klallam Tribe (collectively "S'Klallam"). Dkt. #84.[1] The motion requests that this Court reconsider specific passages in its prior order resolving this subproceeding. *Id.* Specifically, S'Klallam believes that the Court implied "that any transiting Tribe may fish the waters west of Whidbey Island as a thoroughfare for their usual and accustomed fishing grounds and stations ("U&A")." *Id.* at 1. The Court is without jurisdiction to consider S'Klallam's motion and denies it on that basis. But the Court also disagrees with the arguments that S'Klallam advances.

---

[1] Dkt. #22,423 in Case No. C70-9213RSM.

ORDER – 1

1  The Court does not have jurisdiction to grant the S'Klallam's requested relief.  On
2  September 23, 2021, the Lummi Nation ("Lummi") filed a notice of appeal related to the Court's
3  order resolving this subproceeding.  Dkt. #81.² "The filing of a notice of appeal is an event of
4  jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district
5  court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident*
6  *Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also United States v. Sprague*, 135 F.3d 1301,
7  1307 (9th Cir. 1998).  S'Klallam's motion for reconsideration was not filed until October 1,
8  2021—after jurisdiction transferred to the court of appeals.  S'Klallam argues that a timely
9  motion to reconsider "can divest the appellate court of jurisdiction."  Dkt. #84 at 2 (citing FED.
10 R. APP. P. 4(a)(4); *Tinsley v. Borg*, 895 F.2d 520, 523 (9th Cir. 1990); *Tripati v. Henman*, 845
11 F.2d 205, 205-06 (9th Cir. 1988)).  But the cases S'Klallam points to dealt with parties filing
12 notices of appeal before subsequently filing their own motions for reconsideration.  S'Klallam
13 points to nothing supporting the idea that it can instead nullify the notice of appeal filed by
14 Lummi.  S'Klallam's motion is denied on this basis.

15  Alternatively, S'Klallam seeks an indicative ruling under Federal Rule of Civil Procedure
16 62.1.  Dkt. #84 at 2.  Pursuant to Rule 62.1, courts may defer consideration of a motion it is
17 without jurisdiction to consider because of a pending appeal, may deny the motion, or may issue
18 an indicative ruling to the court of appeals.  FED. R. CIV. P. 62.1(a).  Here, and even if the Court
19 had jurisdiction to consider the motion for reconsideration, the Court would deny the motion.

20  "Motions for reconsideration are disfavored."  LOCAL RULES W.D. WASH. LCR 7(h)(1).
21 Consequently, the Court will "ordinarily deny such motions in the absence of a showing of
22 manifest error in the prior ruling or a showing new facts or legal authority which could not

---

² Dkt. #22,421 in Case No. C70-9213RSM.

ORDER – 2

1  have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "This
2  requirement is a 'high hurdle.'" *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

3  S'Klallam's central complaint is its belief that two sentences in the Court's order imply
4  that all tribes traveled and fished through the waters west of Whidbey Island. First, S'Klallam
5  points to the Court's explanation that "the Ninth Circuit has previously determined that the waters
6  west of Whidbey Island served as the primary thoroughfare for tribes traveling between the Fraser
7  River and the environs of Seattle." Dkt. #79[3] at 7 (relying on *United States v. Lummi Nation*,
8  876 F.3d 1004 (9th Cir. 2017) and *Tulalip Tribes v. Suquamish Indian Tribe*, 794 F.3d 1129 (9th
9  Cir. 2015)). Second, S'Klallam points to the Court's explanation that "[t]he Ninth Circuit has
10 already determined that Judge Boldt regarded the waters west of Whidbey Island as the main
11 north-south thoroughfare between the environs of Seattle and the Fraser River." Dkt. #79 at 17
12 (citing *Tulalip Tribes*, 794 F.3d at 1135). From these statements, S'Klallam concludes that the
13 Court mistakenly held that all tribes traveled through the waters west of Whidbey Island and that
14 all tribes may fish in the waters west of Whidbey.

15 The Court does not share the same concerns. As S'Klallam recognizes, this case related
16 only to Lummi's U&A. The Court's order pointed to two prior cases, and specific passages
17 therein, interpreting Lummi U&A and Suquamish U&A. S'Klallam does not argue that the Court
18 committed error by misquoting those cases. Rather, S'Klallam objects to the Court's legal
19 interpretation of those cases. But S'Klallam's hypothetical reading of the Court's order does not
20 establish manifest error. To the extent the Court's legal reasoning was incorrect, Lummi has
21 appealed the Court's order to the court of appeals which is now the appropriate forum for
22 S'Klallam to raise its concerns.

---

[3] Dkt. #22,413 in Case No. C70-9213RSM.

ORDER – 3

Accordingly, and having considered S'Klallam's motion and the remainder of the record, the Court finds and ORDERS that Jamestown S'Klallam Tribe's and Port Gamble S'Klallam Tribe's Motion for Reconsideration (Dkt. #84) is DENIED.

DATED this 5th day of October, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4