UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | CASE NO. C70-9213 RSM |
| Plaintiffs, | SUBPROCEEDING NO. 20-01 RSM |
| v. | ORDER DENYING MOTION FOR RECONSIDERATION |
| STATE OF WASHINGTON, et al., | |
| Defendants. | |

This matter is before the Court on a motion for reconsideration filed by interested party the Tulalip Tribes ("Tulalip"). Dkt. #49.[1] The motion requests that the Court reconsider or clarify a single sentence included in its prior order resolving this subproceeding. *Id.* Specifically, Tulalip takes issue with the final sentence in the following paragraph:

> If Judge Boldt's U&A[2] determinations are ambiguous or mean something other than their apparent meaning, the moving party must then "show that there was no evidence before Judge Boldt that [the responding party] fished [in the disputed waters] or traveled there in route to" other portions of the responding party's U&A. *Upper Skagit*, 590 F.3d at 1023; *see also United States v. Lummi Nation*, 876 F.3d 1004, 1010 (9th Cir. 2017). <u>Conversely, summary judgment in favor of the responding party is appropriate if it can establish that it fished in or traveled through the disputed waters.</u>

---

[1] Dkt. #22,442 in Case No. C70-9213RSM.
[2] "U&A" refers to a tribe's usual and accustomed fishing grounds and stations.

ORDER – 1

Dkt. #47 at 8–9 (underline added). Tulalip maintains that the inclusion of "traveled through" conflicts with the *Boldt Decree*'s pronouncement that evidence of travel through waters alone did not establish that the waters were within a tribe's U&A. Dkt. #49 at 2. Tulalip maintains that the inclusion "could lead to increased or additional litigation concerning tribal" U&A because "some parties might seek to claim that the phrase in question alters the prior rulings of the Court." *Id.* at 1–2.

"Motions for reconsideration are disfavored." LOCAL RULES W.D. WASH. LCR 7(h)(1). Consequently, the Court will "ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.*

For several reasons, the Court does not agree with Tulalip that modification or clarification is necessary. First, the Court notes that the sentence does not cite to any legal authority and does not indicate any intent to modify the *Boldt Decree* or prior orders of the Court. Second, Tulalip does not establish that the sentence directly conflicts with any prior orders of this Court or binding decisions by the Ninth Circuit Court of Appeals. Third, and as noted by Tulalip, the sentence is not implicated by the Court's resolution of this subproceeding. Fourth, the sentence was included in the Court's order resolving subproceeding 19-01 and Tulalip did not object or seek reconsideration.

Accordingly, and having considered the motion and the remainder of the record, the Court finds and ORDERS that Tulalip Tribes Motion for Reconsideration (Dkt. #49) is DENIED.

DATED this 16th day of November, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 2