1
2
3
4
5

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br><br> STATE OF WASHINGTON, *et al.*, <br><br> Defendants. | Case No.  C70-9213 <br> Subproceeding:  17-03 <br><br> **MODIFIED PRETRIAL ORDER** |
| STILLAGUAMISH TRIBE OF INDIANS, <br><br> Petitioner(s), <br><br> v. <br><br><br> STATE OF WASHINGTON, *et al.*, <br><br> Respondent(s). | |

**TO THE PARTIES:** Please note that the Court has only modified the "ACTION BY THE COURT" section of the Agreed Pretrial Order. The changes reflect discussions during the Pretrial Conference and relate to the submission of trial exhibits and streamlining the trial.

1

# JURISDICTION

## A. Stillaguamish

The Stillaguamish Tribe of Indians ("Stillaguamish") states that jurisdiction is vested in this Court by virtue of 28 U.S.C. §§ 1331 and 1362, and Paragraph 25(f) of this Court's injunction dated March 22, 1974, *United States v. Washington*, 384 F. Supp. 312, 419 (W.D. Wash. 1974), as modified by the Court on August 11, 1993, on November 9, 2011, and on November 20, 2012. Paragraph 25(a)(6)[1] of the Court's injunction provides that any of the parties may invoke the continuing jurisdiction of the Court to determine "the location of any of a tribe's usual and accustomed fishing grounds not specifically determined by Final Decision #1." Dkt. #13599. In this Subproceeding, the Court has found that Stillaguamish's claims for marine usual and accustomed fishing areas were not specifically determined in Final Decision #1, and thus that the Court has jurisdiction to hear these claims. *Subproceeding 17-03*, Dkt. #91. Stillaguamish seeks to adjudicate, for the first time, the scope of its treaty-reserved fishing rights in certain marine waters of Puget Sound.

## B. Swinomish

Swinomish disagrees with and objects to Stillaguamish's statement on jurisdiction as explained further in Affirmative Defenses and Issues of Law, *infra*. Although Swinomish acknowledges and respects the Court's denial of Swinomish's Motion to Dismiss (17-3 Dkt. 91), Swinomish respectfully maintains its objection to this Court's jurisdiction.

## C. Upper Skagit and Tulalip

Upper Skagit and Tulalip disagree with Stillaguamish's statement on federal jurisdiction and maintain that the Court lacks subject matter jurisdiction over this dispute except that Tulalip, in accordance with Paragraph IV(B) of the Settlement Agreement of May 1, 1984, 626 F. Supp. 1405, 1482 ("1984 Settlement Agreement"), continues to support and does not intend to oppose Stillaguamish's request for determination of usual and accustomed salmon fishing grounds and

---

[1] The Court's Order dated August 23, 1993, modifying the Permanent Injunction of March 22, 1974, changed the paragraph numbering. The current applicable provision is at Paragraph 25(a)(6).

stations solely in the limited marine areas expressly described in Paragraph IV(B) of the 1984 Settlement Agreement.

## CLAIMS AND DEFENSES

**A.   Stillaguamish**

Stillaguamish will pursue at trial its request for a determination of its marine usual and accustomed fishing areas. Stillaguamish will request that the Court determine and declare the non-exclusive treaty and equitable rights of Stillaguamish to harvest all species of fish and shellfish in the marine waters on the east side of Whidbey Island and both shores of Camano Island, including Port Susan, Skagit Bay, Saratoga Passage, Penn Cove, Holmes Harbor, and to Deception Pass, excluding waters directly adjacent to the Tulalip Reservation and any other Indian reservation.

**B.   Swinomish**

Swinomish asserts the following affirmative defenses:

1. The Court lacks subject matter jurisdiction.
2. Stillaguamish's request for determination is barred by collateral estoppel, equitable estoppel, and res judicata.

