UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, et al.,<br><br>Defendant. | Case No. C70-9213RSM<br>Subproceeding No. 17-3<br><br>ORDER DENYING MOTION FOR STATUS CONFERENCE |

This matter comes before the Court on Stillaguamish Tribe of Indians ("Stillaguamish")'s Motion for Status Conference, Dkt. #327. Stillaguamish "requests this Court schedule a status conference to address procedures and develop a schedule for further proceedings in this case pursuant to the Ninth Circuit's instruction." *Id*. at 2.

An eight-day bench trial was held in this subproceeding in 2022. The Court heard live testimony and received exhibits and briefing from several parties.

The only legal issue at trial was whether the historical evidence and expert testimony, and all reasonable inferences drawn therefrom, demonstrate by a preponderance of the evidence that Stillaguamish customarily fished the Claimed Waters (including the waters of Deception

ORDER DENYING MOTION FOR STATUS CONFERENCE - 1

Pass, Skagit Bay, Penn Cove, Saratoga Passage, Holmes Harbor, Possession Sound, and Port Susan) at and before treaty times. *See* Dkt. #257 at 2.

On December 30, 2022, the Court granted Upper Skagit Indian Tribe's Motion for Judgment on Partial Findings under Rule 52(c), Dkt. #271. Dkt. #312. Stillaguamish appealed, and the Ninth Circuit vacated and remanded. Dkt. #324. In its Opinion, the Ninth Circuit stated that, although this Court "correctly applied the controlling law of *United States v. Washington*," it "did not make sufficient factual findings to enable [the Ninth Circuit's] review." *Id*. at 12. The Ninth Circuit found that Stillaguamish has already "set forth considerable evidence bearing on the Tribe's history of fishing in the Claimed Waters." *Id*. The Ninth Circuit stated:

> We understand the district court's frustration with a proceeding that reviews evidence already presented in proceedings held anywhere from forty to ninety years ago—proceedings that themselves collected data relating to events that must date to 1855 and earlier. We further recognize that the district court has substantial knowledge and expertise concerning this case that cannot be fully reflected in any single order it issues. The district court has admirably overseen these sub-proceedings, which we appreciate require considerable judicial resources.
>
> At the same time, the district court's findings must be sufficiently comprehensive to permit our meaningful appellate review. *See Alpha Distrib. Co. of Cal.*, 454 F.2d at 453. The district court's task in this sub-proceeding was to evaluate all the Tribe's evidence—whether it had previously been considered in other contexts or not—as it bears on the question of Stillaguamish's U&As. As it is, we are left wondering what the district court made of the extensive evidence before it.

*Id*. The majority opinion concluded by stating that "[w]ithout further insight into what facts the district court took as established and what evidence it rejected, we cannot tell whether that conclusion is correct as a matter of law." *Id*. at 3. The Court therefore vacated the order and

ORDER DENYING MOTION FOR STATUS CONFERENCE - 2

remanded "for further factual findings as to the Tribe's evidence of villages, presence, and fishing activities in the Claimed Waters." *Id*.

As the Court understands it, the Ninth Circuit is not remanding for further proceedings in the courtroom. The factual record is sufficient for the Court to issue an amended Order addressing what facts it took as established and what evidence it rejected so as to enable the Ninth Circuit's review on appeal.

Accordingly, the Court hereby FINDS and ORDERS that Stillaguamish Tribe of Indians ("Stillaguamish")'s Motion for Status Conference, Dkt. #327, is DENIED. The Court will review the existing record and issue a revised Order as set forth above.

DATED this 18th day of June, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR STATUS CONFERENCE - 3