UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, et al.,

Plaintiffs,

v.

STATE OF WASHINGTON, et al.,

Defendants.

CASE NO. C70-9213 RSM

ORDER DENYING MOTION FOR LEAVE TO OPEN NEW SUBPROCEEDING

This matter comes before the Court on the *ex parte* motion of the Quinault Indian Nation ("the Quinault Nation") for leave to open a new subproceeding. Dkt. #22735. This Motion asks the Court "to determine and declare for the first time the non-exclusive treaty and equitable rights of the Nation to manage and harvest all species of fish, shellfish, and where lawful, marine mammals in the marine waters south of Grays Harbor to Willapa Bay and Shoalwater Bay, and the mouth of the Columbia River, and in the freshwater to about sixty (60) river miles eastward, including, but not limited to, Peacock Spit, Cape Disappointment, Fort Canby, Sand Island, Illwaco, Chinook, McGowan, Dahlia, Cathlamet and Oak Point in Washington State (the "Subject Waters")." *Id.* at 1–2. The Motion certifies compliance with the pre-filing requirements of Paragraph 25 of the Permanent Injunction, and the Court's Supplemental Order on Paragraph 25 Procedures. *See* Dkt. #22735 at 4–5.

The pre-filing requirements of Paragraph 25 of the Permanent Injunction, as modified August 11, 1993 (Dkt. #13599), and the Court's Supplemental Order on Paragraph 25 Procedures (Dkt. #19893), set forth the procedures required for filing a motion for leave to open a new subproceeding. The Court is to "consider the motion as soon as practicable and shall liberally grant such motions, provided the Request for Determination appears to fit within the purposes set forth at Paragraph

ORDER DENYING MOTION FOR LEAVE TO OPEN NEW SUBPROCEEDING - 1

25(a) of the Permanent Injunction." Dkt. #19893 at 2 (citing Dkt. #13599).  The Order granting the motion for leave to file shall not constitute a final determination that the dispute is within the Court's jurisdiction under Paragraph 25, and such jurisdiction may still be questioned by the responding party. *Id.*

The Quinault Nation begins by setting forth this Court's previous determinations of its usual and accustomed fishing grounds ("U&A").  In Final Decision #1, the usual and accustomed fishing places of the Quinault Nation "included the following rivers and streams: Clearwater, Queets, Salmon, Quinault (including Lake Quinault and the Upper Quinault tributaries), Raft, Moclips, Copalis, and Joe Creek," and that this was later expanded to include "Grays Harbor and its watershed, including the Humptulips River."  Dkt. #22735 at 3.  Most recently, in Subproceeding 09-1, the Court determined the Quinault Nation's marine U&A as follows:

> **Quinault Offshore U&A:** A polygon commencing at the Pacific coast shoreline near Destruction Island, located at latitude 47°40'06" north, longitude 124°23'51.362" west; then proceeding west approximately thirty nautical miles at that latitude to a northwestern point located at latitude 47°40'06" north, longitude 125°08'30" west; then proceeding in a southeasterly direction mirroring the coastline no farther than thirty nautical miles from the mainland Pacific coast shoreline at any line of latitude, to a southwestern point at latitude 46°53'18" north, longitude 125°53'53" west; then proceeding east along that line of latitude to the pacific coast shoreline at latitude 46°53'18" north, longitude 124°7'36.6" west.

Subproceeding No. 09-01, Dkt. #439, at 5-6.

This determination is quoted in the instant Motion *almost* verbatim.  *See* Dkt. #22735 at 4.  The only major change is the words "a polygon" are omitted by the Quinault Nation.  The instant Motion then states:

> This Court has never adjudicated Quinault's southern treaty fishing boundary or made any determination regarding Quinault fishing rights in Willapa Bay, Shoalwater Bay, or on the Columbia River.  Accordingly, neither Final Decision #1 nor subproceeding 09-1 resolved these unadjudicated portions of Quinault's treaty reserved usual and accustomed fishing grounds and left unresolved the precise

ORDER DENYING MOTION FOR LEAVE TO OPEN NEW SUBPROCEEDING - 2

extent of Quinault's southern fishing boundary, which remains subject to determination.

*Id*. This is the sole basis for the instant Motion.

The Court has reviewed everything above and the remainder of the record and concludes that, even liberally construed, the instant Motion fails to fit within the purposes set forth at Paragraph 25(a) of the Permanent Injunction. The Quinault Nation's U&A has been adjudicated with a clear southern boundary. Eight years ago, the Court set forth a marine U&A as a polygon with a southwestern point and a southeastern point and a line connecting the two—the southern boundary. Willapa Bay, Shoalwater Bay, and the mouth of the Columbia River are all more than 10 miles south of that boundary. To include them in the marine Q&A now would be to overrule the Court's prior adjudication. The Quinault Nation fails to demonstrate that anything was left unadjudicated. To the contrary, the Motion states that the Court (back in Subproceeding 09-1) was presented with "evidence demonstrating that Quinault marine fishing practices were oriented southward and westward along the coast 'between Cape Flattery and the Columbia River' as well as '60 miles south of Quinault in Shoalwater Bay,'" but nevertheless drew the line more than 10 miles north of Willapa Bay, Shoalwater Bay, and the Columbia River. There is no basis for the Court to amend its prior conclusions, or apparent logical reason to adjudicate a U&A in the freshwater of the Columbia River now after all of the previous determinations reached in this matter.

Accordingly, having considered the Motion and the relevant record, the Court hereby FINDS and ORDERS that the Motion of the Quinault Indian Nation for leave to open a new subproceeding, Dkt. #22735, is DENIED.

DATED this 2nd day of June, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR LEAVE TO OPEN NEW SUBPROCEEDING - 3