UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, et al.,<br><br>Defendants. | CASE NO. C70-9213 RSM<br><br>ORDER GRANTING MOTIONS FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on the Motion for Temporary Restraining Order ("TRO") filed by the Muckleshoot Indian Tribe at 11:57 P.M. on July 9, 2026, Dkt. #22745, and the filings of the State of Washington and the Tulalip Tribes ("Tulalip") on July 10, 2026, Dkts. #22749 and #22750.[1]  The Muckleshoot Indian Tribe informs the Court that the Suquamish Tribe has issued a regulation to immediately open a sockeye fishery downstream of the Ballard Locks in the Lake Washington ship canal.  Dkt. #22745 at 1.  The Muckleshoot Indian Tribe moves to temporarily enjoin that fishery.

"Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted."  LCR 65(b)(1).  Typically, for a TRO

[1] Although captioned as a brief in support and a joinder, respectively, these most recent filings seek issuance of a temporary restraining order without notice and an opportunity to be heard, and are therefore interpreted by the Court as new, separate Motions.  The Muckleshoot Indian Tribe's original Motion did not explicitly seek relief without notice and an opportunity to be heard.  The Court issued a Minute Order setting a Monday deadline for the Suquamish Tribe to respond prior to these most recent filings. *See* Dkt. #22747.  Given the new filings, the Court finds that its Minute Order is moot.

ORDER GRANTING MOTIONS FOR TEMPORARY RESTRAINING ORDER - 1

the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008).

The Muckleshoot Indian Tribe argues that it is likely to succeed on the merits, citing to the Puget Sound Salmon Management Plan ("PSSMP") and an Order, *United States v. State of Wash.*, 626 F. Supp. 1405, 1527 (W.D. Wash. 1985), arguing that this Order enforces an equation for calculating maximum harvest rate; here the result is that zero sockeye should be harvested. Dkt. #22745 at 5. However, the Muckleshoot Indian Tribe admits that "despite the PSSMP, fisheries have been conducted in the past where escapement has not been met, which Muckleshoot does not necessarily object to depending on the circumstances, but in this case the state of the run is so dire that any directed fishery could put the existence of the run at risk." *Id*. The Motion admits that "[i]n the rush to prepare this emergency motion, Muckleshoot has not be [sic] able to identify a holding of this Court that is directly on point…" *Id*.

The Motions filed by the State of Washington and the Tulalip Tribe also fail to cite to a case directly on point. *See* Dkts. #22749 and #22750.

The moving parties do better with the remaining TRO factors. They present adequate evidence of a strong likelihood of irreparable harm in the absence of immediate relief. Tulalip informs the Court that the fishery has already begun, will collect 1,000 fish, and that waiting until Monday for a response from the Suquamish Tribe may render this issue moot as all fish will be caught. *See* Dkt. #22750 at 1. The moving parties adequately demonstrate that the number of fish being collected is a dangerously high percentage of available sockeye. Considering the limited impact to the Suquamish of a brief delay in this fishery and the high impact to the moving parties of a significant reduction in this and future runs of sockeye, the balance of equities tips in favor of the

ORDER GRANTING MOTIONS FOR TEMPORARY RESTRAINING ORDER - 2

moving parties.  The Court also finds that an injunction is in the public interest as the potential loss of sockeye "poses a great harm to everyone."  *See* Dkt. #22745 and 8.

Therefore, considering all the factors above, the Court will grant the Motions without delay and without waiting for a response from the Suquamish Tribe.  However, the Court will immediately set a Zoom hearing on this issue.

Accordingly, the TROs filed by the Muckleshoot Indian Tribe on July 9, 2026, Dkt. #22745, and the TROs of the State of Washington and Tulalip Tribes, Dkts. #22749 and #22750, are GRANTED.  The Suquamish Tribe is temporarily enjoined from continuing with this fishery.  No bond is required at this time.  The Court DIRECTS the Clerk to set a Zoom hearing on Tuesday, July 14, at 11am to address this issue.  The Minute Order issued earlier today is MOOT.  However, the Court nevertheless DIRECTS the Suquamish to file an opposition brief by Monday at 10 a.m. in preparation for Tuesday's Zoom hearing.

DATED this 10th day of June, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTIONS FOR TEMPORARY RESTRAINING ORDER - 3