**B.   Upper Skagit and Tulalip**

Upper Skagit and Tulalip intend to pursue the following affirmative defenses at trial:

1. The Court did not retain subject matter jurisdiction to revisit its prior determination of Stillaguamish's usual and accustomed fishing grounds and stations except that Tulalip, in accordance with Paragraph IV(B) of the Settlement Agreement of May 1, 1984, 626 F. Supp. 1405, 1482 ("1984 Settlement Agreement"), continues to support and does not intend to oppose Stillaguamish's request for determination of usual and accustomed salmon fishing grounds and stations solely in the limited marine areas expressly described in Paragraph IV(B) of the 1984 Settlement Agreement. *See* Motion to Dismiss Dkt. 64.

2. Stillaguamish's request for determination is barred by collateral estoppel, equitable estoppel, and res judicata.

**ADMITTED FACTS**

The parties agree that the Stillaguamish Tribe of Indians, a federally recognized Indian tribe, is composed of descendants of the Sto-luch-wa-mish and is a party to the Treaty of Point Elliott of January 22, 1855, ratified on March 8, 1859, and proclaimed April 11, 1859, 12 Stat. 927.

The parties were unable to agree on any other admitted facts.

**ISSUES OF LAW**

**A.  Stillaguamish**

The following are the issues of law to be determined by the Court:

(a)  Whether the usual and accustomed fishing grounds and stations of the Stillaguamish Tribe include the marine waters of: (a) Port Susan; (b) Saratoga Passage, including Penn Cove and Holmes Harbor; (c) Skagit Bay; and (d) Deception Pass.

**B.  Swinomish**

Swinomish objects to Stillaguamish's statement of Issues of Law and proposes that it be revised so that all of the bodies of water at issue are separately identified for Stillaguamish U&A adjudication, as follows: Whether Stillaguamish has established usual and accustomed fishing grounds and stations for the Stillaguamish Tribe in (a) Port Susan, (b) Saratoga Passage, (c) Penn Cove, (d) Holmes Harbor, (e) Skagit Bay, and (f) Deception Pass.

Swinomish also proposes the following additional Issues of Law:

1. Whether the Court retained subject matter jurisdiction to revisit its prior determination of Stillaguamish's usual and accustomed fishing grounds and stations.  See Motion to Dismiss, Dkt. 64.

2. Whether Stillaguamish is estopped from pursuing its claims for usual and accustomed fishing locations in marine waters.

     3.     Whether the doctrine of *res judicata* bars Stillaguamish from establishing treaty-time occupation and possession of the Qwadsak area and any marine U&A based thereon.

**C.    Upper Skagit and Tulalip**

Upper Skagit and Tulalip object that each of Stillaguamish's stated issues of law actually are issues of fact requiring factual findings by the Court.

Upper Skagit and Tulalip (subject to paragraph IV(B) of the 1984 Settlement Agreement, in the case of Tulalip) propose the following additional Issues of Law:

     1.     Whether the Court has subject matter jurisdiction to revisit its prior determination of Stillaguamish's usual and accustomed fishing grounds and stations.  *See* Motion to Dismiss, Dkt. 64.

     2.     Whether Stillaguamish's evidence is insufficient as a matter of law to prove that Stillaguamish "customarily fished from time to time" in the waters at issue "at and before treaty times." 384 F. Supp. at 332, 348, 356. "Usual and accustomed fishing grounds" are defined to exclude locations "used infrequently," "at long intervals," on "extraordinary occasions," "occasional[ly]," or "incidental[ly]," such as "troll[ing]" when "en route" on "[m]arine waters . . . used as thoroughfares for travel." *Id.* at 353.

     3.     Whether Dr. Miller may testify at trial by remote means given that his location (Canada) and his health condition (recovering from major surgery) will make travelling to Seattle to testify during the global pandemic difficult and perhaps impossible.

**EXPERT WITNESSES**

The names and addresses of the expert witnesses to be used by each party at trial and the issues upon which each will testify are:

    (a)    On behalf of Stillaguamish:

        (1)    Dr. Chris C. Friday, Department of History MS 9061, Western Washington University, 516 High St., Bellingham, WA 98225-9061, will testify to the facts and opinions disclosed in his expert report and

supplemental expert report, including but not limited to his expert opinions as to Stillaguamish treaty-time usual and accustomed fishing in Port Susan, Saratoga Passage, Penn Cove, Holmes Harbor, Skagit Bay, and Deception Pass, and may offer rebuttal testimony.

(2) Dr. Deward Walker, P.O. Box 4147, Boulder, CO 80306. Dr. Walker will likely be called to testify as to his opinions about Stillaguamish treaty-time usual and accustomed fishing in Port Susan.

(b) On behalf of Swinomish:

(1) Dr. Astrida Blukis Onat, former instructor of Anthropology at Seattle Central Community College, and Founder and President of BOAS, Inc, a Cultural Resource Management firm, 2001 East Lynn Street, Seattle, Washington, 98112. Dr. Blukis Onat will testify to the facts, sources, and opinions disclosed in her expert report, supplemental expert report, and her depositions, including but not limited to her analysis of Dr. Friday's analysis and opinions, and her own opinions regarding Stillaguamish's Usual and Accustomed fishing locations at treaty times, and the historical and anthropological records that support her opinions.

(2) Dr. Anthony Gulig, Associate Professor of History at the University of Wisconsin-Whitewater, Whitewater, Wisconsin 53190. Dr. Gulig may testify to the facts, sources, and opinions disclosed in his expert report, supplemental expert report, and his depositions, including but not limited to his analysis of Dr. Friday's analysis and opinions, and his own opinions regarding Stillaguamish's Usual and Accustomed fishing locations at treaty times, and the historical and anthropological records that support his opinions.

(c) On behalf of Tulalip:

   (1) Deward E. Walker, Jr. of Boulder, Colorado.  Dr. Walker may be called to testify regarding his analysis of Dr. Friday's scholarship including whether the evidence cited by Dr. Friday to support his thesis does so.

 (d) On behalf of Upper Skagit:

   (1) Dr. Bruce Miller of University of British Columbia.  Dr. Miller is anticipated to testify about evidence bearing on whether, at and before treaty times, Stillaguamish customarily fished from time to time in the subject areas.

## OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

 (a) On behalf of Stillaguamish:

None.

 (b) On behalf of Swinomish:

None.

 (c) On behalf of Tulalip:

 (d) On behalf of Upper Skagit:

   Shawn Yanity, former Chairman of Stillaguamish Tribe, c/o counsel for Stillaguamish.  It is anticipated that Mr. Yanity will testify about Stillaguamish's historical financial condition between December 1993 and September 2017.[2]

## EXHIBITS

Stillaguamish, Swinomish, Tulalip, and Upper Skagit propose to present all exhibits in electronic format, with the possible exception of demonstrative exhibits.  Exhibit A lists each party's proposed exhibits, except exhibits to be used for impeachment only.  Exhibit A identifies

---

[2] Stillaguamish objects to the inclusion of Mr. Yanity as a witness.  Upper Skagit failed to disclose Mr. Yanity as a potential witness in its pre-trial statement dated December 13, as required by LCR 16(i).  Upper Skagit also failed to disclose Mr. Yanity as a potential witness during circulation of initial drafts of the agreed pre-trial order and during the initial conference of attorneys.  The disclosure is untimely and prejudicial, as Stillaguamish would have moved in limine to address this had it been timely disclosed.

for each exhibit whether there is no objection to its admission, an objection to authenticity, or an objection to admissibility from the parties.

Swinomish intends to introduce one or more exhibits that are summaries or charts reflecting the content of voluminous writings and photographs and their relation to specific geographic markers pursuant to Federal Rule of Evidence 1006.

**ACTION BY THE COURT**

(a) This case is scheduled for trial without a jury on March 21, 2022, at 9:00 a.m.

(b) Trial briefs shall be submitted to the Court on or before March 16, 2022.

(c) The parties shall submit two copies of their trial exhibits, in binders and with tabs, to the Court on or before March 16, 2022.

(d) In advance of the parties' submission of trial exhibits, they shall meet and confer about ways to streamline trial presentations including, but not limited to, whether exhibits may be admitted in batches and whether identical/similar objections may be considered as to groupings of exhibits.

This order reflects the provisions submitted by the parties in their Agreed Pretrial Order (Dkt. #243) and modifications made by the Court to reflect discussions from the Pretrial Conference. This order shall control the subsequent course of action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to the agreement of the parties or to prevent manifest injustice.

DATED this 9th day of March, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE